# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENTON GIRARD,<br>MARISSA GIRARD,<br>MINOR CHILD GW, and<br>MINOR CHILD GR,<br><br>          Plaintiffs,<br><br>v.<br><br>VILLAGE OF GLENCOE, ILLINOIS,<br>DETECTIVE RYAN MCENERNEY<br>MARIA PAREDES,<br>VANESSA HAMMER,<br>HAMMER SERNA & QUINN LLC,<br>GWENN WALDMAN,<br>BREANNA TRAUB,<br>PHYLLIS AMABILE MD,<br>BEERMAN LLP,<br>JOHN M. D'ARCO ESQ,<br>ENRICO J. MIRABELLI ESQ,<br>JUDGE WILLIAM S. BOYD<br>JUDGE RENEE G. GOLDFARB, and<br>KATHRYN CIESLA ESQ,<br><br>          Defendants | No. 1:24-CV-06882 |

**DEFENDANT VANESSA HAMMER AND HAMMER SERNA & QUINN LLC'S
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

   Defendants VANESSA HAMMER and HAMMER SERNA & QUINN LLC, by

their attorneys, John J. Duffy and Bryan J. Kirsch of SWANSON MARTIN & BELL, LLP,

in support of their Rule 12(b)(6) Motion to Dismiss, state as follows:

## INTRODUCTION

This Court should dismiss Plaintiffs' claims against Defendants because Defendants are immune from liability. Plaintiffs allege in their complaint that Defendants were negligent in undertaking her duties as guardian *ad litem* for the minor children, GW and GR, in the domestic relations matter involving the Petitioners styled as Cook County Case No 2015 D 99633, In Re the Former Marriage of Kenton Girard and Jane Girard. [Dkt. 1, ¶ 138.] Guardians *ad litem* are court-appointed agents and, by virtue of their judicial appointment, have quasi-judicial immunity under Illinois law. *See Nichols v. Fahrenkamp*, 160 N.E.3d 17 (Ill. 2019). Therefore, Defendants cannot be held liable for any damages, and Plaintiffs' claims against Defendant must be dismissed with prejudice.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain factual allegations that plausibly suggest there is a legal right to relief. Rule 12(b)(6) requires dismissal of a complaint when the complaint fails to state a claim upon which relief may be granted. Fed R. Civ. P. 12(b)(6).

## ARGUMENT

Under Illinois law, guardians *ad litem* have quasi-judicial immunity from negligence or malpractice liability for conduct occurring within the scope of their appointment. *Nichols v. Fahrenkamp*, 160 N.E.3d 17, 31 (Ill. 2019) (affirming trial court's dismissal of claim against a guardian *ad litem* for inadequate fulfillment of his duties because the guardian *ad litem* was immune for any negligence occurring during his appointment). Guardians *ad litem* in Illinois domestic relations cases are appointed by the

Court pursuant to both 750 ILCS 5/506 and their inherent authority in assigning and delineating the roles of guardians *ad litem*. *Id.* at 28. In *Nichols,* the Illinois Supreme Court examined the function of a guardian *ad litem* in domestic relations cases and found that guardian *ad litems* are closely associated with judicial functions and are an "arm of the court." As such, the Illinois Supreme Court extended a qualified immunity to the guardian *ad litem*. *Id.* at 23.

The role of a court-appointed guardian *ad litem* differs from that of an appointed attorney for the child or child representative. The guardian *ad litem* is not tasked with advocating for what the ward wants, but rather acts as a "reporter" or "witness" for the court. *Nichols*, 160 F.3d at 27. In child custody proceedings, the guardian *ad litem* is asked to "advise on what disposition will serve the best interest of a child," and to make recommendations to the court consistent with the ward's best interest. *Id.* at 30. The Illinois Supreme Court determined that qualified immunity was necessary in order for guardians *ad litem* to fulfill their obligations on behalf of the Court without any concern of intimidation or harassment from discontented parents. *Id.*

Federal case law is consistent with the ruling in *Nichols*. The Seventh Circuit, in an opinion authored by Judge Posner, stated that "guardians ad litem . . . are absolutely immune from liability for damages when they act at the court's direction. . . . They are arms of the court . . . and deserve protection from harassment by disappointed litigants, just as judges do." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) (internal citations omitted). The Circuit Court clarified that the only instances in which guardians *ad litem* can be sued is if they step outside the scope of their agency by, for example, engaging in

3

self-dealing. *See Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006). The Northern District of Illinois has consistently held the same. *See Dickman v. Off. of the State's Att'y of Cook Cnty*, No. 16 C 9448, 2018 WL 1377907 at *7 (N.D. Ill. Mar. 16, 2018) ("The Seventh Circuit unequivocally stated in its 2009 *Cooney* opinion that guardians ad litem are entitled to absolute immunity."); *see also Daniels v. Grady*, No. 17 CV 6775, 2018 WL1586243 at *4 (N.D. Ill. Apr. 2, 2018) (granting a guardian *ad litem* immunity for conduct that occurred "within the course of her court-appointed duties.").

Defendant Vanessa Hammer was appointed as guardian *ad litem* for the minor children, Gr. and Gw., in September 2022. [*See* Exhibit A, Order Appointing Guardian Ad Litem.] Pursuant to his inherent and statutory authority, Cook County Domestic Relations Judge William Boyd deemed the best interests of the children would be represented by Hammer's service as their guardian *ad litem*, not as their attorney or child representative. *Id.* Hammer was appointed for "all issues related to the Motion to Appoint Parenting Coordinator and Compel Use of OFW, Motion to Compel Enrollment in Therapy, and Motion to Modify Parenting Time, Decision-Making and Other Relief." *Id.* In appointing Defendant as guardian *ad litem*, Judge Boyd made Defendant an arm of the court.

In Count III of Plaintiffs' complaint, it is alleged that Hammer was negligent in undertaking this appointment because she did not redact information gleaned from therapy sessions with the children. [Dkt. 1, ¶ 138.] As a court-appointed guardian *ad litem*, however, Hammer is immune from tort liability and damages, and thus cannot be held liable for such conduct that occurred within the course of her appointed duties. Because

4

the complained-of conduct occurred within the scope of her appointed duties, which included reporting to the court the status of the children's therapy, Hammer is immune from liability relating to this conduct. In order to preserve the protections granted by both Illinois and federal law to court-appointed guardians *ad litem*, this Court should hold that Defendants are immune from liability and dismiss Plaintiffs' claims against her with prejudice.

WHEREFORE, the Defendants, VANESSA HAMMER and HAMMER SERNA & QUINN LLC, respectfully requests that this Honorable Court enter an order dismissing Plaintiffs' claims against the Defendant, and for any other relief for which this Court deems equitable and just.

Respectfully submitted,

**VANESSA HAMMER and HAMMER SERNA & QUINN LLC**

__/s/ *John J. Duffy*_____
By: One of Defendants Attorneys

John J. Duffy (6224834)
Bryan J. Kirsch (6277793)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Drive, Suite 3300
Chicago, IL 60611
(312) 321-9100
jduffy@smbtrials.com
bkirsch@smbtrials.com