

FILED
10/29/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kenton Girard et al.<br><br>Plaintiff,<br><br>v.<br><br>Village of Glencoe et al.<br><br>Defendants. | **Case No. 1:24-cv-06882**<br><br>District Judge Rebecca R. Pallmeyer<br><br>Magistrate Jeannice W. Appenteng<br><br>**EMERGENCY Motion for TRO** |

Plaintiffs for their <u>EMERGENCY Motion for TRO</u>, address the prospect of imminent, irreparable harm anticipated from new hostile actions taken by Defendants Beermann LLP, Village of Glencoe and McEnerney since this lawsuit was filed, and state as follows:

**MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER**

Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an ex parte temporary restraining order where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Plaintiff comes to the Court with this emergency request today because there have been recent adverse developments involving the Defendants in the period after the filing of the Complaint hereunder which portend injury to Plaintiff within a matter of days.

I.     EXTREMELY CONCERNING RECENT DEVELOPMENTS

Per a recent FOIA document production, Defendant Village of Glencoe has not only failed to bench Detective Ryan McEnerney, but it has further refused to investigate Detective McEnerney's misconduct raised in the complaint hereunder altogether (**Exhibit 1**, **Exhibit 2**). Such a double failure to bench and failure to investigate a peace officer – in the wake of the

extremely serious allegations raised hereunder – is not only shocking but likely constitutes supervisory negligence by the Village of Glencoe. Under the pleadings, Defendant Ryan McEnerney accepted illicit consideration from outside counsel Kathryn Ciesla Esq to return a finding that child sex assault charges against Jane F. Girard were unfounded (complaint at ¶ 7). The pleading inherently raises serious questions about whether Defendant McEnerney is indeed a compromised law enforcement officer.

Furthermore, about a month or so after these proceedings incepted, the Village of Glencoe placed a vote on the November ballot to convert the municipality to home rule, whereunder *inter alia* police powers would be expanded and official accountability and oversight diminished (**Exhibit 1**). **Exhibit 3** depicts a recent emergency meeting by concerned citizens about the upcoming home rule vote. Among other likely outcomes under home rule, the Public Safety Department would operate with even more impunity, and Detective McEnerney would be emboldened to compromise other criminal investigations and put others in harm's way as he has done in the case of the minor children Gw and Gr, who are living every day in fear of being sexually assaulted, kidnapped or worse by Jane F. Girard (**Exhibit 1**).

The temporary restraints requested (**Exhibit 4**) coincide with the relief requested in the Complaint. The temporary restraints requested as to Defendant McEnerney also piggyback on the relief requested in the Complaint against him. Namely, Plaintiff has already requested relief under 42 U.S.C. 1983 for Defendant McEnerney's breach of Plaintiff's constitutionally protected rights.

The entry of the requested temporary restraining order is appropriate because it would: (a) stop Defendant Village of Glencoe from taking steps to further corrupt the administration of

law enforcement, (b) prevent any further erosion of Plaintiffs' constitutionally protected rights, and (c) preserve the status quo until a PI hearing.

II.     PLAINTIFFS ARE IN THREAT OF IMMINENT, IRREPARABLE HARM

As discussed in the Complaint, the lives of the minor children Gw and Gr are in danger. Jane F. Girard, ex-wife of Plaintiff Kenton Girard, is aggressively moving for adjudication by the Cook County family court as to acquiring full custody of the minor children, whilst the prosecution for felony sexual assault against Jane F. Girard is on ice because of Defendant McEnerney's defiant disposition of the underlying investigation as "unfounded".

On October 18 2024, Judge Rossana P. Fernandez aggressively moved the family law proceedings forward under which numerous motions filed by Beermann LLP are now in the queue for adjudication. Among these motions is one to adopt the findings of the appointed 604.10(b) Custody Evaluator Phyllis Amabile, under which Gw and Gr would be ordered to spend time in the home of their sex abuser Jane F. Girard (**Exhibit 1**). Undoubtedly, Gw and Gr would be sexually assaulted again, repeatedly. This scenario is shocking to the conscience and must be prevented.

Permitting the Village of Glencoe to double down on the police misconduct by specifically expanding the police powers (and curtailing accountability) by convening a vote on home rule would be a miscarriage of justice (**Exhibit 1**). For the minor children Gw and Gr to continue to be subjected to the Constitution-offending whims of Detective McEnerney, and for the Village of Glencoe *to steadfastly refuse to even commence an investigation into the wrongdoing* attributed to Detective McEnerney is an intolerable state of affairs under which the minor children are in jeopardy of new sexual assaults or worse from their biological mother.

Moreover, Beermann LLP is being pursued as a state actor for the purposes of the Unjust Enrichment count, wherein the complaint has set forth the conspiracy between Beermann LLP and Judges Boyd and Goldfarb under which Plaintiffs have been deprived as to various rights. Beermann LLP may be held liable as a state actor because it "acted jointly" with Judges Boyd and Goldfarb under the bribery scheme described in the complaint. Furthermore, Beermann LLP may be held liable as a state actor because it "carried out a deliberate, previously agreed upon plan, or that their activity constituted a conspiracy or meeting of the minds." *Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984).

Courts throughout the United States have long held that even brief violations of constitutionally protected rights constitutes irreparable harm for which no payment of money damages can rectify the situation. "When constitutional rights are threatened or impaired, irreparable injury is presumed." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976).

III.     RELIEF CAN BE PROVIDED

The requested injunction is against state actors who are harming constitutional rights.

As noted above, failure to enjoin Detective McEnerney, the Village of Glencoe and Beermann LLP implicates further erosion of Plaintiffs' constitutionally protected rights,

IV.     PLAINTIFFS ARE LIKELY TO PROVE CONSTITUTIONAL HARMS

Per the complaint, the equal protection violations devolve from the twisted manner in which Detective McEnerney has refused to properly investigate or recommend for prosecution sexual assaults against women and girls. Enjoining Defendant McEnerney from exercising an

active role in investigations going forward would be likely to provide relief from these desecrations of the rights of the minor children Gw and Gr.

Furthermore the bribery scheme will be exposed in the course of discovery.

The TRO mirrors relief already requested in the complaint. To wit: "Consequently, Plaintiff seeks injunctive relief requiring Village of Glencoe to cease the equal protection violations and other violations it is and has been committing against female rape and sexual assault victims since at least 2019, and to establish and disseminate policies and procedures that ensure that allegations of rape and sexual assault are diligently investigated." Complaint at ¶ 202.

## V. LEGAL STANDARD FOR ISSUANCE OF TRO

District Courts within this Circuit hold that the standard for granting a TRO and the standard for granting a preliminary injunction are identical. See, e.g. *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.* , No. 1:01-cv-00905, 2001 WL 527404, *1(N.D. Ill. May 15, 2001).

The Supreme Court in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) has delineated four prongs which must be satisfied to conclude that such injunctive relief is appropriate. A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. See *Munaf v. Geren,* 553 U.S. 674, 689-690, 128 S.Ct. 2207, 2218–2219, 171 L.Ed.2d 1 (2008); *Amoco Production Co. v. Gambell,* 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987).

As to the threat of irreparable harm, it occurs when a party has no adequate remedy at law, because its injuries cannot be fully compensated through an award of damages. *General Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312 (8th Cir. 2009). But to establish the need for

injunctive relief to avoid irreparable harm, the movant "must show … that there is a clear and present need for equitable relief." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885 (8th Cir. 2013) In a case of constitutional harm, demonstrating a likelihood of success "ordinarily warrants a finding of irreparable harm." *A.H. ex rel Hester v. French*, 985 F. 3d 165, 176 (2nd Cir. 2021).

Here, the balance of hardships tips sharply in Plaintiffs' favor in favor of granting the temporary restraining order because Plaintiff raises legitimate constitutional questions. *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1059 468 F.3d 1118 (9th Cir. 2006)

What is called for hereunder is a well-tailored injunction that balances the Village of Glencoe's legitimate interest in a functioning municipality and at the same time protects Plaintiffs from further erosion of their constitutional rights or their safety by Detective Ryan McEnerney. This is achieved by (a) ensuring the Detective Ryan McEnerney steers clear of all involvement in criminal investigations and the offering of testimony relating to any criminal investigations past present and future, and (b) pausing the Village of Glencoe's quest in furthering home rule governance. As to (a), the hardship caused to Defendants Village of Glencoe and McEnerney is non-existent. Detective McEnerney does not have a property interest in investigating specific cases, and reassigning a new detective in his stead does not harm the functioning of the Public Safety Department of the Village of Glencoe.

Beermann LLP has opened itself to injunction by bribing the judges.

Finally, it is "always in the public interest to prevent the violation of a party's constitutional rights". *Connection Distrib. Co. v. Reno*, 154 F.3d 281 (6th Cir. 1998). The protection of constitutional rights is "a purpose that is always in the public interest" *Dodds v. U.S. Dept. of Educ.*, 845 F. 3d 217, 222 (6th Cir. 2016). "The Constitution of the United States is

a law for rulers and people, equally in war and in peace, and covers with the shield of its protection all classes . . . . at all times, and under all circumstances." *Ex Parte Milligan*, 71 U.S. 2, 120-21 (1866). The State of Illinois has an interest in a fair and impartial judiciary, and the prospect of Detective McEnerney continuing to perpetrate equal protection violations is egregious. The public interest and a balance of the equities therefore favor the entry of a restraining order.

Finally, a district court is not required to impose a bond. *Rathmann Group v. Tanenbaum*, 889 F.2d 787 (8th Cir. 1989) Courts have concluded that a bond is not required to obtain preliminary injunctive relief when a plaintiff is seeking to prevent a state actor from violating the constitutionally protected rights. See e.g. *Bukaka, Inc. v. County of Benton*, 852 F. Supp. 807, 813 (D. Minn. 1993).

Plaintiffs therefore respectfully request that this Court grant its Motion for a TRO and sign the prepared TRO referenced in **Exhibit 4** and filed in the docket in a standalone document.

Dated: October 28, 2024            Respectfully Submitted,

KENTON GIRARD, *In Pro Se*

/s/ Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com
Tel: 773-575-7035

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kenton Girard et al.<br><br>                Plaintiff,<br><br>                v.<br><br>Village of Glencoe et al.<br><br>                Defendants. | **Case No. 1:24-cv-06882**<br><br>District Judge Rebecca R. Pallmeyer<br><br>Magistrate Jeannice W. Appenteng |

**CERTIFICATION OF KENTON GIRARD**

1. Shortly after the filing of this lawsuit, I issued a FOIA request to obtain information about what measures were taken by the Village of Glencoe to investigate Detective McEnerney's misconduct and to restrain his official duties pending the resolution of this matter.

2. I learned from the FOIA response that the Village of Glencoe had undertaken no investigation whatsoever as to Detective McEnerney's misconduct, and had not restrained in any way his activities and job duties in the field.

3. I am extremely concerned about the safety of my daughters Gw and Gr, wherein their sexual abuser Jane F. Girard remains unindicted for her long history of perpetrating battery, sexual assault and false imprisonment against Gw and Gr. I blame Detective Ryan McEnerney for this current dangerous state of affairs in which Gw and Gr wake up each day in fear of

continuing sexual assaults or kidnapping by their biological mother Jane F. Girard.

4. On or around September 2024, the Village of Glencoe successfully set a vote for migrating the governance structure to home rule on the November 2024 ballot. As I have learned directly from a recent in-person encounter with Village President Howard Roin, home rule will "allow the Village of Glencoe to operate more autonomously and with less oversight and accountability".

6. I am deeply concerned that the compromised status of the law enforcement in the Village of Glencoe – whereunder my daughters are directly at elevated risk from their biological mother – will get worse under home rule.

7. Two weeks after filing the complaint hereunder, Judge Renee G. Goldfarb recused herself from the Cook County custody proceedings under *In Re the Former Marriage of Girard,* Case No. 2015-D-009633 which have been compromised by Beermann LLP per the complaint. I was therefore hopeful that Beermann LLP would sideline itself under ethical principles.

8. However, Beermann LLP has aggressively moved the custody proceedings forward wherein on October 18 2024 it reminded the court of its dozen or so unresolved fee-generating motions, including a motion to adopt the findings of the 604.10(b) Custody Evaluator, whose recommendations specifically include forcing Gw and Gr to have regular in-person time with the sex abuser Jane F. Girard.

I swear under the penalty of perjury that the foregoing statements are true.

Kenton Girard



**EXHIBIT 2**



# VILLAGE OF GLENCOE
## VILLAGE MANAGER'S OFFICE

675 Village Court, Glencoe, Illinois 60022
p: (847) 835-4114 | info@villageofglencoe.org | Follow Us: @VGlencoe

www.villageofglencoe.org

## RESPONSE TO REQUEST FOR PUBLIC RECORDS

To: Kenton L. Girard
via email only at: kg5252@yahoo.com

On September 6, 2024, the **VILLAGE OF GLENCOE** received your FOIA request for inspection, copying, or certification of the following Village public records:

> *All narratives, write-ups, notes, reports, documents and emails for internal investigation regarding Detective Ryan Mcenerney the pending Federal Lawsuit in which he is named as a defendant who has allegedly taken bribes.*
> *Please provide documents of any actions taken as a result of the internal investigation.*

\_\_\_ Your request is approved in its entirety.

\_\_\_ Your request is approved in part and denied in part. Those records for which your request is denied are identified below.

\_\_\_ Your request is hereby denied in its entirety. Those records for which your request is denied are below

_X_ No responsive records to request.

Dated: 09/11/24

Signed: Benjamin Wiberg

Response to Public Records –Page 1

**EXHIBIT 3**



# HOME RULE FOR GLENCOE?

*WE'RE NOT THE VILLAGE OF GLENCOE*

## Join the Finance Expert Citizens' Town Hall to Learn More*

*This event is organized by local citizens, independent of the Village of Glencoe (though officials will be invited). All experts, speakers and facilitators are volunteers providing perspectives for discussion.

**October 10, 2024 from 5:30 - 7PM**
**@ Hometown Coffee & Juice (2nd Floor - Uptown Event Space)**
700 Vernon Ave, Glencoe, Illinois 60022

**Limited Seating Based on a First Come First Serve Basis**
**RSVP at glencoetownhall@gmail.com**

**Zoom link for those wanting to attend virtually:**
https://us02web.zoom.us/j/89055318461?pwd=gXOjKeRGRp0Bgc4HjpPbFKzKMcmygq.1

What is the Home Rule referendum question on your November 5 ballot?

Join us to hear from North Shore residents with expertise in finance and public policy, as well as local business owners, offering expert viewpoints who will foster a group discussion on this important issue.

- What are the benefits and trade-offs of Home Rule?
- Will it increase local property taxes?
- How have similar promises worked out in other Home Rule communities?
- What impact will it have on local businesses?
- Could Home Rule affect civil rights policies?

**EMERGENCY Motion for a Temporary Restraining Order**

**EXHIBIT 4**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kenton Girard et al.<br><br>               Plaintiff,<br><br>     v.<br><br>Village of Glencoe et al.<br><br><br>              Defendants. | **Case No. 1:24-cv-06882**<br><br>District Judge Rebecca R. Pallmeyer<br><br>Magistrate Jeannice W. Appenteng |

**TEMPORARY RESTRAINING ORDER**

1. The Village of Glencoe is hereby ordered to (a) remove the vote on home rule from the November ballot, and (b) communicate this directive to the residents of the Village of Glencoe within twenty-four (24) hours of the signing of this order.

2. In the alternative, if it is impossible to prevent the vote on home rule, the Village of Glencoe is hereby ordered to (a) not take any steps whatsoever to effectuate conversion to home rule regardless of any vote thereunder, and (b) communicate this directive to the residents of the Village of Glencoe within twenty-four (24) hours of the signing of this order.

3. Defendant Detective Ryan McEnerney shall not participate in (a) the investigation of any criminal wrongdoing, (b) the preparation of the disposition of any investigation of criminal wrongdoing or the filing or requesting of any criminal charges, or (c) the performance of any police duties whatsoever outside of the confines of his office at the Village of Glencoe.

4. The law firm of Beermann LLP and its personnel shall immediately cease and desist from all activities in connection with the representation of Jane Girard under *In Re the Former Marriage of Girard,* Case No. 2015-D-009633 (Cook County, Illinois).

5. This Order will expire fourteen (14) days after entry unless extended by the Court for good cause under the authority of Rule 65(b)(2) of the Federal Rules of Civil Procedure. A hearing on a preliminary injunction shall soon follow.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

DATED:

_____