## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KENTON GIRARD, MARISSA GIRARD, MINOR CHILD GW, and MINOR CHILD, CR, | |
| Plaintiffs, | |
| v. | Case No. 24-cv-06882 |
| VILLAGE OF GLENCOE, ILLINOIS, DETECTIVE RYAN MCENERNEY, MARIA PAREDES, GWENN WALDMAN, BREANNA TRAUB, PHYLLIS E. AMABILE, M.D., BEERMAN LLP, JOHN M. D'ARCO, ESQ., JAMES M. QUIGLEY, ESQ, ENRICO J. MIRABELLI, ESQ., JUDGE WILLIAM S. BOYD, JUDGE RENEE G. GOLDFARB and KATHRYN CIESLA, ESQ., | |

### DEFENDANT'S MOTION TO DISMISS
Fed. R. Civ. P. 12(b)(1) & 12(b)(6)

Defendant, Phyllis E. Amabile, M.D. moves this Honorable Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, Defendant states as follows:

### I. INTRODUCTION

During a divorce/custody litigation, an Illinois state court made certain determinations relative to Plaintiff's domestic relations proceedings against his ex-wife, Jane Girard. During that litigation, this Defendant, Phyllis Amabile, M.D., conducted interviews and prepared a report pursuant to her obligations as a court-appointed 604(b) evaluator. Plaintiff has now filed suit against Dr. Amabile, *inter alia*, bringing unsubstantiated allegations of negligence associated with the fees she charged. Plaintiff should not, however, be permitted to bring such claims against Dr.

Amabile because: 1) this Court should determine that it does not have jurisdiction to hear this matter under the *Younger* abstention doctrine; and 2) Dr. Amabile, as a court-appointed expert, is properly cloaked with absolute judicial immunity against Plaintiff's retaliatory lawsuit. Accordingly, this Court should dismiss Dr. Amabile from this suit with prejudice.

## II.   FACTUAL DISCUSSION

Again, Phyllis Amabile, M.D., is a doctor who was appointed by the Court as a 604(b) evaluator relative to the underlying state court family law proceeding. (ECF No. 1, at ¶¶ 23, 52). Plaintiff's allegations against Dr. Amabile are strictly limited to a claim of negligence associated with the bills she submitted for her evaluation and preparation of her report. (*Id.*, at ¶¶ 52, 137). Specifically, Plaintiff alleges, "Defendant Amabile had a duty to not turn her recommendations report into a fee extravaganza in extreme departure from her initial estimate of $30,000." (*Id.*, at ¶ 137). Lastly, Plaintiff believe that he "incurred exorbitant and unreasonable fees from Amabile." (*Id.*, at ¶ 139).

## III.   DISCUSSION

### A.   Rule 12(b)(1) Motion to Dismiss — Plaintiff seeks to have this Court interfere and adjudicate issues directly interlinked with a state court judgment regarding custody in an active divorce/custody dispute. This Court should determine that the *Younger* abstention doctrine applies and dismiss the matter for lack of jurisdiction.

Federal Rule of Civil Procedure 12(b)(1) requires the court to dismiss claims for lack of subject matter jurisdiction. Subject matter jurisdiction is "the court's authority to hear a given type of case." *United States v. Morton*, 467 U.S. 822, 828, 104 S. Ct. 2769, 81 L. Ed. 2d 680 (1984). For example, one of the limits of federal courts' jurisdictional capacity was established in *Younger v. Harris*, 401 U.S. 37, 27 L.Ed 2d 669, 91 S. Ct. 746 (1971). The *Younger* doctrine "requires that a federal court exhibit 'comity' which is defined as a 'proper respect for state functions.'" *Barichello v. McDonald*, 98 F.3d 948, 954 (7th Cir. 1996). In other words, "Federal courts must

presume that state courts are capable of establishing and administering judicial process consistent with the requirements of the federal constitution, and 'that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Barichello*, 98 F.3d at 954–55 (citation omitted). *Younger* abstention applies in three circumstances: intervention "into ongoing state criminal proceedings, into state-initiated civil enforcement proceedings akin to criminal prosecutions, or into civil proceedings implicating a state's interest in enforcing orders and judgments of its courts." *J.B. v. Woodward*, 997 F.3d 714, 722 (7th Cir. 2021) (citation omitted). In determining whether *Younger* applies, the Court should look to see if: 1) the judicial proceedings are ongoing; 2) the proceedings implicate important state interests; and 3) there must be an adequate opportunity in the state court proceeding to raise constitutional challenges. *Barichello*, 98 F.3d at 955.

This case, Defendant submits, meets the criteria for *Younger* abstention. As seen in the exhibits appended to Beerman Defendants' Motion to Dismiss, the underlying state court litigation is ongoing. (ECF Nos. 34-1, 34-2). The Seventh Circuit has recognized the important state interest in "disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government." *J.B.*, 997 F.3d at 723 (also noting in that same sentence that "[t]he adjudication of [Plaintiff's] due process claims . . . all but compel the federal judiciary to stand down."). And, as noted above, Plaintiff is actively pursuing remedies in state court and there is no showing of an inability to raise any concerns in that forum.

The Seventh Circuit has recently noted, in discussing the applicability of various abstention doctrines to a case involving a domestic-relations issue, its significant concern of federalism infringement where a federal plaintiff seeks "to receive a favorable constitutional ruling that can be used affirmatively or offensively to shape—or perhaps change—the direction and course of

state court proceedings." *J.B.*, 997 F.3d at 723. This concern exists regardless of whether the plaintiff is seeking declaratory/injunctive relief or monetary damages. *Id.* at 724–25. The concern raised in *J.B.* is certainly at issue here: Plaintiff is clearly seeking to use this Court to provide her "with an offensive tool to take to state court to challenge that judge's orders." *Id.*; *see also id.* at 725 (noting request for compensatory damages could still be used "to interfere with ongoing state court proceedings"). The Seventh Circuit has noted that "in these circumstances, federal courts need to stay on the sidelines." *Id.* at 723. Defendants accordingly submit that dismissal of this case with prejudice due to lack of jurisdiction is warranted.

## B. Rule 12(b)(6) — Plaintiff's claims against Dr. Amabile, a court-appointed expert, should be dismissed due to operation of judicial immunity.

If this Court determines that it has jurisdiction to hear the merits of this case, dismissal with prejudice is still warranted. Simply put, Plaintiff's claims against Dr. Amabile are not sustainable, given that she is a court-appointed expert with judicial immunity.

Dr. Amabile was appointed by the state court pursuant to statute (750 ILCS 5/604.10(b)) and, as Plaintiff states, "Her mandate here was "all post-decree parenting issues, all pending post-decree pleadings, and expedited analysis of minor children's resist/refusal behaviors." (*See* ECF No. 1, ¶ 52). Plaintiff's allegations pertain to Dr. Amabile's role as a court-appointed expert and the billing directly associated with her evaluation. Case law has made clear that absolute judicial immunity applies to Dr. Amabile in this situation and therefore bars Plaintiff's claims. For instance, in *Cooney v. Rossiter,* 583 F.3d 967, 970 (7th Cir. 2009), a mother brought several claims under § 1983 against a court-appointed child representative and psychiatrist for recommendations regarding the custody of her children. *Id.* The court dismissed her claims, holding that the child representative and psychiatrist were entitled to judicial immunity because they were appointed by the court. On appeal, the court agreed, saying:

> **"[C]ourt-appointed experts are absolutely immune from liability for damages** when they act at the court's direction. They are arms of the court, much like special masters, and deserve protection from harassment by disappointed litigants, just as judges do. Experts asked by the court to advise on what disposition will serve the best interests of a child in a custody proceeding need **absolute immunity in order to be able to fulfill their obligations 'without the worry of intimidation and harassment from dissatisfied parents.'"**

*Cooney*, 583 F. 3d at 970 (citing *Kurzawa v. Mueller,* 732 F.2d 1456 (6th Cir. 1984)) (emphasis added). Like the psychiatrist in *Cooney*, Dr. Amabile was a court appointed expert in the underlying case and Plaintiff's alleged harm stems from her role as court-appointed expert. Dr. Amabile is cloaked with absolute judicial immunity for this very reason: to protect her against retaliatory lawsuits by dissatisfied litigants. *E.g.*, *Gunderson v. Markos*, No. 17 CV 5139, 2017 U.S. Dist. LEXIS 228100 at **13–14 (N.D. Ill. Dec. 18, 2017) (citing numerous cases); *Zirkle v. Peller*, No. 2:11-CV-302 PPS, 2012 U.S. Dist. LEXIS 97182 (N.D. Ind. Jan. 12, 2012) (noting that claims against appointed psychiatrists, if they survived *Rooker-Feldman* review, required dismissal due to absolute judicial immunity); *Cooney v. Rossiter,* No. 07 C 2747, 2008 U.S. Dist. LEXIS 81426, at *25 (N.D. Ill. Aug. 20, 2008) (listing cases); *see also Heisterkamp v. Pacheco,* 2016 IL App (2d) 150229, ¶ 11, 47 N.E.3d 1192 (absolute immunity applies to Illinois state court litigation against court-appointed mental health professional).

Accordingly, dismissal of Plaintiff's entire lawsuit against this Defendant, with prejudice, is warranted on the grounds of judicial immunity. The complained-of conduct directly relates to her role as a court-appointed evaluator. As a result, Plaintiff's allegations should be dismissed, given Dr. Amabile's immunity from tort liability and damages.

**IV.   CONCLUSION**

Again, this Court should determine that it lacks subject matter jurisdiction over this Complaint due to operation of the *Younger* abstention doctrine. Alternatively, should this Court

determine it has jurisdiction, it should nonetheless dismiss Plaintiff's complaint with prejudice due to the existence of absolute judicial immunity, in light of Dr. Amabile's role as a 604(b) evaluator.

WHEREFORE, Defendant respectfully requests that this Court grant her motion and dismiss Plaintiff's complaint against her with prejudice, and provide Defendant such other and further relief as this Court deems just.

Respectfully submitted,

CUNNINGHAM, MEYER & VEDRINE, P.C.

Dated: 11/12/2024        By: _____

One of the Attorneys for Defendant

Michael R. Slovis
Jeffrey P. Nankervis
CUNNINGHAM, MEYER & VEDRINE, P.C.
1 East Wacker Drive, Suite 2200
Chicago, Illinois 60601
Tel: (312) 578-0049
mslovis@cmvlaw.com
jnankervis@cmvlaw.com

**Certificate of Service**

The undersigned attorney hereby certifies that on November 12, 2024, he electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

By: _____

Jeffrey P. Nankervis