**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENTON GIRARD, et al., | ) | |
| | ) | No. 24-cv-06882 |
| Plaintiffs, | ) | |
| | ) | Judge Rebecca M. Pallmeyer |
| vs. | ) | |
| | ) | Magistrate Jeannice W. Appenteng |
| VILLAGE OF GLENCOE, ILLINOIS, et al., | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

**DEFENDANTS RYAN MCENERNEY AND THE
VILLAGE OF GLENCOE'S MOTION TO DISMISS**

Defendants Detective Ryan McEnerney and the Village of Glencoe (the "Glencoe Defendants"), by their undersigned counsel, the Sotos Law Firm, P.C., moves this Court pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6) to dismiss, with prejudice, the claims directed against them.

**INTRODUCTION**

As the Beermann Defendants detailed in their Motion to Dismiss, (Dkt. 34, "Beermann Motion"), Plaintiffs seek to embroil this Court into a state court domestic dispute with *pro se* Plaintiff Kenton Girard at the center, who filed his Complaint on behalf of himself, his two minor children, and his wife, Marissa Girard. That, of course, is virtually all that is needed to keep this improvidently filed lawsuit from getting off the ground: a substantial array of abstention doctrines prohibit federal intrusion into the Girards' state court proceedings; and, separately, Marissa Girard and the two minor children must be dismissed, as they cannot be represented by a *pro se* party.

As a result, the Court need not address the merits of the claims against the Glencoe Defendants—a federal claim for equal protection and a state law civil conspiracy claim. But if

the Court chooses to wade in, the allegations behind the equal protection claim are far too vague to plausibly give rise to an inference of discriminatory intent. Since no underlying claims can proceed, the derivative civil conspiracy claim necessarily fails, as well. Finally, to the extent the Court gleans a claim from Plaintiffs' Complaint based on *Monell v. Department of Social Services of City of N.Y.*, 436 U.S. 658 (1978)—although no such claim is actually asserted—it cannot proceed: like with the conspiracy cause of action, there is no viable underlying claim; and the allegations do not support *Monell* liability.

## PLAINTIFFS' ALLEGATIONS[1]

The Glencoe Defendants only recount those allegations germane to the few claims against them.

Plaintiff Kenton Girard ("Mr. Girard"), father of Plaintiffs G.W. and G.R. (the "Minor Children"), has shared custody with ex-wife Jane Girard ("Jane") since November 4, 2015. (Dkt. 1, Compl. ¶ 1.). In August 2022 and without court intervention, the Minor Children began residing solely with Mr. Girard and his current wife, Plaintiff Marissa Girard ("Marissa"), after alleging they had been separately sexually assaulted by Jane in June 2021 and February 2022. (*Id.* ¶¶ 1–2, 78–80.) As a result, with the assistance of the Chicago law firm of Beermann LLP, Jane initiated new legal proceedings to obtain custody of the Minor Children; those proceedings remain ongoing. (*Id.* ¶ 3.)[2]

---

[1] The Glencoe Defendants deny all claims asserted against them. They treat Plaintiffs' factual allegations as true only for purposes of this Motion to Dismiss.

[2] In resolving a motion to dismiss, the Court may take judicial notice of matters within the public record without converting to a motion for summary judgement. *Anderson* v. *Simon*, 217 F.2d 472, 474–75 (7th Cir. 2000); *Henson* v. *CSC Credit Services*, 29 F.3d 280, 294 (7th Cir. 1994). The Glencoe Defendants are aware of two currently pending family court proceedings involving the Girards: Cook County case nos. 2024 COMS 16 and 2015 D 009633.

At some point, the Illinois Department of Children and Family Services ("DCFS") allegedly provided Detective McEnerney with a written request for criminal charges against Jane, which Plaintiffs allege was ignored by Detective McEnerney. (*Id.* ¶ 87.) Plaintiffs further allege that Defendant Kathryn Ciesla, at the behest of Beermann LLP, delivered "some form of illicit consideration" in exchange for Detective McEnerny's written finding that the sexual assault allegations against Jane were unfounded. (*Id.* ¶ 7.) On August 31, 2023, a DCFS representative spoke with Detective McEnerny, who stated he would likely be closing the sexual assault investigation. (*Id.* ¶ 93.) It is also alleged that the Defendant Village of Glencoe failed to request criminal charges against Jane. (*Id.* ¶ 89.) On September 7, 2023, Jane was informed by DCFS that, due to the closure of the criminal investigation, the DCFS investigation no longer had sufficient evidence to remain open, thus eliminating DCFS from "making binding recommendations as to the best interests of the minor children." (*Id.* ¶¶ 94–95.)

Plaintiffs allege that Detective McEnerney failed to conduct a "meaningful investigation" into the sexual assaults of the Minor Children. (*Id.* ¶ 71.) Allegedly, since 2019, Detective McEnerney has acted in furtherance of an unofficial policy of the Glencoe Police Department and the Village of Glencoe to fail to "diligently investigate sexual assault cases" of exclusively female victims reported to the Police Department. (*Id.* ¶¶ 9, 68–76, 180.)

## LEGAL STANDARDS

Under Rule 12(b)(1), Defendants may seek dismissal for lack of subject matter jurisdiction as a facial challenge. *Davit v. Davit*, 366 F. Supp. 2d 641, 649 (N.D. Ill. 2004). Similarly, a motion asking a court to decline jurisdiction "fits more comfortably under Rule 12(b)(1)." *Bolton v. Bryant*, 71 F. Supp. 3d 802, 809 n.2 (N.D. Ill. 2014). The parties asserting jurisdiction—here,

Plaintiffs—bear the burden of proof. *Id.* When presented with a facial challenge, the Court only accepts all *well-pled* allegations as true. *Id.*

To survive a motion to dismiss under Rule 12(b)(6), Plaintiffs must provide the grounds of their "entitlement to relief [, which] requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "must dismiss a case if…the complaint fails to state a claim on which relief can be granted." *Sabo v. Mayorkas*, No. 23 cv 2189, 2024 WL 2863373, at *3 (N.D. Ill. June 5, 2024) (citing Fed. R. Civ. P. 12(b)(6)).

## ARGUMENT

### I.    The Glencoe Defendants Fully Incorporate & Adopt the Beermann Defendants' Arguments Concerning the Necessary Dismissal of Plaintiffs Marissa Girard and the Minor Children (All Counts)

The Beermann Motion argues that Marissa and the Minor Children must be dismissed from this case because a *pro se* parent plaintiff—here, Mr. Girard—cannot maintain actions on behalf of minor children or a spouse. (Dkt. 34, Beermann Mot. at 3–4.) The Glencoe Defendants adopt these arguments and requests for dismissal in full. Indeed, in denying Mr. Girard's motion for temporary restraining order, the Court noted that "Mr. Girard represents himself only in this lawsuit…; he has standing to request relief only on his own behalf." (Dkt. 38, Order.) That same logic precludes him from seeking relief on behalf of Marissa Girard and the Minor Children, and they must be dismissed.

In particular, the Glencoe Defendants note that these doctrines mandate prejudicial dismissal of Count VIII's equal protection claim, which alleges differential treatment of female rape victims resulting in "harm being done to rape victims." (Dkt. 1, Compl. ¶ 189.) The only alleged female rape victims in this case are the Minor Children, such that any hypothetical equal

protection claim would belong to them—not Mr. Girard. As argued in more detail, below, because the Minor Children must be dismissed from this case, the equal protection claim necessarily fails, as well. (*See infra* at 7.)

## II. The Glencoe Defendants Fully Incorporate & Adopt the Beermann Defendants' Arguments Concerning Abstention (All Counts)

Also in their motion, the Beermann Defendants delineate a suite of abstention doctrines that support dismissal of the Complaint, including *Younger* abstention, the domestic-relations exception, the *Burford* and *Colorado River* doctrines, and the *Rooker-Feldman* doctrine. (Dkt. 34, Beermann Mot. at 4–8.) Once more, the Glencoe Defendants adopt these arguments and requests for dismissal in full.

Before moving on, the Glencoe Defendants offer a brief note on the surefire application of the *Rooker-Feldman* doctrine. Plaintiffs' Complaint is an unabashed ploy to place grievances from the underlying family law matter before the Court in hopes of achieving a different outcome. Indeed, in describing discontentment with various decisions from the ongoing family court case, Plaintiffs ask this Court to not only review, but also, in effect, outright reverse prior state court decisions. (*E.g.*, Dkt.1, Compl. ¶¶ 60–62 (describing the contents of a state court gag order and alleging the order to be "obviously unconstitutional" and "offending" the "First Amendment"); *id.* ¶¶ 130–131 (alleging a lack of impartiality in the state court proceedings and seeking a finding that "adverse decisions" were wrongly decided).)

The *Rooker-Feldman* doctrine explicitly prohibits the Court from doing so. "*Rooker-Feldman*…precludes federal courts, save the Supreme Court under 28 U.S.C. § 1257, from adjudicating 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced.'" *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

280, 284 (2005)). Of course, the state court custody dispute rulings at the center of this case, and from which Plaintiffs' perceived losses stem, were issued well prior to the filing of the Complaint, such that *Rooker-Feldman* bars challenge of them here.

Indeed, even if *Rooker-Feldman* did not apply—or any of the abstention doctrines, for that matter—*Woodard* requires the Court to decline jurisdiction. In "*Woodard*, [the Seventh Circuit] held that the principles underlying the abstention doctrines—comity, equity, and federalism—**command federal courts to abstain from cases that *might* interfere with state domestic-court proceedings**, even when none of the abstention doctrines fits to the letter." *Doe* v. *Lindell*, No. 22-1666, 2023 WL 196467, at *4 (7th Cir. Jan. 17, 2023) (citing *Woodard*, 997 F.3d at 722–24)) (emphasis added). Plainly, any federal adjudication of Plaintiffs' claims "threaten interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down." *Woodard,* 997 F.3d at 724.

### III. The Equal Protection Claim Against the Glencoe Defendants Necessarily Fails (Count VIII)

According to Plaintiffs, an equal protection claim lies against the Glencoe Defendants because those Defendants "respond[ed] differently and afford[ed] less protection to victims of rape and sexual assault, who were exclusively female in Village [of] Glencoe, than to victims of other crimes." (Dkt. 1, Compl. ¶ 181.) Specifically, per Plaintiffs, "Village of Glencoe's custom, policy and/or practice was to not investigate rape, of which all the victims were women and girls, as thoroughly as it did other crimes." (*Id.*) Plaintiffs' allegations rest on the suggestion that the Glencoe Defendants do not "properly" investigate sexual assault crimes against females in comparison to victims of other crimes. (*Id.* ¶¶ 9, 181.) This claim fails for two distinct reasons.

6

First, the only two alleged female victims of sexual assault in this case are the Minor Children. As already argued, they must be dismissed because they are improperly represented by their *pro se* father. (*Supra* at 4–5.) Marissa must also be dismissed, due to the same improper representation. (*Id.*) Even assuming *arguendo* that Marissa remained in the suit, there can be no continuation of the equal protection claim, as neither she nor Mr. Girard can proceed with a cause of action premised on a right that does not belong to them. Plaintiffs "must assert [their] own legal rights and interests, and cannot rest [their] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Stated another way, "[o]ne cannot sue, other than in a representative capacity, to enforce a right that belongs to someone else." *Lefkovitz v. Wagner*, 395 F.3d 773, 776 (7th Cir. 2005).

As the Beermann Defendants made clear, Mr. Girard is an improper representative of his Minor Children's litigatory interests. And Marissa does not even purport to represent them in this case. Since the (purported) right at the core of the equal protection claim belongs exclusively to the Minor Children, who must be dismissed for the reasons articulated by the Beermann Defendants, the equal protection claim must be dismissed, in full, as a matter of course.

Second, the equal protection claim attempts to sound in "gender discrimination," which calls for "a protected-class equal protection analysis" whereby Plaintiffs "must show that [D]efendants acted with a nefarious discriminatory purpose and discriminated against [them] based on [their] membership in a definable class." *Word v. City of Chi.*, 946 F.3d 391, 396 (7th Cir. 2020) (citation and internal quotation marks omitted). At the pleadings stage, this requires Plaintiffs to "allege facts specific to [each] Defendant that plausibly show that []he targeted [them] because of [their ] gender." *Hudson v. Foxx*, No. 18-cv-08243, 2021 WL 1222871, at *8 (N.D. Ill. Mar. 31, 2021). "Conclusory allegations of generalized…bias do not establish

7

discriminatory intent." *Minority Police Officers Ass'n of S. Bend v. City of S. Bend*, 801 F.2d 964, 967 (7th Cir. 1986).

Here, there is no specific allegation describing an animus against women harbored by the Glencoe Defendants. Instead, the intent must be inferred from the Glencoe Defendants' alleged failure to investigate sexual assault cases while thoroughly investigating "other crimes." (Dkt. 1, Compl. ¶ 181.) Yet Plaintiffs never once identify these illusory "other crimes," the ones that allegedly get higher priority. Indeed, "other crimes" where women are disproportionately victims, like domestic abuse or stalking, are plausibly included in so wide-ranging an allegation. If these sorts of oft-gendered "other crimes" are included in the definition of the term, and they (allegedly) receive more investigation than does sexual assault, that all but disproves the theory that the Glencoe Defendants are discriminating against sex assault victims based on their gender.

The point is, "vague allegations such as this" are insufficient to withstand a motion to dismiss. *Nowlin v. Pritzker*, 34 F.4th 629, 633 (7th Cir. 2022). Discriminatory intent can be inferred from differential conduct, but the Complaint fails to make such a case. As it stands, the Complaint makes clear that Plaintiffs are angry that the Glencoe Defendants did not undertake an investigation into the mother of the Minor Children that resulted in some sort of outcome that might have benefited Mr. Girard in the state court domestic proceedings against his ex-wife. In other words, Plaintiffs' "allegations merely tend to establish that [the Glencoe Defendants], in Plaintiff[s'] estimation, inadequately exercised discretionary investigatory authority in an individualized manner." *Doe v. N. Reg'l Police Dep't of Allegheny Cnty.*, No. 2:22-cv-1628, 2024 WL 3377888, at *7 (W.D. Pa. July 11, 2024). Willing this grievance into a federal lawsuit is plainly precluded by the abstention doctrines already discussed, and, in any event, the

Complaint "fails to allege facts sufficient to support a finding of discriminatory motive." *Id*. The equal protection claim must thereby be dismissed.

## IV. The Civil Conspiracy Claim Against Detective McEnerney Fails (Count VII)

Plaintiffs also include Detective McEnerney—but not the Village of Glencoe—in their state law civil conspiracy claim. "[I]f a plaintiff fails to state an independent cause of action underlying its conspiracy allegations, the claim for conspiracy also fails." *Hulsh v. Hulsh*, 2024 IL App (1st) 221521, ¶ 28. As already argued, the equal protection claim, which is the only other cause of action lodged against Detective McEnerney, fails. And as the Beermann Defendants argued in the Beermann Motion, so too fail all other independent causes of action against the other Defendants. Thus, the conspiracy claims falls away as a matter of course.

## V. To the Extent Plaintiffs Attempt to Allege a *Monell* Claim Against the Village of Glencoe, It Fails

Buried in the middle of the Complaint is a series of allegations that suggests Plaintiffs are seeking to "prosecute" a *Monell* claim. (*E.g.*, Dkt. 1, Compl. ¶¶ 104–07.) This reference to *Monell*, however, is not stated as a separate cause of action, and the Glencoe Defendants do not take Plaintiffs to be making such a claim. To that end, the Court should decline to make any ruling on a putative *Monell* claim, since none was asserted in the first instance.

Nevertheless, out of an abundance of caution, the Glencoe Defendants note that "a municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee." *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010). Because the sole constitutional claim against the Glencoe Defendants (for equal protection) fails, any would-be *Monell* claim fails, as well.

Additionally, any theoretical *Monell* claim fails due to deficient allegations. To state a *Monell* claim, Plaintiffs must allege that an official policy or custom not only caused a constitutional

violation, but was also the driving force behind it. *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). An "official policy or custom may be established by means of [1] an express policy, [2] a widespread [unwritten] practice which…is so entrenched and well-known as to carry the force of policy, or [3] through the actions of a [final policymaker]." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Plaintiffs must "plead factual content that allows the [C]ourt to draw the reasonable inference that the [Village of Glencoe] maintained a policy, custom or practice" that deprived them of their constitutional rights. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citation and internal quotation marks omitted).

The Complaint lacks factual content to support the baseless allegation that the Village of Glencoe has an "unwritten and ongoing policy or custom" of "responding differently and affording less protection to victims of rape and sexual assault who were exclusively female…than to victims of other crimes." (Dkt. 1, Compl. ¶ 181). Nor have Plaintiffs pled a single instance illustrating the Village of Glencoe's prior alleged conduct. "There is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, except that it must be more than one instance, or even three." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) (internal citations omitted); *see, e.g., Pittman v. Cnty. of Madison, Ill.*, 746 F.3d 766, 780 (7th Cir. 2014) (thirty-six failed suicides, and three successful suicides, standing alone, were not enough to demonstrate an inadequate policy); *Grieveson v. Anderson*, 538 F.3d 763, 774–75 (7th Cir. 2008) (four incidents are not sufficient); *Gable v. City of Chi.*, 296 F.3d 531, 538 (7th Cir. 2002) (three incidents within four years "were too few to indicate that the City had a widespread custom of which City policymakers had reason to be aware").

Moreover, the "other" conduct Plaintiffs are required to plead must be factually similar, or have some correlation, to the incident at issue. *E.g., Hahn v. Walsh*, 762 F.3d 617, 637 (7th Cir. 2014) (that seven inmates previously died in the jail did not support a "custom" where the causes of death were not related to diabetes, which caused decedent's death). Because Plaintiffs fail to allege any of these fundamental pleading requirements, a would-be *Monell* claim cannot proceed.

## CONCLUSION

WHEREFORE, Defendants Ryan McEnerney and the Village of Glencoe respectfully request this Court grant their Motion to Dismiss the Complaint, with prejudice, and to issue any other relief this Court deems appropriate.

Date: November 18, 2024

Respectfully submitted,

*/s/ Jeffrey R. Kivetz*
JEFFREY R. KIVETZ, Attorney No. 6308250
*One of the Attorneys for Defendants Village of Glencoe and Detective Ryan McEnerney*

James G. Sotos
Jeffrey R. Kivetz
Alexis M. Gamboa
**THE SOTOS LAW FIRM, P.C.**
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
agamboa@jsotoslaw.com

11

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on **Monday, November 18, 2024**, I electronically filed the foregoing **Defendant Village of Glencoe and Detective Ryan McEnerney's Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed on the below Service List:

***Pro Se Plaintiffs***
Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
773-575-7035
kg5252@yahoo.com

***Attorneys for Village of Glencoe***
***and Det. Ryan McEnerney***
Steven M. Elrod
Elrod Friedman, LLP
352 North LaSalle Street, Suite 450
Chicago, IL 60654
steven.elrod@elrodfriedman.com

***Attorneys for Defendants***
***Vanessa Hammer***
***&Hammer Serna & Quinn, LLC***
Bryan J. Kirsch
John J. Duffy
Swanson, Martin, & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 606011
(312) 321-9100
bkirsch@smbtrials.com
jduffy@smbtrials.com

***Attorneys for Defendant***
***Phyllis Amabile, MD***
Jeffrey P. Nankervis
Michael R. Slovis
Cunningham, Meyer, & Vedrine, P.C.
1 East Wacker Drive, Suite 2200
Chicago, IL 60601
jnankervis@cmvlaw.com
mslovis@cmvlaw.com

***Attorneys for Defendants Beermann, LLP,***
***John M. D'Arco Esq., James M. Quigley***
***Esq., and Enrico J. Mirabelli Esq.***
Kimberly E. Blair
Robert F. Merlo
Courtney L. Wood
Joseph J. Stafford
Wilson Elser Moskowitz Edelmann & Dicker, LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60606
(312) 812-6139
kimberly.blair@wilsonelser.com
robert.merlo@wilsonelser.com
courtney.wood@wilsonelser.com
joseph.stafford@wilsonelser.com

***Attorneys for Defendants***
***Judge William S. Boyd and***
***Judge Renee G. Goldfarb***
Michael James Bradtke
Office of the Illinois Attorney General
115 South LaSalle Street, 27th Floor
Chicago, IL 60603
(224) 278-8343
Michael.bradtke@ilag.gov

***Attorneys for Defendant***
***Gwenn Waldman***
Michael J. Hennig
John A. O'Donnell, Jr.
Luke J. Sawicki
222 West Adams Street, Suite 2900
Chicago, IL 60606
mhennig@cassiday.com
jodonnelljr@cassiday.com
lsawicki@cassiday.com

**_Attorneys for Defendant_**
**_Breanna Traub nee Frueh_**
Charles A. Egner
Sherry H. Joseph
Lewis Brisbois Bisgaard & Smith LLP
550 W. Adams Street, Suite 300
Chicago, Illinois 60611
(312) 463-3425
Charles.Egner@lewisbrisbois.com
Sherry.Joseph@lewisbrisbois.com

**_Attorneys for Defendant_**
**_Kathryn Ciesla Esq_**.
Jeremy N. Boeder
Michael Joseph Meyer
Tribler Orpett & Meyer, P.C.
225 West Washington Street, Suite 2550
Chicago, IL 60606
jnboeder@tribler.com
mjmeyer@tribler.com

/s/ Jeffrey R. Kivetz
JEFFREY R. KIVETZ, Attorney No. 6308250
*One of the Attorneys for Defendants Village of*
*Glencoe and Detective Ryan McEnerney*