IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kenton Girard et al.<br><br>                Plaintiff,<br><br>    v.<br><br>Village of Glencoe et al.<br><br>                Defendants. | **Case No. 1:24-cv-06882**<br><br>District Judge Rebecca R. Pallmeyer<br><br>Magistrate Jeannice W. Appenteng<br><br>Opposition to Mtd by Judicial Defs |

Plaintiffs for their <u>Opposition to the Motion to Dismiss brought by the Judicial Defendants</u> state as follows:

I.     <u>Standing problems as to certain plaintiffs are acknowledged.</u>

As a preliminary concern, the Judicial Defendants have correctly observed under Rule 12(b)(1) there are some problems as to standing under the current pleading. At this time Plaintiffs duly recognize the need for minor children Gw and Gr to be represented by counsel in this litigation, and their counsel shall be entering an appearance forthwith as the amended pleading gets finalized. Furthermore, Plaintiff Marissa Girard did not sign the pleading and has recently signaled that she no longer wishes to pursue claims hereunder. Under the forthcoming amended pleading, she will not be included as a plaintiff.

II.     <u>*Hadzi-Tanovic* provides a helpful framework to evaluate the propriety of abstention.</u>

A recent proceeding before this District offers some structural pleading similarities with respect to the pleading under the instant matter:

> In October 2014, Slobodan Pavlovich filed proceedings for dissolution of marriage against his then-wife Aneta Hadzi-Tanovic in the Circuit Court of Cook County, Illinois. Throughout the proceedings, Hadzi-Tanovic and Pavlovich engaged in a heated custody battle. Each parent

> accused the other parent of abusing the minor children. Hadzi-Tanovic and Pavlovich agreed to equal parenting time in an agreed order that the state court entered on February 26, 2015. That order did not end the parties' dispute over parenting time and custody, however.
>
> In this case, Hadzi-Tanovic is suing Pavlovich, [DCFS rep] Pasulka, and [family court] Judge Johnson. She brings two conspiracy claims pursuant to 42 U.S.C. §§ 1983 and 1985(3). She also brings state law claims for abuse of process and intentional infliction of emotional distress. She alleges that the defendants conspired to deprive her of her parental rights and her children of their rights to familial association under the Due Process Clause of the Fourteenth Amendment.
>
> Judge Johnson's motion invokes several doctrines in support of dismissal for lack of subject-matter jurisdiction-namely, the domestic-relations exception to federal jurisdiction… and the *Younger* abstention doctrine. None of the doctrines the motion relies upon, however, deprive this Court of subject-matter jurisdiction or otherwise warrant dismissal of the plaintiff's claims. *Hadzi-Tanovic v. Johnson,* 20-cv-03460, 2, 5-6 (N.D. Ill. Nov. 24, 2021)

Similar to Hadzi-Tanovic, Plaintiffs bring this matter for injuries sustained in connection with their involvement in the underlying family court proceeding. The gravamen of the instant matter is Plaintiffs' quest for relief owing to injuries sustained under a bribery scheme and conspiracy conceived and participated by an array of officers of the Cook County family court. Both suits complain about corruption in Cook County family court proceedings, and both suits are inappropriate for abstention under either the domestic relations carve-out[1] or *Younger*[2].

However, the similarities end there. Whereas Hadzi-Tanovic emplaced before this District

---

[1] This District confirmed that Hadzi-Tanovic falls within the corruption exception to domestic-relations abstention in 2021:

Her alleged injury stems not from the state court orders but from the alleged conspiracy. And to the extent that Hadzi-Tanovic's claims do ask this court to review the orders and apply Illinois family law to determine damages, **her claims fall under the corruption exception and are not barred**. (emphasis added) *Hadzi-Tanovic v. Johnson*, 20-cv-03460, 6, 8 (N.D. Ill. Nov. 24, 2021)

[2] It should be noted, however, that the Seventh Circuit issued a landmark ruling just last year that there is no corruption exception to *Rooker-Feldman*, thereby reversing the District Court. In its ruling it found that Hadzi-Tanovic moreover did appeal from a final judgment in fact:

The challenged state court judgment in this case was "rendered before the district court proceedings commenced," so that Hadzi-Tanovic was a "state-court loser." Judge Johnson issued his order requiring that her parenting time be supervised on June 13, 2018. Hadzi-Tanovic filed a notice of appeal, but the Illinois appellate court dismissed her appeal for want of prosecution on January 13, 2020. Judge Johnson's order was therefore final well before Hadzi-Tanovic filed this federal lawsuit on June 12, 2020. *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399-0 (7th Cir. 2023)

Court the task of examination and criticism of the state court's application of family law, Plaintiffs here do not make any remotely similar request. Importantly, Plaintiffs do not implead in this matter the respondent in the underlying family court proceedings; additionally, the named judicial defendants have both been removed from the family court proceedings. See **Exhibit 1** for the recent scheduling order propounded by the current judicial officer, Rossana P. Fernandez, who has replaced Defendant Renee G. Goldfarb.

Adjudication of the claims here does not portend or precipitate any impact on the family court proceedings which are now presided over by a fresh, new judicial officer Rossana P. Fernandez. Such facts imply that there are no cognizable comity and federalism grounds to support abstention here because adjudication of the claims before this Court does not threaten to influence or otherwise manipulate the underlying family court proceeding. Finally and notably, Hadzi-Tanovic invites federal review as to a final order concerning parenting time entered by the presiding family court judge nearly two years before repairing to the District Court with her pleading. By contrast, the Plaintiffs have appeared in this District Court before the underlying family court has ruled upon the custody modification request which incepted those proceedings.

Indeed, the underlying family court proceedings are set for resolution at trial February 18-21 2025, per the scheduling order (**Exhibit 1**) propounded by the operative family court judge Rossana P. Fernandez on October 18 2025. Under the current circumstances, it is unlikely the various motions to dismiss hereunder will be ruled upon prior to the trial slotted for February 18-21 2025. As a result, the adjudication of the instant matter will still be in the incipient stages when the underlying family court proceeding has already been disposed.

III.     *Younger* and *Rooker-Feldman* also fail here.

*Younger* does not operate to preclude the claims against the Judicial Defendants. Instead, *Younger* abstention only applies to the very narrow category of state civil proceedings which are akin to criminal prosecutions, or implicate a state's interest in enforcing the orders and judgments of its courts. Indeed, the Supreme Court under *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013) has recently reaffirmed that "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States," citing to *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (*NOPSI*).

Here, the instant proceedings are civil, not criminal in character, and do not touch on the Cook County family court's ability to perform its judicial function. The complaint hereunder was initiated by Plaintiff Kenton Girard, not by the State of Illinois. Neither does the instant matter trace its origins to any sort of administrative action, wrongdoing investigation, contempt proceeding, or enforcement matter initiated by the State of Illinois. Neither does a state actor count among the parties in the underlying family law proceedings. Supreme Court Justice Ruth Bader-Ginsburg provides powerful guidance applicable here:

> We have cautioned, however, that federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not "refus[e] to decide a case in deference to the States." *NOPSI*, 491 U.S., at 368, 109 S. Ct. 2506, 105 L. Ed. 2d 298.
>
> Circumstances fitting within the Younger doctrine, we have stressed, are "exceptional"; they include, as catalogued in *NOPSI*, "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)

The modern jurisprudence under *Rooker-Feldman* traces to *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517 (2005) The facts are simple here: Jane F. Girard initiated the underlying family court proceedings in order to modify a 50-50 custody

order. That matter is currently set for an evidentiary hearing February 18-21 2025. In other words, the trial has yet to take place. Therefore, Plaintiffs are not losers under a state court judgment. Not to mention, the minor children Gw and Gr are not even parties in the underlying family court proceeding.

Under this lens, to the extent that Plaintiffs have cried foul about the goings-on inside the courtroom, the bribery conspiracy at the heart of the pleading involves misconduct that occurred outside of the proceedings e.g. at Tufano's Vernon Park Tap in the Little Italy neighborhood, or at Petterino's restaurant at 150 N. Dearborn Street, at meetings convened by the American Academy of Matrimonial Lawyers, at the LaGrange Country Club, pursuant to a grievance filed with the Kenilworth Police Department, in the course of investigation by the Village of Glencoe Public Safety Department, in a clandestine meeting on the outskirts of the Village of Glencoe between Kathryn Ciesla Esq and Detective Ryan McEnerney, and so forth. Complaint at ¶¶ 7-9, 32-36, 42, 45-48.

IV.     The exercise of jurisdiction here does not intrude on a state proceeding.

Finally, one of the most important guideposts for a District Court's introspection into the appropriateness of abstention is whether exercising jurisdiction would intrude on state court proceedings, in a generalized affront to federalism. Contemporary guidance as to what constitutes "intrusion" on the state courts was dispensed by the Seventh Circuit under *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021):

> [The plaintiff] cannot compel the adjudication of claims that would inject a federal court into a contested and ongoing family court custody dispute. Yet that is precisely what is going on. [The plaintiff] came to federal court to go on the offensive—**to use a favorable federal court judgment in state court to influence the state judge**'s parenting time decisions. Allowing that federal disruption and interference would offend the principles on which the abstention doctrines rest. (emphasis added)

The point here is, as previously noted, the Complaint does not request involvement by this court in any of the domestic relations determinations in the underlying family court proceeding, which concerns the unitary issue of modifying an existing 50-50 custody order. In case of doubt, the Judicial Defendants have both been removed from those proceedings and therefore any adverse ruling would not have any bearing on the actions of the current judicial officer Rossana P. Fernandez (**Exhibit 1**). Furthermore, the respondent in the family law proceedings is not even a party in these proceedings before this Court.

The nature of the instant matter before this Court does not implicate "one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support", and therefore does not even possess a "domestic relations" look or feel under the verbiage espoused by the Seventh Circuit under *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). As a result, on this basis alone, it is a stretch to conclude that litigating RICO and conspiracy claims would implicate unacceptable influence of the state court custody proceedings.

Ultimately, the instant case, structurally, is akin to *Hadzi-Tanovic* minus any request for review of a ruling of a distinctive domestic relations character. Also as previously noted, the underlying family court proceeding will be disposed by February 21 2025 (**Exhibit 1**) when this District Court is still in the incipient stages of this litigation and thus not portending any comity-offending penumbra over the state court proceedings.

V.      Judicial immunity is wanting.

The participation by the Judicial Defendants in the accepting of bribes in exchange for court proceedings which are favorable to Beermann LLP clients (Complaint at ¶¶ 5, 34-37, 120, 128, 130) do not constitute "judicial acts".

Judicial acts are distinct from the "administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Forrester v. White*, 484 U.S. 219, 226, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988). Three factors generally govern whether a particular act or omission is entitled to judicial immunity: (1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectation of the parties, i.e., whether the parties dealt with the judge as a judge. *Dawson v. Newman*, 419 F. 3d 661 (7th Cir. 2005)

Bribery violates all of the *Dawson* factors. Moreover nothing smacks of impartiality more than bribery. Indeed, judicial impartiality is a constitutional right. The Supreme Court under *Tumey v. Ohio*, 273 U.S. 518-519 (1927) addressed a situation in which a mayor presided as the judge, for violation of the state's prohibition law, which resulted in a fine, a fraction of which was paid to the mayor. The Supreme Court held that this improper financial motive violated the defendant's constitutional right to an impartial judge. By extension, bribery violates this right.

The Seventh Circuit recently propounded a landmark decision under which the activities of two judges (Boliker and Dickler) were reviewed and one of those (Boliker) was determined to be lacking the protection of judicial immunity. "Judge Boliker opens with the assertion that she is entitled to judicial immunity because 'she was acting to ensure the security and integrity of the court.' That strikes us as a step too far. Although judicial immunity is broad, it is not limitless… A judge does not enjoy immunity if he or she is acting in the "clear absence of all jurisdiction"... **A judge is also amenable to suit for non-judicial acts.**" (emphasis added) *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018)

In *Kowalski* Judge Boliker allegedly engaged in a series of improper communications

with Judge David Haracz, who was originally presiding over the plaintiff's domestic-relations case: "when Kowalski moved for a substitution of judges based on these ex parte communications, Judge Boliker's counsel submitted an affidavit to the court, presumably on Judge Boliker's behalf, opposing the substitution."

In finding that judicial immunity did not apply to Judge Boliker, the Seventh Circuit referred to *Lopez v. Vanderwater*, 620 F.2d 1229 (7th Cir. 1980), wherein another judge engaged in extremely irregular conduct not in keeping with what is expected of a judge by taking on the functions usually fulfilled by a prosecutor. Similar to Judge Boliker, the Judicial Defendants hereunder are accused of taking bribes (outside of the courtroom at venues including *inter alia* Petterino's restaurant; Complaint at ¶ 34) in exchange for favorable rulings for Beermann clients.

VI. Abuses of constitutional rights cautions against dismissal.

Under the Complaint, two extremely serious varieties of violations of constitutional rights have been adduced: (a) bribery in violation of judicial impartiality, and (b) the imposition of a "gag" order on non-parties minor children Gw and Gr by now-removed Defendant William S. Boyd in violation of their First Amendment Rights (Complaint at ¶¶ 60-63).

The Supreme Court has taken care to ensure that the doors to federal courts remain open when there are powerful reasons to believe that state courts will not protect federal constitutional rights. For example, in *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L. Ed. 2d 22 (1965), African-American plaintiffs sued in federal court to block state prosecutions in a state court system that were chilling protected First Amendment expression, and there was reason to question the good faith of the state. *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 680 n.5 (7th Cir. 2010)

The situation here is similar: the now-recused Judge William S. Boyd issued an

outlandish and First Amendment violating "gag order" against minor children (and non-parties) Gw and Gr (Complaint at ¶¶ 60-63). Furthermore, both Judicial Defendants are specifically accused of accepting bribes in exchange for favorable rulings as previously addressed. As in *Dombrowski*, Plaintiffs have made a preliminary showing that the Cook County family court does not exercise prudential care for their constitutional rights.

Plaintiffs therefore respectfully request that this Court deny the Motion to Dismiss brought by the Judicial Defendants.

Dated: November 25, 2024					Respectfully Submitted,

KENTON GIRARD, *In Pro Se*

/s/ Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com
Tel: 773-575-7035

# EXHIBIT 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## DOMESTIC RELATIONS DIVISION, THIRD DISTRICT

KENTON GIRARD )
           Petitioner )  Court No. 15 D 9633
)
JANE GIRARD )
           Respondent )  Calendar "99"
)

**ENTERED**
Judge Rossana P. Fernandez-2141
OCT 18 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### TRIAL ORDER
### IN PERSON

THIS CAUSE COMING TO BE HEARD FOR TRIAL ASSIGNMENT. Notice to all parties. The court being fully advised in the premises. **IT IS HEREBY ORDERED:**

1. All issues, including Contribution of Attorneys' Fees, shall be heard at the Trial for this cause, Unless otherwise ordered by the court.

2. **TRIAL** is scheduled to proceed on
   - FEBRUARY 18, 2025 at 11:00 AM
   - FEBRUARY 19, 2025 at 01:30 PM
   - FEBRUARY 20, 2025 at 01:30 PM
   - FEBRUARY 21, 2025 at 01:30 PM

3. WRITTEN DISCOVERY CLOSES (11-08-24)
   ORAL (Non-Expert) DISCOVERY CLOSES (11-08-24) _____ *(any claims or documents not*
   ORAL (Expert) DISCOVERY CLOSES (12-31-24)
   *disclosed timely shall be barred).*

4. Counsel of Record and/or the Parties *shall* exchange the following Documents no later than
   FEBRUARY 04, 2025 :
   a. Updated Financial Affidavits (if any pending financial issues)
   b. Witness Lists;
   c. Written Stipulations;
   d. Updated Discovery;
   e. Trial Exhibits (and shall provide the court copies *via ONE EMAIL* with a <u>numerical list</u> of proposed Exhibits as **PDF files** and labeled (numerically) no later than *14 days prior to trial.*
   f. All Motions in Limine.

5. Counsel of Record and/or the Parties *shall* provide to the Court **VIA ONE (1) EMAIL SUBMISSION,** and to each other, Courtesy Copies of the following, *within fourteen (14) days prior to trial,* on or before FEBRUARY 04, 2025 :

    *(All Exhibits shall be Marked in <u>Numerical Order</u> and attached as <u>separate</u> PDF files to one (1) Email to the Court):*

    a. Updated Financial Affidavits (if any pending financial issues)
    b. All Exhibits, including a list of stipulated Exhibits;
    c. Any objections (in writing) to the opposing party's Exhibits;
    d. Witness Lists;
    e. Written Stipulations;
    f. Petitions for Contribution to Attorneys' Fees;
    g. List of all other Exhibits <u>not</u> stipulated to; and
    h. ***Proposed Judgment Order from each party, including a separate Allocation Judgment, if applicable.***

6. Failure to submit appropriate Fee Petition(s) on the day of Trial *shall* be deemed a waiver of contribution to Attorney's Fees.

7. Witnesses not identified on a Witness List *shall* be barred from testifying at trial.

8. The parties must provide a court reporter at their own expense.

9. All Settlement discussions between the parties shall take place <u>prior to</u> the day of trial and ***No Pretrial Request will be entertained on the day of trial.***

10. The case *shall* be ***Dismissed for Want of Prosecution*** if the Petitioner fails to appear and/or fully comply with this Order.

11. An ***Order of Default*** *shall* be entered against the Respondent if the Respondent fails to appear and/or does not fully comply with this Order./ Likewise for any Third-Party.

| KENTON GIRARD (Petitioner) | ENRICO MIRABELLI (Attorney) |
|---|---|
| **Petitioner/ Petitioner's Attorney (print)** | **Respondent/ Respondent's Attorney (print)** |
| KG5252@Yahoo.com | EJMirabelli@BeermanLaw.com |
| **Email for Notices (print)** | **Email for Notices (print)** |

** Third-Party (Marissa Girard) MarissaDakis@Gmail.com

ATTORNEY CODE:
ATTORNEY NAME:
ATTORNEY FOR:   O/C
ADDRESS:
CITY/STATE:
PHONE:
EMAIL:

ENTERED: 10-18-24

JUDGE

**ENTERED**
Judge Rossana P. Fernandez-2141
#2141 OCT 18 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**OPPOSING SIDE MUST BE COPIED ON ALL EMAILS**
*ALL EMAIL "SUBJECT" LINES SHALL CONTAIN: (LAST NAME OF PETITIONER) AND (COURT NO.) *
** Courtesy Copies 7 Days in advance TO: ccc.DomRelCR3009@CookCountyIL.Gov