01039/053137

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KENTON GIRARD, MARISSA GIRARD, MINOR CHILD GW, and MINOR CHILD, GR | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2024-cv-06882 |
| VILLAGE OF GLENCOE, ILLINOIS, DETECTIVE RYAN MCENERNEY, MARIA PAREDES, VANESSA HAMMER, HAMMER SERNA & QUINN, LLC, GWENN WALDMAN, BREANNA TRAUB, PHYLLIS AMABILE MD, BEERMANN LLP, JOHN M. D'ARCO ESQ, JAMES M. QUIGLEY ESQ. ENRICO J. MIRABELLI ESQ, JUDGE WILLIAM S. BOYD, JUDGE RENEE G. GOLDFARB, and KATHRYN CIESLA, ESQ. | ) ) ) ) ) ) ) ) ) ) | |

## **DEFENDANT, GWENN WALDMANS' MOTION TO DISMISS**

NOW COMES the Defendant, GWENN WALDMAN, by and through her attorneys, CASSIDAY SCHADE, LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), moves to dismiss Plaintiff's Complaint. In support thereof, Defendant states as follows:

## **I. PROCEDURAL HISTORY**

Plaintiff, *pro se*, Kenton Girard ("Kenton") and Marissa Girard ("Marissa"), on behalf of Minor Child Gw. and Minor Child Gr. (collectively, "Plaintiffs") filed their Complaint on August 4, 2024, seeking damages against multiple Defendants, including Gwenn Waldmann under Count III for negligence. On August 13, 2024, Plaintiffs filed an Amended Complaint with the same damages and claim for negligence against Defendant Gwenn Waldman ("Waldman").

1

Waldman is a Licensed Clinical and Board-Certified Professional Counselor and Board Certified Art Therapist from Breakthrough Family Solutions. It is alleged that in approximately September 2022, Waldman was appointed by the Circuit Court of Cook County to work with the minor children Gw. and Gr. (*See*, *generally*, *In Re: Former Marriage of Kenton Girard and Jane Girard*, Circuit Court of Cook County Case No. 2015D009633[1]). Plaintiff alleges that Defendant, Vanessa Hammer ("Hammer") was appointed guardian ad litem on September 9, 2022, by order of the court in the Girard family law proceedings. (*See*, Plaintiffs' Amended Complaint, attached as **Exhibit 2**, at ¶ 5. Plaintiff further alleges that Waldman shared information to Hammer regarding the minor children's revelations about social media postings related to Beerman LLP. *Id.* Plaintiffs allege that patient confidentiality was breached as a result.

Plaintiffs further allege that at the suggestion of a mediator in the Girard family law proceedings, the minor children were ordered by the court to attend therapy with Waldman. *Id.* at ¶ 53 (*See*, *also*, **Exhibit 2**). Allegedly, Waldman disclosed confidential information from minor child Gr to Defendant, Ruth Kraus who was also a therapist at Breakthrough Family Solutions.

Plaintiffs allege that after minor child Gr. became aware of this, he confronted Waldman as to her "breach of client confidentiality". *Id.* at ¶ 55. After said confrontation, Waldman allegedly tried forcing minor child Gr. to sign a legal release and also asked Kenton to sign a legal release. *Id.* It is alleged, however, Plaintiffs refused to sign said release. *Id.*

With respect to liability, Plaintiffs allege that Waldman owed a duty of care to Plaintiffs "including a duty to ensure that all materials published on the docket in the family law proceedings instituted by Jane Girard were properly redacted to protect the minor children's privacy interest

---

[1] The official court records in that case are lengthy given litigation has been pending since 2015. However, it appears that the actual Order ordering the parties and their children to begin family therapy/counseling with Waldman was entered on January 4, 2023 (*See*, January 4, 2023 Order, attached as **Exhibit 1**, ¶ 5).

and/or to seal the record from public access." *Id.* at ¶ 137. Plaintiffs continue to allege that Waldman owed a duty of maintaining therapist-patient confidentiality to the minor children Gr. and Gw.

Plaintiffs allege that Waldman violated the therapist-patient confidentiality by disclosing confidential information to Jane Girard, therapist Ruth Kraus from Breakthroughs Solutions and Vanessa Hammer. *Id.* at ¶ 138. As a result of the alleged negligence by Waldman, Plaintiffs claim damages that include highly sensitive and embarrassing information on the court docket available to the public, and an unconscionable and unconstitutional gag order being order against all Plaintiffs.

## **LEGAL STANDARD**

Under Rule 12(b)(1), a defendant can seek dismissal for lack of subject matter jurisdiction. *Davit v. Davit*, 366 F. Supp. 2d 641, 649 (N.D. Ill. 2004). A motion requesting a court to decline jurisdiction "fits more comfortably under Rule 12(b)(1)." *Bolton v. Bryant*, 71 F. Supp. 3d 802, 809 n.2 (N.D. Ill. 2014). The party asserting jurisdiction bears the burden of proof. *Id.*

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must determine, assuming for purposes of review, that the Plaintiff's allegations are true, whether Plaintiff has raised a plausible cause of action. *See, e.g., Brooks v. Ross*, 578 F.3d 574, 580–81 (7th Cir. 2009). In order to have a viable claim at the pleading stage, Plaintiff must provide sufficient allegations to raise the potential for relief above the speculative level. *E.g.*, *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The meeting of Plaintiff's burden "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Rule 12(b)(6) provides that a party may assert as a defense its opponent's 'failure to state a claim upon which relief can be granted.'"

*Marcure v. Lynn,* 992 F.3d 625, 631 (7th Cir. 2021); citing Fed. R. Civ. P. 12(b)(6). In accordance with Rule 12(b)(6), the movant is required to show he is entitled to dismissal. *Id.*

## ARGUMENT

### I. Waldman is Immune From Any Liability Related to Plaintiffs' Claims Under Illinois Law

Plaintiffs' claim that Waldman breached her duty of patient-therapist confidentiality. Under 750 ILCS 5/604.10, "the court may seek the advice of any professional, whether or not regularly employed by the court, to assist the court in determining the child's best interest." 750 ILCS 5/604.10. Under 750 ILCS 5/506(a), "in proceedings involving a minor, the court can appoint a lawyer (1) to represent the child as an attorney would represent an adult, (2) to be the child's representative, or (3) to be the child's guardian ad litem." *Cooney v. Rossiter,* 583 F.3d 967, 969 (7th Cir. 2009).

The Seventh Circuit has held that "[g]uardians ad litem and court-appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction." *Cooney v. Rossiter,* 583 F.3d at 970; citing *Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006); *Scheib v. Grant,* 22 F.3d 149, 157 (7th Cir. 1994). The Seventh Circuit reasoned that guardians ad litem and court-appointed experts, including psychiatrists, "are arms of the court, much like special masters, and deserve protection from harassment by disappointed litigants, just as judges do." *Cooney v. Rossiter*, 583 F.3d at 970. The Court further reasoned that "[e]xperts asked by the court to advise on what disposition will serve the best interests of a child in a custody proceeding need absolute immunity in order to be able to fulfill their obligations without the worry of intimidation and harassment from dissatisfied parents." *Id.*

In *Cooney*, the plaintiff, *pro se*, filed a complaint alleging that the minor children's psychiatrist was part of an illegal conspiracy to deprive her of custody of her children. *Id.* at 970.

4

The court held that the defendant psychiatrist was entitled to absolute immunity because all of the alleged "negligent" conduct occurred within the course of their court-appointed duties. *Id.*

Here, the present case is analogous to *Cooney*. Defendant, Waldman was a court-appointed therapist to provide care to Minor Child GW and Minor Child GR. Furthermore, Plaintiffs allege that Waldman breached her duties as a therapist by ultimately breaching the patient-therapist confidentiality. Plaintiffs allege that Waldman breached the patient-therapist confidentiality because she released protected and sensitive information related to the minor children. Thus, Plaintiffs allege that Waldmann's alleged negligent conduct was within the scope of her court-appointed duties. Therefore, just like the defendant in *Cooney*, Waldman should be immune from the alleged negligence and liability.

Furthermore, the Northern District of Illinois has consistently held the same. See *Dickman v. Off. of the State's Att'y of Cook Cnty,* No. 16 C 9448, 2018 WL 1377907 at *7 (N.D. Ill. Mar. 16, 2018) ("The Seventh Circuit unequivocally stated in its 2009 Cooney opinion that guardians ad litem are entitled to absolute immunity."); see also *Daniels v. Grady*, No. 17 CV 6775, 2018 WL1586243 at *4 (N.D. Ill. Apr. 2, 2018) (granting a guardian ad litem immunity for conduct that occurred "within the course of her court-appointed duties.")

The Illinois Appellate Courts have also relied on *Cooney* and further support Defendant Waldman's immunity against Plaintiffs' claims. (*See Hesiterkamp v. Pacheco* 2016 IL App (2d) 150229, ¶ 11) (court dismissing court-appointed mental health professional defendants because the defendants acted at the direction of the court and were entitled to absolute immunity). As a result, it is clear that Defendant Waldman should be absolutely immune from any negligence claims brought against her, and this case must be dismissed with prejudice against Waldman.

5

## II. Pro Se Plaintiff Girards Cannot Pursue an Action on Behalf of Minor Children

The claims of Minor Child Gw and Minor Child Gr should be dismissed because nonlawyers cannot represent another person. *Foster v. Board of Education,* 611 Fed. Appx. 874, 877 (7th Cir. 2015). Specifically, the Seventh Circuit has held that unrepresented parents cannot maintain an action on behalf of their minor children. *Id.* Plaintiffs Kenton Girard and Marissa Girard, *pro se* filed claims on behalf of their minor Children Gw. and Gr. (Ex. 1). Clearly, Kenton and Marissa Girard are not represented and filed their complaint and amended complaint *pro se*. Furthermore, the minor children are not represented and do not have the capacity to represent themselves.

As a result, *pro se* Plaintiffs, Kenton Girard and Marissa Girard cannot maintain this action on behalf of the minor child Gw. and minor child Gr. Specifically, with respect to Count III, Plaintiffs allege that Defendant Waldman breached a duty of care owed to minor children Gw. and Gr. Therefore, the claim against Defendant Waldman is a claim on behalf of the minor children and not *pro se* Plaintiffs Kenton and Marissa Girard. Thus, this Court should dismiss Plaintiffs' claim against Defendant Waldman.

## III. Plaintiffs' Claims are Barred by Multiple Abstention Doctrines Incorporated with the Beerman Defendants' Motion

Plaintiffs' claim against Defendant Waldman falls under a variety of abstention doctrines. Most relevant is the Domestic Relations Exception, which precludes federal review of state-court decisions that involve granting of child custody orders, divorce, and decrees of alimony. *Ankenbrandt v. Richards,* 504 U.S. 689, 701-702 (1992); *Weinhaus v. Cohen*, 773 Fed. Appx. 314, 316 (7th Cir. 2019). The Seventh Circuit has further recognized that the domestic relations exception does apply to ancillary proceedings, including but not limited to a suit for unpaid alimony. *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998).

Here, Plaintiffs' claim against Waldmann is in relation to her court-appointed duties as a therapist in the state court Girard family proceedings. Thus, Plaintiffs' negligence claim against Waldman is closely related to the state court proceedings and the subject matter of domestic relations best reserved for state and local review.

This Defendant also specifically adopts and incorporates the arguments made by the Beerman Defendant' motion to dismiss regarding the application of the Younger Abstention Doctrine; The Burford and Colorado River Abstention doctrines; and The Rooker Feldman Doctrine. Those arguments are applicable to Plaintiffs' claims against Waldman for the reasons stated within Beerman Defendants' motion and require the court to abstain from exercising jurisdiction over these matters.

## **CONCLUSION**

Plaintiffs' complaint with respect to Defendant Waldman should be dismissed for a multitude of reasons. First, as a court-appointed therapist, Waldman is absolutely immune from any liability within her court-appointed role as a therapist. Second, Plaintiff, *pro se*, Kenton Girard cannot represent and bring a claim forward on behalf of the minor children. Plaintiffs' only claim against Waldman is Count III for negligence relating to an allege breach of duty to her patients (i.e. the minor children). As a result, Plaintiffs' claim against Waldmann is the minor children's claim, and Kenton Girard cannot bring their claim forward on his behalf without attorney representation. Finally, there are multiple abstention doctrines that require this Court to dismiss Plaintiffs' claims, including but not limited to the domestic relations doctrine. As a result, this Court should dismiss Plaintiffs' complaint as these claims are better suited to be litigated in state and local courts.

WHEREFORE, Defendant, GWENN WALDMAN, by and through her attorneys, CASSIDAY SCHADE, LLP, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), moves to dismiss all claims directed at her in Plaintiff's Complaint, and any other equitable relief the court deems necessary and just.

    Respectfully submitted,

    CASSIDAY SCHADE LLP

    By: /s/ Luke J. Sawicki
        One of the Attorneys for Defendant, GWENN WALDMAN

Michael Hennig
John A. O'Donnell, Jr.
Luke J. Sawicki
CASSIDAY SCHADE LLP
222 W. Adams Street, Suite 2900
312-641-3100
mhennig@cassiday.com
jodonnelljr@cassiday.com
lsawicki@cassiday.com