IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENTON GIRARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 24-cv-06882 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | Magistrate Judge Appenteng |
| VILLAGE OF GLENCOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT KATHRYN CIESLA'S MOTION TO DISMISS**

Defendant, KATHRYN CIESLA ("Ciesla"), by and through her attorneys, Tribler Orpett & Meyer, P.C., moveS to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, Ciesla states as follows:

### INTRODUCTION AND OVERVIEW

The *pro se* Plaintiffs, Kenton Girard ("Kenton"), Marissa Girard ("Marissa") and Minor Children GW and GR (the "Minor Children") filed an original Complaint on August 4, 2024. [ECF 1, 5.] Then, in the face of seven pending motions to dismiss, [ECF 22, 30, 34, 52, 56, 66, 70], Kenton and the Minor Children (collectively, "Plaintiffs") filed a First Amended Complaint (the "Amended Complaint") on December 9, 2024. [ECF 73.]

Plaintiffs' nine-count, 278-paragraph Amended Complaint names twelve defendants, including Ciesla, and arises from child-custody and related disputes between Kenton and his ex-wife, Jane Girard ("Jane") currently being litigated before the Circuit Court of Cook County, Illinois (the "State-Court Lawsuit"). (ECF 73 at ¶¶ 1, 3 6, 14 34.) Through their general allegations, many of which are pleaded "on information and belief", Plaintiffs put forth a literal conspiracy theory in which they contend that Jane's counsel, Beerman LLP, conspired with various others to

1

improperly influence state-court litigation, including the State-Court Lawsuit, through various means, such as the alleged bribery of state-court judges and others. [ECF 73 at ¶¶ 236, 249, 109, 111, 112, 114.]

In rough overview, Plaintiffs allege that Jane's counsel, the Beerman LLP law firm, has engaged in a long-running and broad conspiracy with virtually everyone even remotely involved in domestic relations litigation—judges, child coordinators, custodial and parental evaluators, child and family-reunification therapists, guardians *ad litem*, outside lawyers, and local police departments—in furtherance of Beerman LLP's alleged scheme to drive up its own litigation billings and to then obtain court orders taxing those costs to litigation opponents. [ECF 73 at ¶¶ 11, 111-112.] Plaintiffs allege that, in the State-Court Lawsuit, Beerman LLP has signaled an intention to seek such a fee award, ostensibly from him. [ECF 73 at ¶ 125.]

Plaintiffs' allegations are vicious, unfounded and specious, including allegations that family-law lawyers Ciesla and non-party Kurt Muller, neither of whom work for Beerman LLP or have had any involvement in the State-Court Lawsuit, have historically engaged in "extra-judicial maneuvering" in unspecified matters, including negotiating and delivering bribes to judges and police officers "to steer family law proceedings favorably for Beerman LLP and its clientele." [ECF 73 at ¶ 12, 26, 38.]

Plaintiffs direct only Count VII of their Amended Complaint, for Conspiracy, against Ciesla. [ECF 73 at Count VII, pp. 59-60.] There, Plaintiffs allege that Ciesla was conspired with others "to commit bribery to obtain inflated revenues in the course of rigged judicial proceedings from family law defendants including Plaintiffs… to extract payments and other recoveries from Plaintiffs and otherwise cause Plaintiffs to spend money." [ECF ¶¶ 249-250.] In their general allegations, Plaintiffs make the spurious and unfounded claim "upon information and belief" that

2

Beerman LLP "directed outside counsel Kathryn Ciesla Esq from Northfield to deliver a cash payment to Village of Glencoe Detective Ryan McEnerney" in exchange for the detective's written finding that felony child sex abuse charges—charges that Plaintiffs had urged McEnerney to bring against Kenton's ex-wife, Jane—were "unfounded." [ECF 73, at ¶ 138.][1] Plaintiffs allege that the purpose of the conspiracy was so that Beerman LLP could obtain inflated revenues and other payments. [ECF ¶ 250.] They make no allegation as to why Ciesla or the other alleged co-conspirators would assist in the preposterous alleged bribery scheme.

    This Court should dismiss Plaintiffs' malicious and fantastical claim against Ciesla for numerous reasons. As discussed below, this Court should dismiss Plaintiffs conspiracy claim under Rule 12(b)(6), as it states no cause of action upon which relief could be granted. Plaintiffs fail to present plausible allegations of a conspiracy, fail to identify an underlying tort upon which a state-law conspiracy claim could be founded, and fail to plead plausible allegations as to how the alleged actions could have harmed any of the Plaintiffs. This Court should also dismiss the Minor Children's claims because the attorney who signed the Amended Complaint on their behalf is not admitted to practice before this Court and has not entered an appearance in this cause. Finally, this Court should apply federal abstention principles and dismiss Plaintiffs' claims pursuant to Rule 12(b)(1), as Plaintiffs' complaint is a bare attempt to involve this court in the ongoing State-Court Litigation.

---

[1] Plaintiffs also allege, also "upon information and belief" that Ciesla was "behind" an allegedly unconstitutional order entered in the State-Court Lawsuit by "'tattling' on the [M]inor [C]hildren's use of social media" to a guardian *ad litem* then serving in the State-Court Lawsuit. [ECF at ¶ 157.] In that Plaintiffs do not connect this allegation to the alleged bribery scheme that forms the basis for the sole count directed against Ciesla, we offer no further discussion thereof.

**ARGUMENT**

I. **DISMISSAL PURSUANT TO RULE 12(B)(6)**

A Rule 12(b)(6) motion is meant to challenge the legal sufficiency of the complaint. *Christiansen v. Cnty. of Boone*, *Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Though the Court need not accept as true statements of law or statements that are merely conclusory and unsupported factual allegations, *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011), a complaint must allege facts that establish the plaintiffs' right to relief is more than speculative. *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Likewise, "labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A claim is facially plausible if the plaintiffs plead facts "that allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If, on the other hand, the plaintiffs plead facts that are " 'merely consistent with' a defendant's liability," the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (*quoting Twombly*, 550 U.S. at 557). In assessing plausibility, a court is not required to set aside common sense or judicial experience; rather, assessing plausibility is a context-specific task that requires the court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 664.

Plaintiffs fail to plead a plausible conspiracy cause of action against Ciesla.

Under Illinois law, "[c]ivil conspiracy is defined as a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful

purpose by unlawful means." *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 133 (1999) (quotation marks omitted). To state a civil conspiracy claim, "a plaintiff must allege an agreement and a tortious act committed in furtherance of that agreement." *Id.* at 258. "[A] conspiracy is not an independent tort. Where… a plaintiff fails to state an independent cause of action underlying its conspiracy allegations, the claim for a conspiracy also fails." *Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019) (*quoting Indeck N. Am. Power Fund, L.P. v. Norweb PLC*, 316 Ill. App. 3d 416, 432 (Ill. App. 2000)).

Here, Plaintiffs allege that Beerman LLP used Ciesla to deliver a bribe to Detective Ryan McEnerney in exchange for a written finding that sex-abuse allegations that Plaintiffs made against Jane were "unfounded." [ECF 73 at ¶ 138.] Setting aside the preposterous notion that an attorney (Ciesla) would deliver a bribe, much less that she would do so on behalf of an unrelated law firm (Beerman LLP) for no apparent reason, and further setting aside the fact that Plaintiffs pleaded the foregoing only upon "information and belief" but offer no basis for such belief, Plaintiffs do not even allege that McEnerney determined that the alleged sex-abuse claims were unfounded based on receipt of the purported bribe in August 2023. To the contrary, Plaintiffs allege that McEnerney would have deemed the allegations unfounded anyway. They allege that McEnerney had been, for years prior, "largely responsible for perpetuating an unofficial yet pervasive policy of the Village of Glencoe to not properly investigate rapes and sexual assault crimes against women and girls during the period at least since on or around 2019." [ECF 73 at ¶ 15.] Plaintiffs further allege that McEnerney and his employer, the Village of Glencoe Department of Public Safety, had a custom and practice since "at least 2019", when "Detective McEnerney acquired a significant voice and influence over the Department of Public Safety" of not investigating rapes and sexual assaults against women and girls and, consistent therewith, "did not conduct any meaningful investigation

into the penetrative sexual assaults of the Minor Children Gw. and Gr." [ECF 73 at ¶¶ 165, 167, 184.]

Further, even if they met the threshold to plead that there existed a conspiracy, Plaintiffs possess no conspiracy claim because there was no underlying tort. "While the agreement is a necessary and important element of a cause of action for civil conspiracy, it does not assume the same importance as in a criminal action. An agreement to commit a wrongful act is not a tort, even if it might be a crime. A cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort." *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 63 (1994) (internal citations omitted); *see also Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 939 (7th Cir. 2012) (applying Illinois law).

Here, Plaintiffs do not allege any predicate tort upon which a conspiracy claim could be based. Count VI contains allegations of bribery, but bribery is a crime, not a tort. *See, e.g.,* 720 ILCS 5/33-1; 720 ILCS 5/29A-1.

Finally, Plaintiffs have not identified any way in which they were plausibly damaged as a result of the alleged bribery. In Count VII, Plaintiffs allege that the purported conspiracy caused Beerman LLP to "obtain inflated revenues in the course of rigged judicial proceedings from family law defendants including Plaintiffs… to extract payments and other recoveries from Plaintiffs and otherwise cause Plaintiffs to spend money." [ECF ¶¶ 249-250.] But Plaintiffs make no allegations as to *how*. They have pleaded no allegations to connect the purported result of the alleged bribery—an "unfounded" determination relative to sex-abuse allegations—to any payments made by any Plaintiff in connection with the State-Court Lawsuit.

For the foregoing reasons, this Court should dismiss Count VII as against Ciesla, with prejudice.

## II. DISMISSAL PURSUANT TO RULE 12(B)(1)

### A. The Minor Children are not Proper Plaintiffs

Standing is an element of subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). "When a motion to dismiss is based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b)(6) defenses, the court should consider the Rule 12(b)(1) challenge first." *Rizzi v. Calumet City*, 11 F. Supp. 2d 994, 995 (N.D. Ill. 1998). If the court dismisses a plaintiff's complaint for lack of subject matter jurisdiction, the Rule 12(b)(6) defenses become moot and need not be addressed. *Id.* at 995. "A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

Pleadings may be brought before the court only by parties or their attorneys. *See* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"); Fed. R. Civ. P. 11(a) (requiring that every motion be signed by an attorney or a party proceeding *pro se*). Pursuant to Local Rule 83.16(b), appearance forms must be filed by any attorney who represents a party in any proceeding before this Court. Local Rule. N.D. Ill. L.R. 83.16(b). Pursuant to Local Rule 83.12, only "only members in good standing of the general bar of this Court may enter an appearance on behalf of a party; file pleadings, motions or other documents; sign stipulations; or receive payments upon judgments, decrees or orders." N.D. Ill. L.R. 83.12.

Here, Kenton signed the Amended Complaint on his own behalf as a *pro se* litigant. [ECF 73 at p. 66.] Attorney Toma Makedonski signed the Amended Complaint on behalf of both Minor Children. [ECF 73 at p. 66.] Attorney Makedonski has not filed an appearance before this Court, as he is required to do by Local Rule 83.16(b). Even had Attorney Makedonski filed an appearance, it

7

would be invalid, as a search of active general and trial bar members reveals that Attorney Makedonski is not licensed to practice before this Court. Such a license is required by Local Rule 83.12 for any attorney filing a pleading on behalf of a party. For the foregoing reasons, the Minor Children lack standing to bring any claims, and any claims brought on their behalf should be dismissed.

Kenton may claim that, even if attorney Makedonski cannot pursue claims on behalf of the Minor Children, he may do so himself. He may not. *Pro se* parents may represent themselves in court but they cannot appear as legal representatives for their minor children. *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001). As such, even if Kenton purported to file the Amended Complaint on behalf of his Minor Children, he lacks the power to do so.

In light of the foregoing, the Minor Children have not properly brought any claims before this Court, and Kenton lacks standing to pursue redress for any injury to the Minor Children. As such, any claim brought by the Minor Children or based on an injury to the Minor Children should be dismissed.

### B. This Court Should Decline Jurisdiction Based on Abstention Principles

Defendant Ciesla hereby adopts and incorporates the arguments made by Beerman LLP regarding the abstention doctrines, including the application of the *Younger* Abstention Doctrine; the Domestic Relations Exception; the *Burford* and *Colorado River* Abstention doctrines; and the *Rooker-Feldman* Doctrine. [ECF 34 and 71.] These arguments are applicable here and provide good cause for this Court to abstain from exercising jurisdiction over these matters.

Although broad abstention as to all of Plaintiffs' claims is appropriate for the reasons asserted by Beerman LLP, the nature of Plaintiffs' conspiracy claim pleaded in Count VII highlights the propriety of an exercise of abstention. In Count VII, Plaintiffs allege Beerman LLP,

Ciesla, McEnerney and multiple judges engaged in one or more conspiracies designed to increase Beerman LLP's legal fees, which Beerman LLP could then tax to Plaintiffs with court approval in the State-Court Lawsuit. [ECF 73 at ¶¶ 11, 111-112.] Plaintiffs allege that the final aspect of the purported conspiracy—Beerman LLP's alleged attempt to tax its increased fees to Plaintiffs—will occur either at or after an evidentiary hearing set to occur in the future. [ECF 73 at ¶ 125.] Plaintiffs clearly intend to use the instant lawsuit to influence Beerman LLP's efforts to obtain a fee-shifting award, either by influencing Beerman LLP itself or by influencing the judge presiding over the State-Court Lawsuit, or both. Plaintiffs' conspiracy claim is closely related to the subject matter of the ongoing State-Court Lawsuit and implicates important state interests in the litigation of family-law matters. Moreover, the State-Court Lawsuit provides an appropriate venue for Plaintiffs to litigate their grievances – if there were any merit to Plaintiffs' conspiracy claims, they could assert such claims in opposition to any fee petition that Beerman LLP may bring in the State-Court Lawsuit.

## CONCLUSION

For the reasons stated above, Defendant Ciesla respectfully requests that this Honorable Court grant her motion to dismiss Plaintiffs' Amended Complaint as pleaded against her, with prejudice, and that this Honorable Court further grant any additional relief that is just and proper.

                                              Respectfully submitted,

                                    By: s/Jeremy N. Boeder
                                      *Attorney for Defendant, Kathryn Ciesla*

Michael J. Meyer, Esq. – ARDC #0619372
Jeremy N. Boeder, Esq. – ARDC #6285771
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 2550
Chicago, Illinois 60606
(312) 201-6400
mjmeyer@tribler.com
jnboeder@tribler.com

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of Defendants' Motion was served upon:

 **See attached Service List**

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the email address listed above, from 225 W. Washington Street, Suite 2550, Chicago, IL 60606, prior to 5:00 p.m. on the 7th day of January, 2025.

         s/ Jeremy N. Boeder
         an Attorney

## **SERVICE LIST**

Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
773-575-7035
Email: kg5252@yahoo.com
PRO SE (Plaintiff)

**Attorneys for Village of Glencoe & Det. Ryan McEnerney**

James G Sotos
The Sotos Law Firm, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
Email: jsotos@jsotoslaw.com

Alexis Gamboa
Sotos Law Firm
141 W. Jackson, #1240A
Chicago, IL 60604
(630) 735-3316
Email: AGamboa@jsotoslaw.com

Jeffrey Robert Kivetz
The Sotos Law Firm, P.c.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3118
Email: jkivetz@jsotoslaw.com

Steven M. Elrod
Elrod Friedman LLP
325 N. LaSalle St., Suite 450
Chicago, IL 60654
(312) 528-5191
Email: steven.elrod@elrodfriedman.com

**Attorneys for Vanessa Hammer & Hammer Serna & Quinn, LLC**

John Duffy
Swanson, Martin & Bell, LLP
Illinois
330 N. Wabash Avenue, Ste 3300
Chicago, IL 60611

312-222-8574
Email: jduffy@smbtrials.com

Bryan Jonathan Kirsch
Swanson Martin & Bell
330 N. Wabash St, Ste 3300
Chicago, IL 60611
312-766-0072
Email: bkirsch@smbtrials.com

**Attorneys for Gwenn Waldman**

Michael J. Hennig
Cassiday Schade LLP
222 West Adams Street, Ste 2900
Chicago, IL 60606
312-444-2490
Email: mhennig@cassiday.com

John Andrew O'Donnell, Jr.
Cassiday Schade LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 739-3247
Email: jodonnelljr@cassiday.com

Luke Joseph Sawicki
Cassiday Schade LLP
222 West Adams Street
Chicago, IL 60606
(312) 641-3100
Email: lsawicki@cassiday.com

**Attorneys for Breanna Traub**

Charles Arthur Egner
Lewis Brisbois Bisgaard & Smith LLP
550 W. Adams, Suite 300
Chicago, IL 60661
(312)345-1778
Email: charles.egner@lewisbrisbois.com

Sherry H. Joseph
Lewis Brisbois Bisgaard & Smith LLP
550 W. Adams Street, Suite 300
Chicago, IL 60661
312-463-3332
Email: sherry.joseph@lewisbrisbois.com

**Attorneys for MD Phyllis Amabile**

Michael R. Slovis
Cunningham, Meyer & Vedrine
One East Wacker Drive, #2200
Chicago, IL 60601
(312)578-0049
Email: mslovis@cmvlaw.com

Jeffrey P Nankervis
Cunningham, Meyer, & Vedrine, LLC
1 E Wacker Dr., Ste. 2200
Chicago, IL 60601
312-589-6796
Email: jnankervis@cmvlaw.com

**Attorneys for Beerman LLP, John M. D'Arco, James M. Quigley, Enrico J. Mirabelli**

Kimberly Elizabeth Blair
Wilson Elser Moskowitz Edelman & Dicker, LLP
55 W. Monroe Street, Suite 3800
Chicago, IL 60603
(312) 821-6139
Email: kimberly.blair@wilsonelser.com

Courtney Lynn Wood
Wilson Elser Moskowitz Edelman & Dicker Llp
55 W. Monroe St., Suite 3800, Suite 3800
Chicago, IL 60603
(312) 821-6121
Email: courtney.wood@wilsonelser.com

Joseph J Stafford
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Il 60603-5001
(312) 821-6157
Email: Joseph.Stafford@wilsonelser.com

Robert Merlo
Wilson Elser Moskowitz Edelman and Dicker LLP
55 W. Monroe St., Suite 3800
Chicago, IL 60603
(312) 821-6170
Email: robert.merlo@wilsonelser.com

**Attorneys for Judge William S. Boyd & Judge Renee G. Goldfarb**

Michael James Bradtke
Office of the Illinois Attorney General
General Law
151 S LaSalle Street, Ste 2700
Chicago, IL 60603
(773) 519-2733
Email: Michael.bradtke@ilag.gov