Case: 1:24-cv-06882 Document #: 85 Filed: 01/07/25 Page 1 of 6 PageID #:520

BC    DD

FILED
1/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kenton Girard et al.<br><br>Plaintiff,<br><br>v.<br><br>Village of Glencoe et al.<br><br>Defendants. | **Case No. 1:24-cv-06882**<br><br>District Judge Rebecca R. Pallmeyer<br><br>Magistrate Jeannice W. Appenteng<br><br>Opposition to Mtd by Village of Glencoe and Detective Ryan McEnerney |

Plaintiffs for their Opposition to the Motion to Dismiss brought by Village of Glencoe and Detective Ryan McEnerney hereby state as follows:

I.      The arguments raised as to standing have been cured.

Longtime Attorney Toma Makedonski signed the amended pleading under Dkt[73] on behalf of the minor children Gw and Gr, and his pro hac vice appearance and/or admission to the federal bar is either approved or nearing approval.

II.     Abstention has no basis here.

What is unique about Defendants Village of Glencoe and Detective McEnerney is they are the only defending parties who have *no involvement whatsoever* in the underlying family court proceeding. Neither the Village of Glencoe nor its employee Detective McEnerney is a party or has been judicially appointed for any purpose relating to the underlying family court proceedings. Therefore no litigation with the Defendant can conceivably imply an impact on the underlying family court proceedings. Defendants appear to acknowledge this reality implicitly wherein they perversely suggest that Plaintiffs attempted to gain an advantage in the underlying

family court proceedings by advocating for the pressing of criminal charges (which Defendants never in any case approved) against (admitted sex abuser) Jane F. Girard.

In other respects, Defendants are downright careless about the facts. For example, they write: "... the state court custody dispute rulings at the center of this case … were issued **well prior to the filing of the Complaint**, such that Rooker-Feldman bars challenge of them here" (emphasis added)(Dkt[56] at p. 6). As per the pleadings, there has been no trial as of yet as to the custody of the minor children Gw and Gr in the underlying family court proceeding. As clarified in the recent motion practice hereunder, the judicial officer presiding over the underlying family court proceeding has set that matter for trial on February 18-21 2025. As such, the instant proceedings do not seek to reverse, undo or modify any orders or rulings of the underlying family court proceedings.

Nearly all of the defendants thus far have raised attention to *J.B. v. Woodard*, 997 F.3d 714 (7th Cir. 2021). A recent application of *Woodard* by the Southern District of Illinois is instructive:

> If the claims in *Woodward* [sic] warranted abstention to prevent providing the plaintiff with an "offensive tool to take to state court to challenge that judge's orders," abstention is surely warranted here, where Jenkins sues, among others, the judge presiding over his State-Court Case, and asks this Court to (1) issue orders regarding the constitutionality of the presiding judge's decisions and actions, (2) find that decisions rendered in his State-Court Case are void, and (3) enjoin the state court proceedings. If this Court were to inject itself at this juncture and adjudicate Jenkins' alleged constitutional claims, it would undoubtedly be interfering with Jenkins' State-Court Case. *Jenkins v. McHaney*, 22-cv-2128-DWD, 17 (S.D. Ill. May. 9, 2023)

To wit, under *Jenkins* the plaintiff in that matter asked the Southern District of Illinois to essentially sit in review of the orders and decisions in an underlying state court proceeding. The closest Plaintiffs come to making such a request arises wherein Plaintiffs articulate claims against **former judicial officers who recused themselves** from the underlying family court proceedings in the wake of bribery accusations.

The litmus test under *Woodard* is whether the federal proceedings portend a deleterious impact on comity and federalism. That is not the scenario under these proceedings, wherein (a) pursuing claims against recused judicial officers, resigned family court functionaries and external and uninvolved municipal parties portends zero impact on the outcome of these proceedings, and (b) the underlying proceedings will be concluded on or before February 21 2025 pursuant to the case management order entered in the underlying family court proceedings on October 18 2024 surely before this District Court resolves the pending motions to dismiss hereunder.

Indeed, Defendants cite to a nonprecedential disposition by the Seventh Circuit which mischaracterizes the ruling under *Woodard*, stating in relevant part:

> The district court also based its ruling on this court's opinion in *J.B. v. Woodard*, in which we held that the principles underlying the abstention doctrines-comity, equity, and federalism - command federal courts to abstain from cases that **might interfere** with state domestic-court proceedings, even when none of the abstention doctrines fits to the letter. *Doe v. Lindell*, No. 22-1666, 6 (7th Cir. Jan. 17, 2023) (emphasis added)

The problem is emphasized in bold above. Recalling legendary Supreme Court Justice Ginsburg's landmark lesson under *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 (2005) about the exercise of federal abstention, parallel state proceedings are no bar to the exercise of federal jurisdiction. The phrase "might interfere" is not present under the decision under *Woodard* and furthermore such an overly-encompassing phrase would unacceptably undermine the Supreme Court's holding under *Exxon Mobil* and virtually foreclose federal jurisdiction whenever there is a parallel state proceeding.

Indeed, a nonprecedential appellate court's ruling will not bind as precedent other panels of the issuing court, or even the same panel of the issuing court in the future cases to be decided. Nor will a nonprecedential appellate court's ruling bind trial judges in other cases. In fact, a nonprecedential appellate court's ruling won't even bind the trial judge in the case in which the nonprecedential decision issued in the next case that the trial judge must decide presenting the

same issue.

The previously articulated arguments in opposition to the motion to dismiss brought by the Beermann Defendants as addressing the named abstention doctrines and the domestic relations exception are also incorporated here with equal force and application.

IV.     Equal protection claim satisfies pleading sufficiency.

As previously mentioned, standing problems as to Gw and Gr have been cured wherein they are represented by their attorney Toma Makedonski.

As to fact pleading sufficiency, Plaintiffs agree with Defendants' posture, pursuant to *Minority Police Officers Ass'n v. South Bend*, 801 F.2d 964, 966-67 (7th Cir. 1986), that it suffices to elicit discriminatory intent by describing "the systematic exclusion of persons because of race or the unequal application of a law, policy or system." However, the careless review of the pleading by Defendants failed to note that such sufficient facts have already been adduced in the pleading (Dkt[73] at ¶ 162):

> Upon information and belief, the Glencoe Police Department has been called on over one hundred (100) sexual assault cases since 2019 – all in which the victim was a woman or girl – and **charges have been filed in less than five of those cases**. Recent FOIA requests by Kenton Girard and other residents document this situation. Indeed, reading over FOIA documents produced by the Village of Glencoe in the last four months fills one with a sense of fear for the women and girls who reside in the Village of Glencoe. (emphasis added)

There is nothing vague about the FOIA-supported statistics excerpted above from the pleading.

V.      Civil conspiracy elements have been satisfied as to Det. McEnerney.

The Count VII defendants under the pleading worked together towards a common objective, namely to provide support and credence to the claims of the Beermann LLP clientele (vice versa to work against the opposing parties, here Plaintiff and Marissa Girard). When Det. McEnerney met Attorney Kathryn Ciesla at Tower Road and Skokie Blvd on the outskirts of Glencoe on his way home after work in early August 2023, he accepted an illicit cash payment

from her in order to return a finding of "unfounded" as per the investigation of Jane F. Girard for child sexual assault crimes. Such constitutes an overt and illegal action by Det. McEnerney. Kathryn Ciesla acted as a "cutout" and a "fixer" for Beermann LLP and had the role of bribing *inter alia* local law enforcement to assist Beermann LLP clientele. Dkt[73] at ¶¶ 107, 138, 157, 188.

As a proximate result, Plaintiffs have been harmed by e.g. empowering admitted sex-abuser Jane F. Girard to advance forward in her quest for a court order of custody, traumatizing Plaintiffs, causing mental anguish and stress, by assisting Beermann LLP to unreasonably elongate the proceedings thereby forcing Gw and Gr's attention away from the needs of the growing business White Lemon Creations, and similarly forcing Plaintiff's attention away from the needs of his real estate brokerage business. Dkt[73] at ¶¶ 6, 20, 80-81, 127, 129, 130-138, 157, 188.

VI.     The *Monell* claim also passes muster.

The central focus of pleading sufficiency as to a *Monell* claim is articulating the unofficial pattern or practice underlying the violations of Plaintiffs' civil rights. As described supra, Plaintiff have already adduced the summary statistics resulting from a careful review of FOIA documents and public records as to criminal investigations undertaken by the Department of Public Safety of the Village of Glencoe. Dkt[73] at ¶ 162.

Further we recall – as we have already emphasized under Dkt[73] at ¶ 201 – that the Supreme Court has confirmed that a *Monell* claim does not require detailed or specific factual allegations to survive a motion to dismiss, as here. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-169 (1993).

Seemingly unaware of *Leatherman* – which is absolutely controlling – Defendants

suggest that Plaintiffs have not sufficiently presented factual evidence supporting the *Monell* claim. However, presentation of factual content via summary statistics should not be conflated with factual shortcomings. Defendants cite to *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) and *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) in support of their proposition that the Monell claim is wanting for factual articulation.

Plaintiffs therefore respectfully request that this Court (a) deny the Motion to Dismiss propounded by the Village of Glencoe and Detective Ryan McEnerney.

Dated: January 3, 2025                                   Respectfully Submitted,

KENTON GIRARD, *In Pro Se*

/s/ Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com
Tel: 773-575-7035