**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENTON GIRARD, MARISSA GIRARD, MINOR CHILD GW, and MINOR CHILD, CR ) | |
| Plaintiff, | |
| v. | Case No. 2024-cv-06882 |
| VILLAGE OF GLENCOE, ILLINOIS, DETECTIVE RYAN MCENERNEY, MARIA PAREDES, VANESSA HAMMER, HAMMER SERNA & QUINN, LLC, GWENN WALDMAN, BREANNA TRAUB, PHYLLIS AMABILE MD, BEERMANN LLP, JOHN M. D'ARCO ESQ, JAMES M. QUIGLEY ESQ. ENRICO J. MIRABELLI ESQ, JUDGE WILLIAM S. BOYD, JUDGE RENEE G. GOLDFARB, and KATHRYN CIESLA, ESQ. | |
| Defendants. | |

**<u>DEFENDANT BREANNA FRUEH f/k/a BREANNA TRAUB's</u>**
**<u>REPLY IN SUPPORT OF HER MOTION TO DISMISS</u>**

NOW COMES Defendant, Breanna Frueh formerly known as Breanna Traub, (Defendant Traub), by and through LEWIS BRISBOIS BISGAARD & SMITH, LLP, and for her Reply in Support of Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12 (b)(1) and 12 (b)(6) states as follows:

1.       Pro se Plaintiff Kenton Girard continues to attempt to represent the minor children in this litigation and it remains improper.  He advises in his opposition to this Defendant's Motion to Dismiss that counsel shall be entering an appearance on behalf of the minor children, but such has not occurred.  The brief filed in response to this Defendant's Motion to Dismiss by Kenton Girard, purportedly on behalf of his minor children, was prepared by him and signed by him and filed by him.  He therefore continues to attempt to improperly represent the minor children and

continues to attempt to maintain this action on their behalf. The allegations as against this Defendant Traub, which consist of allegations seeking relief on behalf of the minor child GW, should be stricken. *Stapleton v. Matthew,* 2019 US Dist. Lexis 132267, paragraph 11 (C.D. Ill. August 7, 2019)

2.      Regarding the abstention doctrine this Defendant continues to adopt and incorporate the arguments made in her motion to dismiss and as set forth by other Defendants in this litigation. The issues have been explored at length in other filings. With particular reference to this Defendant Traub, pro se Plaintiff Kenton Girard's response to this defendant's Motion to Dismiss argues this Defendant must be held liable for communications "sharing details from GW therapy sessions with non-mental health professional and admitted sex abuser Jane F Girard." Pro se Plaintiff Girard agrees that the State of Illinois proceedings are pending. The relationship between the allegations as against Defendant Traub and the Illinois domestic proceedings is evidenced by an improper subpoena recently attempted in the State matter and directed to this Defendant. (See Exhibit A) Marissa Girard, in that state action apparently wants "documents of all communications via e-mail, text, or voice calls" with Jane F. Girard. (Exhibit A)

3.      These alleged communications are argued as the very bases of this Federal action against this Defendant. The attempts to litigate these issues on multiple fronts is improper and subjects this case to dismissal. Pre so Kenton Girard's arguments that these disputes are not related to the State Court proceedings and are not subject matter of state domestic relations proceedings is disingenuous and without a basis in reality. Dismissal of the action pursuant to the applicable abstention doctrines is warranted.

4.      Regarding this Defendants arguments that the Count against Defendant Traub must be dismissed pursuant to Rule 12(b)(6), Plaintiff cites no authority supporting the cause of action

attempted against this Defendant Licensed Clinical Social Worker. In response to the motion to dismiss pro se Plaintiff Girard states in conclusory fashion that there was duty regarding details from GW therapy and regarding communications between this Defendant and "admitted sex abuser Jane F Girard" but fails entirely to argue what disclosure occurred, when the disclosure occurred, and what was it that qualified the alleged disclosure as protected. The alleged communications, it should be remembered, are argued as between this Defendant Traub and the biological mother. Plaintiff fails to adequately allege a cause of action.

5.     Further, regarding the 12(b)(6) aspect of the motion to dismiss and proximate cause Plaintiff simply argues in his response that information obtained from GW (the minor) therapy sessions was directly transmitted to the "admitted sex abuser Jane F. Girard." This argument from the response is more detailed than the filed complaint and the complaint lacks even such vague and inflammatory details. Both, however, are entirely without factual allegations supporting a link between communications of allegedly "illicit" material with the "rapist/sex abuser" and injuries or damages.

6.     Rule 12(b)(6) requires dismissal for failure to allege actual injury or damages. Pro se plaintiff Girard attempts to argue that there was such an "outrageous" breach that there is no need to prove damages, but there is no support for such an argument. The complaint fails to argue damages other than speculation and future damages, or damages in no way related to any duty owed to the minor. The damages are not explained and the problem is not resolved by the Plaintiff's response to Motion to Dismiss.

7.     The first category of damages claimed under the Count argues that the minor now has "highly sensitive and embarrassing details" "sitting on the docket for any member of the public to download, thereby jeopardizing their future careers and lives." This allegation is clearly

speculative, suggests uncertain future harm, and fails entirely to show relation to the alleged breach of duty. The response also attempts to argue that there is some conduct on the part of this Defendant that will subject the minor to future abuse. This too is an improper claim of injury or damage. No link can be established between the conduct of this Defendant and the possibility of and future criminal conduct with one of the children as a victim.

8.      Allegation (b) indicates that a breach by this Defendant resulted "an unconscionable and unconstitutional gag order". This allegation of claimed damages is improper for multiple reasons. This Defendant is unaware of any no determination or documentation that any order was "unconscionable" and "unconstitutional". In addition, as indicated above, no proximate cause can be established between the conduct of this Defendant Traub and the entry of such an order. No harm from the alleged order can be argued as related to any duty of this Defendant. This Defendant Traub is a private actor involved in the provision of mental health services to private clients and there is no legal theory of recovery articulated that can be used to impose legal responsibility or liability upon this Defendant and regarding Plaintiff Kenton Girard's claims that the minor children were stripped of their "First Amendment rights."

9.      Allegation (c) argues that pro se Plaintiff Kenton Girard and "Plaintiffs" in general, incurred fees, but provides no explanation as to how this Defendant owed a duty to any party responsible for fees. There is also no reasonable contention as to proximate cause – and pro se Plaintiff's Kenton's numerous and inflammatory and improper pleadings speak to the issue and the absolute inability to plead cause in this regard.

10.      Finally, regarding damages allegation (d), pro se Plaintiff Kenton Girard appears to abandon this claim as it is not addressed in his response. That makes sense because paragraph (d) argues that "because Defendant Paredes refused to perform her job duties, the minor children have

to live in fear of being assaulted again by their estranged mother Jane Girard, especially with the viable prospect of the bribed Judge Goldfarb ordering shared custody." (Plaintiff's complaint, ¶ 139) This allegation is speculative and without any contention or allegation related to this Defendant Traub.

11.    The entirety of the action against Defendant Traub, contained within Count III, should be dismissed with prejudice pursuant to Federal Rule 12(b)(1) and 12 (b)(6) as set forth above and in the previously filed Motion to Dismiss.

Respectfully Submitted,

*/s/ Charles A. Egner*
One of the attorneys for Defendant Breanna
Frueh f/k/a Breanna Traub

Charles A. Egner, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Firm No.  41737
P: (312) 345-1718 / F: (312) 345-177