THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENTON GIRARD, MARISSA GIRARD, MINOR CHILD GW, and MINOR CHILD GR | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2024-cv-06882 |
| VILLAGE OF GLENCOE, ILLINOIS, DETECTIVE RYAN MCENERNEY, MARIA PAREDES, VANESSA HAMMER, HAMMER SERNA & QUINN, LLC, GWENN WALDMAN, BREANNA TRAUB, PHYLLIS AMABILE MD, BEERMANN LLP, JOHN M. D'ARCO ESQ, JAMES M. QUIGLEY ESQ. ENRICO J. MIRABELLI ESQ, JUDGE WILLIAM S. BOYD, JUDGE RENEE G. GOLDFARB, and KATHRYN CIESLA, ESQ. | ) ) ) ) ) ) ) ) ) ) | |

**DEFENDANT'S, GWENN WALDMAN'S, REPLY IN SUPPORT
OF HER MOTION TO DISMISS**

NOW COMES the Defendant, GWENN WALDMAN (hereinafter "Waldman"), by and through her attorneys, CASSIDAY SCHADE, LLP, and for her Reply in support of her Motion to Dismiss, states as follows:

**INTRODUCTION**

In response to Waldman's motion to dismiss, Plaintiff, Kenton Girard, filed a response on December 27, 2024. (Dkt. No. 80). Despite Plaintiffs' response, they fail to adequately respond to the motion to dismiss for a multitude of reasons. First, they falsely claim an appearance has been filed by an attorney on behalf of the minor Plaintiffs. However, no such appearance has been filed, and Plaintiffs' amended complaint and response brief to the motion to dismiss was signed and filed by *pro se* Plaintiff, Kenton Girard. Secondly, Plaintiffs claim that the abstention doctrine fails to apply because the state family court proceedings are not implicated. However, such claim is also

1

false and unsupported by Plaintiff's cited case law. The state court proceedings directly involve Waldman and her role as court-appointed therapist. As such, the federal abstention doctrines apply to this case. Finally, Waldman is immune from Plaintiffs negligence claim under 750 ILCS 5/604.10, despite Plaintiff's claims that the immunity does not apply to her breach of her duty as a therapist. For a variety of reasons, Plaintiffs claim should be dismissed, and their response fails to adequately address the deficiencies and defenses against the Complaint directed at Waldman.

**I.     Pro Se Plaintiff Girard Cannot Pursue an Action on Behalf of Minor Children**

Plaintiffs claim in their response that an appearance has been filed by Attorney Toma Makedonski on behalf of MINOR CHILD GW, and MINOR CHILD, GR (hereinafter "minor children"). However, no such appearance has been filed. While Plaintiffs' Amended Complaint was signed by Toma Makedonski on behalf of the minor children, the response brief was filed solely on behalf of Kenton Girard.

Specifically, with respect to Count III, Plaintiffs allege that Defendant Waldman breached a duty of care owed to the minor children. The Seventh Circuit is clear that a *pro se* Plaintiff cannot maintain a cause of action on behalf of their minor children. *Foster v. Board of Education,* 611 Fed. Appx. 874, 877 (7th Cir. 2015). Here, as the only allegations and damages pertaining to Waldman's alleged negligence is related to the minor children, Kenton Girard has no separate cause of action against Waldman. Despite the signing of the amended complaint by Toma Makedonski on behalf of the minor children, no appearance has been filed on their behalf. As a result, the minor children's cause of action is still being maintained by *pro se* Plaintiff, Kenton Girard. As a result, Plaintiffs claim against Waldmann must be dismissed as improper.

**II.    Plaintiffs' Claims are Barred by Multiple Abstention Doctrines**

Plaintiffs misapply legal authority in order to support their fruitless argument that multiple

abstention doctrines do not apply to this federal case. In support of their argument Plaintiffs cite *Hadzi-Tanovic v. Johnson.* In said case, the plaintiff filed a claim alleging that defendant, ex-husband conspired with the state court judge as well as the guardian *ad litem*, to deprive her rights as a present and her minor children's rights. *Hadzi-Tanovic v. Johnson,* 201 U.S. Dist. LEXIS 226663, 2021 WL 5505541, * 8 (N.D. Ill., Nov. 24, 2021). The court held and ruled that although the *Rooker-Feldman, Younger*, and domestic relations exceptions did not apply, general abstention principles warranted dismissal, and the court dismissed plaintiff's complaint. *Id* at * 11-19. Despite Plaintiff's citation and claims that such doctrines do not apply, Defendant Waldman reincorporates the arguments from Defendant Traub and others in various briefs concerning said the application of said doctrines.

Finally, even if those doctrines do not apply, general abstention principles apply to this case. In *Hadzi-Tanovic,* the very case cited by Plaintiff, the court reasoned that general abstention principles applied to the case because the plaintiff asked the court to criticize the state court's application and rulings on family law. *Id.* at * 17. The court further reasoned that the plaintiff could use the judgment rendered by the court to interfere with the ongoing state proceedings. *Id.* The court was clearly against hearing Plaintiff's complaint by noting that the since plaintiff named the state domestic relations court judge as a defendant, the plaintiff was challenging the legitimacy of the state court proceedings. *Id.*

Here, *Hadzi-Tanovic* is analogous to the current case. Plaintiff does file his complaint and amended complaints challenging the legitimacy of the state court proceedings by naming Judge Boyd, the judge involved in the Girard family law proceedings as a defendant. (Dkt Nos. 1, 5, 73). As such, the Court would be required to challenge the legitimacy of the pending state court proceedings. Plaintiffs wrongly argue that such general abstention principles do not apply because

3

Waldman resigned from her job before the court proceedings began, and because the state family law court proceedings are set for trial in February of 2025. Clearly, the state law proceedings are pending, and Ms. Waldman's current job position is not relevant, as her involvement in the case stems from her being a court-appointed therapist. Thus, general abstention principles apply to this case, and the Court should dismiss Plaintiffs' complaint.

### III. The Negligence Claim is Not Viable as It is Barred by Professional Immunity

Despite Plaintiffs' claims, Defendant Waldman is entitled to absolute immunity regarding the negligence allegations. First, Plaintiffs claim that the professional immunity does not apply to Waldman because of alleged breaches of therapist patient confidentiality. Plaintiffs argue that they are not "pursuing" her for her recommendations or findings in the family court proceedings, but for violating therapist-patient confidentiality by providing sensitive information of the minor children to their biological mother, Jane Girard. However, the Seventh Circuit is clear that "[g]uardians ad litem and court-appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction." *Cooney v. Rossiter,* 583 F.3d at 970; citing *Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006); *Scheib v. Grant,* 22 F.3d 149, 157 (7th Cir. 1994).

Here, Plaintiffs have alleged that Waldman breached her therapist-patient confidentiality by disclosing information with Defendant Hammer, the appointed guardian *ad litem* for the minor children (Dkt. No. 5 at ¶ 51). Plaintiffs further allege that Waldman violated her therapist-patient confidentiality by disclosing confidential information to another therapist at Breakthroughs Family Solutions, the place of employment of Waldman. (*Id.* at ¶ 54). Clearly, despite the baseless allegations, such alleges revolved around Waldman's role as a court-appointed therapist in communicating with the guardian *at litem* and other mental health professionals applying care and

4

help to members involved in the Girard family law proceedings. Thus, despite Plaintiffs' claims that Waldman leaked confidential therapy session data, absolute immunity applies as her actions were within the actions of her court appointed duties and Plaintiffs' complaint must be dismissed.

### IV.  Defendant Waldman Incorporates the Arguments Raised in Defendant Traub's Reply

Finally, to the extent Defendant Traub raises various deficiencies with Plaintiffs' Complaint and to the extent that Defendant Traub's Reply raises arguments in support of dismissal that are equally applicable to Defendant Waldman, Defendant Waldman hereby incorporates Defendant Traub's Reply (Dkt. No. 88) as part of Defendant Waldman's Reply.

### CONCLUSION

Plaintiffs' response fails to adequately address the issues and legal defenses against their complaint. As a result, Plaintiffs' complaint must be dismissed for a multitude of reasons. First, legal authority is clear that *pro se* Plaintiff, Kenton Girard cannot bring a claim on behalf of the minor children. Since the minor children's claim is the only claim against Waldman, the claim must be dismissed. Second, general abstention doctrines and other abstention doctrines bar this Court from hearing Plaintiffs' complaint, and therefore, this Court must dismiss the complaint. Finally, despite the claim that absolute immunity does not apply to Waldman's claims, her actions, and the claim itself revolves around her court appointed duties, and thus the absolute immunity applies. Therefore, Plaintiffs' complaint must be dismissed with prejudice.

WHEREFORE, Defendant, GWENN WALDMAN, by and through her attorneys, CASSIDAY SCHADE, LLP, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), moves to dismiss all claims directed at her in Plaintiffs' Complaint, and any other equitable relief the court deems necessary and just.

        Respectfully submitted,

        CASSIDAY SCHADE LLP

        By: /s/ Luke J. Sawicki
            One of the Attorneys for Defendant, GWENN WALDMAN

Michael Hennig
John A. O'Donnell, Jr.
Luke J. Sawicki
CASSIDAY SCHADE LLP
222 W. Adams Street, Suite 2900
312-641-3100
mhennig@cassiday.com
jodonnelljr@cassiday.com
lsawicki@cassiday.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, I electronically filed the foregoing **Defendant Gwen Waldman's Reply in Support of Her Motion to Dismiss,** with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to all counsel of record. I also hereby certify that a true and correct copy of the foregoing Certificate of Service via Email to the following non-CM-ECF participant at the following email address before the hour of 5:00 p.m., on January 21, 2025. Under penalties as provided by law, I certify that the statements set forth herein are true and correct:

    **PRO SE**
    Kenton Girard
    965 Forestway Drive
    Glencoe, IL 60022
    (773) 575-7035
    Kg5252@yahoo.com

        /s/ Luke J. Sawicki

13114613