IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENTON GIRARD, et al., | ) | |
| | ) | No. 24-cv-06882 |
| Plaintiffs, | ) | |
| | ) | Judge Rebecca M. Pallmeyer |
| vs. | ) | |
| | ) | Magistrate Jeannice W. Appenteng |
| VILLAGE OF GLENCOE, ILLINOIS, et al., | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

**DEFENDANTS RYAN MCENERNEY AND THE VILLAGE OF GLENCOE'S
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

In their Motion to Dismiss, (Dkt. 56, "Motion"), the Glencoe Defendants[1] made a host of arguments warranting dismissal of Plaintiffs' claims against them. Seven (7) days after the Court-ordered deadline, (*see generally* Dkt. 86, Glencoe Defs.' Mot. for Extension), Plaintiffs filed their Opposition to the Motion, (Dkt. 83, "Response"), which does nothing to warrant surviving this case past Rules 12(b)(1) and 12(b)(6). The standing/representation concerns that plague the Minor Children's presence in the case have not been cured, the suite of Defendants sued have fulsomely demonstrated that abstention is appropriate, and Plaintiffs have not adequately established that they have met the bare minimum pleading requirements necessary for their merits claims to survive a motion to dismiss. For the reasons laid out in the Motion and expounded upon below, the Glencoe Defendants should be dismissed.

**I.    Plaintiffs Have Not Cured the Standing Defect Concerning the Minor Children**

The Glencoe Defendants argued in their Motion that the Minor Children, and thus the Minor Children's equal protection claim against the Glencoe Defendants, must be dismissed because the Minor Children are improperly represented by their *pro se* father. (Dkt. 56, Mot. at 4–5, 7.)

---

[1] For consistency's sake, the Glencoe Defendants retain use of all abbreviations and referents used in their Motion.

Plaintiffs responded that they cured the Minor Children's representational/standing deficiency by retaining attorney Toma Makedonski. (Dkt. 83, Resp. at 1.)

The Glencoe Defendants incorporate the arguments made by a host of other Defendants who have noted that this is simply not true, as Makedonski has yet to file an appearance on the Minor Children's behalf and does not appear to be a member of the trial or general bar of the Northern District. (Dkt. 84, Def. Ciesla's Mot. to Dismiss ("Ciesla Motion") at 7–8; Dkt. 88, Def. Traub's Reply in Support of Her Mot. to Dismiss ("Traub Reply") at ¶ 1; Dkt. 90, Def. Waldman's Reply in Support of Her Mot. to Dismiss ("Waldman Reply") at 2.) Indeed, only Mr. Girard signed the Response, which purports to have been filed on behalf of all Plaintiffs. This effective concession that Mr. Girard is, in fact, representing the Minor Children proves that they are improperly present in this case. They and their sole equal protection claim against the Glencoe Defendants must be dismissed.[2]

## II. The Glencoe Defendants Fully Incorporate & Adopt Their Codefendants' Arguments Concerning Abstention (All Counts)

By this point, the Court has been sufficiently inundated with the pantheon of reasons recommending abstention. The Glencoe Defendants, who have already incorporated the Beermann Defendants' initial arguments concerning abstention, (*see* Dkt. 56, Mot. at 5), will not repeat all those reasons here. Instead, the Glencoe Defendants fully incorporate and adopt the abstention arguments made in their various codefendants' briefs as if fully stated herein. (Dkt. 71, Beermann Defs.' Reply In Support of Their Mot. to Dismiss at 3–7; Dkt. 84, Ciesla Mot. at 8–9; Dkt. 88, Traub Reply at ¶¶ 2–3; Dkt. 90, Waldman Reply at 2–4.)

---

[2] To the extent Mr. Girard might be construed as a "next friend" with legal capacity to bring suit on the Minor Children's behalf, the Glencoe Defendants note that that is foreclosed as a matter of law: "'Representative parties such as next friends may not conduct litigation pro se.'" *Aries Sinclair v. McLean Cnty. Bd.*, No. 20-1082, 2020 WL 4208917, at *6 (C.D. Ill. July 22, 2020) (quoting *Elustra v. Mineo*, 595 F.3d 699, 704–05 (7th Cir. 2010)).

The Glencoe Defendants only add that, in their Motion, they cited specific allegations in the Complaint demonstrating that Plaintiffs are attempting to use this litigation to "not only review, but also, in effect, outright reverse prior state court decisions." (Dkt. 56, Mot. at 5 (citing Dkt. 1, Compl. ¶¶ 60–62, 130–31).) Plaintiffs ignore this assertion and do not address the identified allegations. "Failure to respond to an argument—as [Plaintiffs] have done here—results in waiver." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Because Plaintiffs waive opposition to the argument that specific allegations in their Complaint demonstrate that this lawsuit seeks to override state court decisions, abstention is required, and Plaintiffs' claims must be dismissed.

### III. The Equal Protection Claim Fails (Count VIII)

First, the Glencoe Defendants argued that the putative equal protection claim belongs exclusively to the Minor Children—not Mr. Girard. (Dkt. 56, Mot. at 7.) Plaintiffs do not respond to this argument, waiving opposition as a result. *Bonte*, 624 at 466. Thus, to the extent Mr. Girard seeks to bring the equal protection claim on behalf of himself, it necessarily fails and must be dismissed as to him.

Second, the Glencoe Defendants argued that Plaintiffs failed to adequately plead discriminatory intent in connection with their claim of gender discrimination. (Dkt. 56, Mot. at 7–9.) Specifically, Plaintiffs failed to include either (1) a specific allegation that the Glencoe Defendants harbored an animus toward women, or (2) allegations demonstrating that the "other crimes" purportedly investigated by the Glencoe Defendants at the expense of sexual assault complaints permit an inference of discriminatory intent towards *women*, since those "other crimes" plausibly include a host of oft-gendered crimes, i.e., domestic abuse or stalking. (*Id*.)

3

Plaintiffs do not respond to this argument in any fulsome way. Instead, they argue that their allegation that charges were filed in less than 5 of the 100-plus cases of sexual assault since 2019 is sufficient to plead discriminatory intent. (Dkt. 85, Resp. at 4.) As the Glencoe Defendants already laid out in their Motion, these "'allegations merely tend to establish that [the Glencoe Defendants], in Plaintiff[s'] estimation, inadequately exercised discretionary investigatory authority in an individualized manner.'" (Dkt. 56, Mot. at 8 (quoting *Doe v. N. Reg'l Police Dep't of Allegheny Cnty.*, No. 2:22-cv-1628, 2024 WL 3377888, at *7 (W.D. Pa. July 11, 2024)).) Plaintiffs do not respond to this argument or the caselaw supporting it, waiving opposition as a result. *Bonte*, 624 at 466.

Respectfully, the Court cannot conjure *gender*-based discriminatory intent for Plaintiffs where the allegations themselves only permit the inference that the Glencoe Defendants (allegedly) did not sufficiently investigate a single crime, irrespective of gender. Thus, whether for reason of waiver or because the allegations fail on the merits, the equal protection claim must be dismissed based on its neglect in pleading discriminatory intent.

### IV. The Civil Conspiracy Claim Against Detective McEnerney Fails (Count VII)

The Glencoe Defendants argued that the civil conspiracy claim fails because no standalone underlying claim survives Defendants' various motions to dismiss, which is necessary to support conspiracy. (Dkt. 56, Mot. at 9.) Plaintiffs ignore this argument, thus waiving it and requiring dismissal should the Court dismiss all underlying claims. *Bonte*, 624 at 466.

### V. The *Monell* Claim Against the Village of Glencoe Fails (Unnumbered Count)

Plaintiffs confirm that they have attempted to lodge a claim against the Village of Glencoe based on *Monell v. Department of Social Services of City of N.Y.*, 436 U.S. 658 (1978). (Dkt. 85, Resp. at 5–6.) This cause of action fails for at least two reasons.

First, Plaintiffs fail to respond to the Glencoe Defendants' primary *Monell* argument, that because the sole constitutional claim for equal protection fails, the *Monell* claim necessarily fails for lack of a viable underlying constitutional cause of action. (Dkt. 56, Mot. at 9.) Plaintiffs thus waive opposition to this argument, such that should the equal protection claim be dismissed, the *Monell* claim must be dismissed, as well. *Bonte*, 624 at 466.

Second, Defendants argued that Plaintiffs failed to plead the bare minimum required of a *Monell* claim, including facts (1) to support the theory that the Village of Glencoe has a policy or custom of gender-based differentiation in responding to sexual assaults reports, (2) to show prior conduct, or (3) to show other conduct that has some correlation to the incident at issue. (Dkt. 56, Mot. at 10–11.) Plaintiffs' sole response is to say that their summary statistics showing the frequency of the Village of Glencoe's investigation rate of sexual assault cases is sufficient to state a federal claim seeking to impose massive liability on a municipality. (Dkt. 85, Resp. at 5–6.)

This is patently insufficient as a matter of law. As Judge Ellis recently noted, "without any other allegations of a recurring, obvious" pattern of discrimination in a municipality, "summary statistics" are "too general" to make out a *Monell* claim. *Lankamer v. Lalley*, No. 24 C 506, 2024 WL 4119152, at *7 (N.D. Ill. Sept. 9, 2024). In *Strauss v. City of Chicago*—relied upon by Judge Ellis in *Lankamer*—the Seventh Circuit upheld the dismissal of a *Monell* claim where the plaintiff attempted to allege the minimal facts required by producing statistical summaries regarding complaints filed with the police department. 760 F.2d 765, 768–69 (7th Cir. 1985). Per the court of appeals, such statistics, with nothing more, do not make out a claim for *Monell* liability. *Id.* at 769. The identical concern is presenting, warranting dismissal of the *Monell* claim as a matter of law.

Date: January 31, 2025    Respectfully submitted,

*/s/ Jeffrey R. Kivetz*
JEFFREY R. KIVETZ, Attorney No. 6308250
*One of the Attorneys for Defendants Village of Glencoe and Detective Ryan McEnerney*

James G. Sotos
Jeffrey R. Kivetz
Alexis M. Gamboa
Thomas J. Sotos
**THE SOTOS LAW FIRM, P.C.**
141 W. Jackson Boulevard, 1240A
Chicago, IL 60604
(630) 735-3300
jkivetz@jsotoslaw.com

6

**CERTIFICATE OF SERVICE**

       I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on **Friday, January 31, 2025**, I electronically filed the foregoing **Defendant Village of Glencoe and Detective Ryan McEnerney's Reply in Support of Their Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed on the below Service List:

***Pro Se Plaintiffs***
Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
773-575-7035
kg5252@yahoo.com

***Attorneys for Village of Glencoe and Det. Ryan McEnerney***
Steven M. Elrod
Elrod Friedman, LLP
352 North LaSalle Street, Suite 450
Chicago, IL 60654
steven.elrod@elrodfriedman.com

***Attorneys for Defendants Vanessa Hammer &Hammer Serna & Quinn, LLC***
Bryan J. Kirsch
John J. Duffy
Swanson, Martin, & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 606011
(312) 321-9100
bkirsch@smbtrials.com
jduffy@smbtrials.com

***Attorneys for Defendant Phyllis Amabile, MD***
Jeffrey P. Nankervis
Michael R. Slovis
Cunningham, Meyer, & Vedrine, P.C.
1 East Wacker Drive, Suite 2200
Chicago, IL 60601
jnankervis@cmvlaw.com
mslovis@cmvlaw.com

***Attorneys for Defendants Beermann, LLP, John M. D'Arco Esq., James M. Quigley Esq., and Enrico J. Mirabelli Esq.***
Kimberly E. Blair
Robert F. Merlo
Courtney L. Wood
Joseph J. Stafford
Wilson Elser Moskowitz Edelmann & Dicker, LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60606
(312) 812-6139
kimberly.blair@wilsonelser.com
robert.merlo@wilsonelser.com
courtney.wood@wilsonelser.com
joseph.stafford@wilsonelser.com

***Attorneys for Defendants Judge William S. Boyd and Judge Renee G. Goldfarb***
Michael James Bradtke
Office of the Illinois Attorney General
115 South LaSalle Street, 27th Floor
Chicago, IL 60603
(224) 278-8343
Michael.bradtke@ilag.gov

***Attorneys for Defendant Gwenn Waldman***
Michael J. Hennig
John A. O'Donnell, Jr.
Luke J. Sawicki
222 West Adams Street, Suite 2900
Chicago, IL 60606
mhennig@cassiday.com
jodonnelljr@cassiday.com
lsawicki@cassiday.com

***Attorneys for Defendant***
***Breanna Traub nee Frueh***
Charles A. Egner
Sherry H. Joseph
Lewis Brisbois Bisgaard & Smith LLP
550 W. Adams Street, Suite 300
Chicago, Illinois 60611
(312) 463-3425
Charles.Egner@lewisbrisbois.com
Sherry.Joseph@lewisbrisbois.com

***Attorneys for Defendant***
***Kathryn Ciesla Esq***.
Jeremy N. Boeder
Michael Joseph Meyer
Tribler Orpett & Meyer, P.C.
225 West Washington Street, Suite 2550
Chicago, IL 60606
jnboeder@tribler.com
mjmeyer@tribler.com

 

*/s/ Jeffrey R. Kivetz*
JEFFREY R. KIVETZ, Atty No. 6308250
*One of the Attorneys for Defendants Village of Glencoe and Detective Ryan McEnerney*