IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENTON GIRARD, *et al.*, | ) ) |
| Plaintiffs, | ) Case No. 1:24-cv-6882 ) ) Hon. Rebecca R. Pallmeyer, Presiding Judge |
| v. | ) ) Hon. Jeannice W. Appenteng, ) Magistrate Judge |
| VILLAGE OF GLENCOE, ILLINOIS, *et.al.*, | ) ) ) |
| Defendants. | ) ) |

**JUDGES BOYD AND GOLDFARB'S**
**REPLY IN SUPPORT OF THEIR RULE 12(b)(1) & 12(b)(6) MOTION TO DISMISS**

Defendants Judges Boyd and Goldfarb ("Defendant Judges"), by their attorney, Kwame Raoul, Attorney General of Illinois, submit the following reply in support of their motion to dismiss.

**INTRODUCTION**

Plaintiff Kenton Girard has sued the Defendant Judges based on decisions they made when they were presiding over Plaintiff's domestic relations case, *In Re the Former Marriage of Kenton Girard and Jane Girard,* Case No. 2015 D 99633, in the Circuit Court of Cook County. *ECF* No. 73. Plaintiff alleges Defendant Judges were improperly influenced through bribes to favor the law firm representing his wife in their domestic relations proceeding, and therefore violated his "Right to Impartial Proceedings" (Count I) and engaged in a "Civil Conspiracy" (Count VII). *ECF* No. 73 at Count I and VII. In Count II, Plaintiff alleges Defendant Judges violated the First Amendment rights of his two minor children when Defendant Judges issued a gag order in the underlying domestic relations case. *Id.* at Count II.

1

Defendant Judges moved to dismiss Counts I, II, and VII of Plaintiff's complaint for three reasons. First, the *Rooker-Feldman* or *Younger* doctrine precludes Plaintiff's claims against Defendant Judges, as Plaintiff is attempting to have this Court review the decisions of a state court domestic relations case. Even if the Court has jurisdiction, the Court should abstain from hearing this case based on principles of federalism and comity. Finally, Defendant Judges are entitled to judicial immunity with respect to all actions taken in their judicial capacity. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Plaintiff has failed to file a response to Defendant Judges motion to dismiss Accordingly, Defendant Judges request this Court grant their uncontested motion to dismiss.

## ARGUMENT

**I.** **Plaintiff's failure to respond constitutes waiver.**

Plaintiff was given until January 31, 2025, to respond to Defendant Judges motion to dismiss. ECF No. 81. As of the time of this filing, Plaintiff has not responded to Defendant Judges motion to dismiss. "[F]ailure to respond to an argument … results in waiver." *Bonte v. U.S. Bank, N.A.* 624 F.3d 461, 466 (7th Cir. 2010). "If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discovery whether there might be something to say against the defendants' reasoning." *Id*. *See also County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006). Accordingly, this Court should dismiss the claims against Defendant Judges as their motion is unopposed. Defendant Judges reassert their arguments made in their motion to dismiss Plaintiff's amended complaint.

Accordingly, Counts I, II, & VII of Plaintiff's complaint and Defendant Judges should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Counts I, II, and VII of Plaintiff's complaint with prejudice and dismiss the Defendant Judges from this case.

2

Respectfully submitted,

KWAME RAOUL

Attorney General of Illinois

By: /s/ Michael J. Bradtke

Michael J. Bradtke
Assistant Attorney General
115 S. LaSalle Street, Suite 2700
Chicago, Illinois 60603
(312)814-1212
Michael.Bradtke@ilag.gov

*Counsel for Judge Boyd and Judge Goldfarb*