IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENTON GIRARD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 2024 CV 6882 |
| v. ) | |
| ) | Hon. Rebecca Pallmeyer |
| ) | |
| VILLAGE OF GLENCOE, ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT PAREDES' RESPONSE TO MOTION FOR DEFAULT**

NOW COMES the Defendant Maria Paredes, Supervisor, Illinois Department of Children and Family Services ("DCFS"), in her individual capacity, by her attorney, Kwame Raoul, Attorney General for the State of Illinois, and responds to Plaintiff's motion for entry of the default against her as follows:

**I.  Background and Procedural History.**

1. On August 13, 2024, Plaintiff, Kenton Girard, on his own behalf and on behalf of the minors Gw. and Gr., filed a complaint against fifteen defendants, including Defendant Maria Paredes.  (Doc. 5).

2. On November 20, 2024, an appearance was entered on behalf of Defendant Maria Paredes.  (Doc. 61).  Defendant Paredes sought an extension of time to file her answer to the Complaint.  (Doc. 62).  Defendant Paredes was given leave to file her answer by December 11, 2024.  (Doc. 65).

3. On December 9, 2024, Plaintiff filed a First Amended Complaint.  ("Am. Compl.") (Doc. 73).

1

4. On March 7, 2025, Plaintiff filed a motion for default against Defendant Paredes. (Doc. 97). On March 12, 2025, this Court entered an order directing Defendant Paredes to show cause within seven days why this court should not enter an order of default against her. (Doc. 98).

5. Defendant Paredes asks that this Court decline to enter an order of default for good cause, as set forth below.

6. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). To set aside the entry of default, the moving party is required to show good cause, quick action to correct it and an arguably meritorious defense to the lawsuit. *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023). "[T]he Court is aware that 'courts must have at their disposal the sanction of dismissal in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not', the Court also finds that in general, in the absence of a showing of willfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment." *Christiansen v. Adams*, 251 F.R.D. 358, 360 (S.D. Ill. 2008), citing *Stevens v. Greyhound Lines, Inc.,* 710 F.2d 1224, 1230 (7th Cir. 1983). Default judgments are viewed as "a weapon of last resort, appropriate only when a party wilfully disregards pending litigation." *Yong-Qian Sun v. Board of Trustees*, 473 F.3d 799, 811 (7th Cir. 2007). Defendant Paredes can establish all three elements necessary to set aside a default under Fed. R. Civ. P. 55(c).

II. **Defendant Paredes Can Show Good Cause For The Requested Judicial Action.**

7. First, the Defendants can show good cause for the requested judicial action to deny the motion for default. "Defaults may be set aside for 'good cause'. Damages

disproportionate to the wrong afford good cause for judicial action, even though there is no good excuse for the defendant's inattention to the case. Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error…" *Sims v. EGA Products*, 475 F.3d 865, 868 (7th Cir. 2007). "Rule 55(c)'s 'good cause' standard is a lenient one that does not depend on there being a good excuse for the defendant's failure to appear in a timely manner." *Strabala v. Zhang*, 318 F.R.D. 81, 91 (N.D. Ill. 2016).

8. Following a request for representation by the Office of the Illinois Attorney General, the undersigned counsel filed an appearance on behalf of Defendant Paredes on November 20, 2024. (Doc. 61). Plaintiff filed an Amended Complaint on December 9, 2024. (Doc. 73).

9. After that date, there was no action from either the Plaintiff or Defendant Paredes in this matter. While Defendant acknowledges that, due to unintentional oversight, the time to answer Plaintiff's complaint or otherwise plead did indeed pass, there were no motions or additional pleadings filed by Plaintiff that were intentionally ignored by the Defendants. There were no court hearings scheduled that the Defendants missed. In the absence of evidence of a deliberate and willful disregard of the pending litigation by Defendant Paredes, vacating the default entered is proper. "When wilfulness is clearly apparent, the liberal attitude of vacating default judgments is sharply modified." *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986). Counsel for Defendant Paredes regrets that action was not taken, this was not wilful nor deliberate.

10. Since the issuance of the March 12, 2025 order, Defendant Paredes has diligently worked to move the case forward. On March 18, 2025, simultaneous with the filing of this response, the DCFS Defendants filed their motion to dismiss and memorandum in support of

3

their motion to dismiss. Therefore, the DCFS Defendants have shown "good cause for the judicial action" to set aside the default entered against them. *Sims*, 475 F.3d at 868.

**III.     The Defendant Has Shown Quick Action to Respond to the Motion for Default.**

11.     Second, Defendant Paredes has demonstrated quick action to respond to the motion for default and avoid the entry of a default. "What constitutes quick action varies from case to case." *Escamilla*, 62 F.4th at 372. *See Sims v. EGA Prods.,* 475 F.3d at 868 (holding that vacating the entry of a default was proper even though the government did not move to vacate the default order for five months).

12.     On March 7, 2025, Plaintiff filed a motion for default to be entered against Defendant Paredes. (Doc. 97). This was the first and only time Plaintiff moved that a default be entered against Defendant Paredes. Now, Defendant Paredes has promptly moved to avoid entry of default by submitting this motion in accordance with the timeline provided by this Court. In addition, on March 18, 2024, Defendant Paredes filed her motion to dismiss and a memorandum in support of her motion to dismiss.

**IV.     Defendant Paredes Has A Meritorious Defense to This Lawsuit.**

13.     Third, Defendant Paredes has a meritorious defense to this lawsuit. The Court of Appeals has explained that "[w]hen we say the defendant must show a 'meritorious defense' to the lawsuit, we mean more than bare legal conclusions, but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (affirming discretionary decision to vacate default where defendant explained nature of defense and provided the factual basis for it).

14. Plaintiff identifies Defendant Paredes as an employee of DCFS, "the state agency tasked in large part with addressing the safety of children in the State of Illinois, especially pertaining to cases of abuse and neglect. At all times she acted in a supervisory capacity over the case involving the minor children Gw. and Gr. and she is being sued in her personal capacity." Am. Compl., ¶ 25.

15. Plaintiff brings a single count claim for negligence against Defendant Paredes on behalf of the minor children. Am. Compl., Count III, ¶¶ 211 – 214 (Doc. 73). Plaintiff claims that on September 7, 2023, "DCFS" informed Jane Girard and her attorney that the charges are "unfounded." Am. Compl. ¶ 188. Plaintiff alleges that on September 9, 2023, "DCFS supervisor Maria Paredes declared that 'At this time there is insufficient evidence to support the allegation of Sexual Molestation' noting that the reason for her finding was that the '[c]riminal case was closed and unfounded.'"[1] *Id.*

16. Plaintiff alleges that Paredes had a duty to the minor children to request the filing of criminal charges against Jane Girard. Am. Compl., ¶¶ 212, 213.

17. Plaintiff Girard complains that the minor children have been harmed by the disclosure of sensitive information "on the docket" and the minor children will live in fear of assault by their motion, with the "likelihood that the custody report will be adopted by the court."

---

[1] To protect children from abuse and neglect, Illinois has enacted several statutes, including the Abused and Neglected Child Reporting Act (ANCRA), 325 ILCS 5/1 *et seq*. Pursuant to ANCRA, DCFS is charged with the responsibility of receiving reports of child abuse and neglect and is the sole Illinois agency responsible for investigating reports of child abuse or neglect. 325 ILCS 5/2; 325 ILCS 5/7.3. Upon receiving a report that a child may have been abused or neglected, the Department's Child Protective Services Unit investigates the report and determines whether the report is "indicated," meaning supported by credible evidence, or "unfounded," meaning not supported by credible evidence. 325 ILCS 5/3; 325 ILCS 5/7.12. Final reports are recorded in the central register. 325 ILCS 5/7.7. With certain limited exceptions, all records of reports of child abuse or neglect, and all records generated as a result of such reports, are confidential. 325 ILCS 5/11, 5/11.1.

Am. Compl. ¶ 214. Plaintiff's reference to "the court" is to the state court domestic relations case, which is a substantial part of the complaint in this case. Under the *Younger* abstention doctrine, this Court should abstain from exercising jurisdiction over federal claims that would interfere with ongoing state-court proceedings. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

18. The minors Gw. and Gr. must be dismissed from this action as Plaintiff Girard, proceeding *pro se*, cannot represent the minors. Under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney. *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010).

19. Under Rule 12(b)(6), the complaint must put the defendant on "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must state a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sloan v. Am. Brain Tumor Ass'n.,* 901 F.3d 891, 894 (7th Cir. 2018). "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Further, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion*." McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 885 (7th Cir. 2012). Even accepting the well-pleaded facts in Plaintiff's complaint as true, Plaintiff has not alleged facts in support of the negligence claims that would entitle them to relief.

20. This case must be dismissed because the State's sovereign immunity bars this action: "sovereign immunity implicates a court's subject-matter jurisdiction." *Giovenco-Pappas v. Berauer*, 2020 IL App. (1st) 190904, at 24 (2020). Such immunity is governed by the State Lawsuit Immunity Act, 745 ILCS 5, which provides that "the State of Illinois shall not be made a

defendant or party in any court," and that instead "the Illinois Court of Claims has exclusive jurisdiction over all claims against the State founded upon any law of the State of Illinois."

21. Even though Plaintiff is nominally suing Defendant Paredes, a DCFS employee, in her personal capacity, the action is still against the State for purposes of sovereign immunity. Under Illinois law, an action brought against a state employee is considered one against the state when (1) there are no allegations that State employees acted beyond the scope of their authority through wrongful acts; (2) the duty allegedly breached was not owed to the public generally independent of the State employment; and (3) the actions complained of involve matters ordinarily within the employee's normal and official State functions. *Healy v. Vaupel*, 133 Ill. 2d 295, 309 (1990). Here, Plaintiff alleges that Paredes was negligent in the performance of her DCFS employee responsibilities, which is a claim against the State that is subject to sovereign immunity and thus must be heard in the exclusive venue of the Illinois Court of Claims.

22. Illinois appellate courts universally have held that where, like here, a plaintiff alleges that a State employee or contractor performed a deficient investigation into alleged abuse, such claims are against the State and subject to sovereign immunity. In fact, the Illinois appellate court has explained that such a case is "exactly the type of action where sovereign immunity bars the action." *Toth v. England*, 348 Ill. App. 3d 378, 389 (2004). In *Toth*, the defendant was a social worker on contract with the Illinois Department of Aging, "working on behalf of the State's elderly people when she has reason to suspect abuse, neglect, or exploitation." *Id.* The court explained that because only the State can investigate such allegations, the defendant's employment was the sole source of any duty: "[Defendant] has absolutely no obligation to investigate elder abuse claims on her own as a citizen of the State of Illinois. It is only by virtue

7

of [her] employment … that she has any obligation to investigate such cases." *Id.* at 390. *See also, Giovenco-Pappas v. Berauer,* 2020 IL App. (1st) 190904, at P30.

23. Plaintiff's state law negligence claims should also be dismissed as Defendant Paredes is immune from suit pursuant to the doctrine of public official immunity from state law claims. Pursuant to the doctrine of public official immunity, state officials and state employees are fully protected from liability for acts falling within the discretion of their position. *Michigan Ave. Nat. Bank v. County of Cook*, 191 Ill.2d 493 (2000); *Midamerica Trust Co. v. Moffatt*, 158 Ill. App. 3d 372, 380 (5th Dist. 1987) (holding that public official immunity extended to a DCFS caseworker in a negligence action to recover damages for injuries sustained by the children; the alleged acts attributable to the DCFS investigator with respect to the investigation of child abuse were discretionary in nature and within the scope of ordinary and customary duties.).

24. Defendant Paredes has satisfied all three elements necessary to set aside a default pursuant to Fed. R. Civ. P. 55. Defendant has shown good cause, has moved quickly to respond to the motion for default, and has set forth a meritorious defense to this lawsuit.

WHEREFORE, for the foregoing reasons the Defendant Paredes respectfully requests that this Honorable Court deny Plaintiff's motion for default and decline to enter a default against her.

.                Respectfully submitted,

                    KWAME RAOUL
                    Illinois Attorney General

By: s/Barbara L. Greenspan
   Barbara L. Greenspan
   Assistant Attorney General
   115 South LaSalle Street
   Chicago, Illinois 60603
   (312) 858-0412
   barbara.greenspan@illinois.gov

## CERTIFICATE OF SERVICE

  The undersigned, as Defendant Paredes' attorney, states that on March 18, 2025, the attached **Defendant Paredes' Response to Motion for Default** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

                _s/ Barbara L. Greenspan___
                    Attorney