


BC   MAM

FILED
4/20/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kenton Girard et al.<br><br>         Plaintiff,<br><br>v.<br><br>Village of Glencoe et al.<br><br>         Defendants. | **Case No. 1:24-cv-06882**<br><br>District Judge Rebecca R. Pallmeyer<br><br>Magistrate Jeannice W. Appenteng<br><br><u>Opposition to Mtds by Def Paredes</u> |

Plaintiffs for their Opposition to the Motions to Dismiss brought by Defendant Paredes state as follows:

I.    <u>Attorney Toma Makedonski is legal counsel for Gw and Gr.</u>

As previously expounded in Plaintiffs' other opposition briefs filed against the other motions to dismiss filed by the other Defendants hereunder, Attorney Toma Makedonski signed the First Amended Complaint ("FAC") which was filed on December 9 2024 (Dkt[73]) and he has entered his appearance on behalf of the minor children Gw and Gr. As such, the minor children Gw and Gr are properly before the court via their counsel and the Defendants can no longer hang their hats on the proposition that Plaintiff Kenton Girard is improperly representing the minor children hereunder.

II.    <u>Rule 12(b)(6) does not insulate Paredes from these proceedings.</u>

Defendant Paredes' memorandum (Dkt[105]) in support of her motion to dismiss appears to be a copy-paste job from the Attorney General's internal library of federal court filing. While the Attorney General captures the current status of Rule 12(b)(6) jurisprudence, her brief is ironically short on facts and heavy on conclusory statements. The brief does even offer an iota of

explanation of how the claims against Defendant Paredes do not meet pleading sufficiency!

For the record, the stage is well-set for articulation of liability under negligence against Defendant Paredes in the FAC at ¶¶212-214:

> … Defendant Paredes as the director of the investigations and actions taken by DCFS in response to the felony criminal allegations against Jane Girard had a duty to request the filing of those charges at such point that Defendant Paredes concluded that such charges were justified… Defendant Paredes reneged on her obligation to request the filing of felony charges against Jane Girard after she had already arrived at the determination that charges were justified, as evidenced by DCFS representative Chundra Brown telling Plaintiffs in May 2023 that sexual assault charges were indicated… because Defendant Paredes refused to perform her job duties, the minor children have to live in fear of being assaulted again by their estranged mother Jane F. Girard, especially with the likelihood that the custody report will be adopted by the court.

III.     Immunity does not apply here.

As to sovereign immunity, the State of Illinois is not a defendant hereunder. Rather, Defendant Paredes is sued in her personal capacity (FAC at ¶25). Neither is the prong test articulated by the Supreme Court of Illinois satisfied under *Healy v. Vaupel*, 133 Ill. 2d 295, 309 (1990). To wit, the first prong falls flat. Under the FAC, it is clearly articulated that Detective Ryan McEnerney accepted a cash bribe from "fixer" Kathryn Ciesla in order to deliver a finding that the criminal investigation against Jane F. Girard was "unfounded" (FAC at ¶¶138, 187-189). Clearly taking a bribe to alter the course of a criminal investigation is a "wrongful act", and by extension undoing a posture under which charges were being requested by the DCFS pursuant to that bribe is also wrongful.

The arguments advanced from the jurisprudence of the Illinois Appellate Court are moreover not binding or controlling in this District Court. Again, because **serious criminal wrongdoing** underlies the about-face reversal by Defendant Paredes as to the request for criminal charges against Jane F. Girard, arguments about Defendant Paredes merely fulfilling her role as a state employee are tenuous at best. The "doctrine of public official immunity" which is

a creation of the Illinois Appellate Court (again not binding or controlling) is premised upon the notion that a state employee who is simply exercising good-faith discretion is not subject to personal liability. Such is not the setup here: the bribe-taking and manipulation by the compromised police officer from the Village of Glencoe – Detective Ryan McEnerney – deprive Defendant Paredes of the opportunity to call upon such immunity in these circumstances.

IV. <u>Federal jurisprudence on immunity is not favorable to Defendant Paredes.</u>

While the United States Supreme Court has stated that qualified immunity is the norm, an executive branch employee such as Defendant Paredes cannot typically avail herself of absolute immunity (*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Additionally, whether an employee is acting within the scope of her employment is ordinarily a question of fact to be determined in light of the evidence of the particular case. In *Austin v. Borel*, 830 F.2d 1356, 1363 (5th Cir. 1987) the court ruled that child protection workers were not entitled to absolute immunity when they filed an "allegedly false verified complaint seeking the removal of two children" from the family home. Therefore, granting immunity is not appropriate at this stage of the litigation.

From a social work, legal, or judicial perspective, making a knowing misrepresentation in a child protection case is a serious ethical breach. The National Association of Social Workers Code of Ethics, 4.01(c), notes that: "Social workers should base practice on recognized knowledge, including empirically based knowledge, relevant to social work and social work ethics." At 4.04 the Code goes on to state: "**Social workers should not participate in, condone, or be associated with dishonesty, fraud, or deception.**" Dishonesty, shading the truth, or a lack of candor cannot be tolerated in child protection services, a field of endeavor built upon trust and respect for the law. Whether or not child protection workers deserve immunity from prosecution when they misrepresent or fabricate evidence is a question before the state courts. Similarly, each

court must decide whether such misconduct warrants setting aside the decision to remove the child from his or her home. In the final analysis, the question might soon find itself before the United States Supreme Court.

A worker's misrepresentation or fabrication of evidence is particularly pernicious because it puts the whole field of child protection in a negative light. Whether or not immunity is granted, there is simply no excuse for this kind of willful and egregious conduct.

Dated: April 18, 2025

Respectfully Submitted,

TOMA MAKEDONSKI, ESQ., for Gw and Gr

/s/ Toma Makedonski
1271 Old Mill Ct
Naperville, IL 60564
Email: legaltma@gmail.com
Tel: 773-727-5491
Attorney No. 37672


KENTON GIRARD, *In Pro Se*

/s/ Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com
Tel: 773-575-7035