

**BC**

FILED

7/1/2025

KG

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Kenton Girard et al., | **Case No. 1:24-cv-06882** |
| Plaintiffs, | District Judge Rebecca R. Pallmeyer |
| v. | Magistrate Jeannice W. Appenteng |
| Village of Glencoe et al. | |
| Defendants. | |

## EMERGENCY MOTION FOR EX PARTE TRO

Plaintiff KENTON GIRARD, in pro se, for his Second Emergency Motion for an Ex Parte Temporary Restraining Order states as follows:

Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an ex parte temporary restraining order where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Such a scenario has presented, and Plaintiff hereby seeks the Court's help as a result.

## THE NATURE OF THE EMERGENCY

As detailed in the memorandum which follows, the underlying domestic relations custody matter *IRMO Girard*, Cook County Case No. 2015-D-9633 ("State Case") has demonstrably transformed from a legal proceeding into a full-blown criminal conspiracy which continues to accrue serious violations of Plaintiff's constitutional rights.

In the period since Plaintiff repaired to this District Court with his initial pleading, the phases of extrajudicial exploitations have grown more serious in character. The best way to capture the circumstances is via a short summary as follows:

**I.**    On October 18, 2024, Hon. Rossana Fernandez recused herself from the State Case in open court and then proceeded to conduct a full-blown case management conference thereby preparing a Trial Order and additionally making rulings on pending motions.

**II.**    Even after Hon. Fernandez belatedly and under tremendous pressure signed a judicial transfer order on December 6, 2024, the attorneys at Beermann LLP continued to ply Notices of Deposition of Plaintiff and his wife Marissa Girard without a presiding judicial officer in sight.

**III.**    The State Case was **terminated under Dismissal for Want of Prosecution** on December 20, 2024 pursuant to the Trial Order entered by Hon. Fernandez. Separately, Illinois Supreme Court Rule 922 strictly limits custody proceedings to eighteen (18) months in duration. The State Case is now entering its 40th month. The minor children were stripped of legal representation in August 2024 and their right to notice and to participate under the Illinois Crime Victims Bill of Rights is violated daily. The judicial officers and Beermann LLP are repeatedly reminded of such facts to no avail: the state court system does not follow its own rules.

**IV.**    Hon. Gregory E. Ahern – on receipt of Plaintiff's inability to attend court on the day of remembrance for President Jimmy Carter, because of his attendance at the funeral service in the National Cathedral in Washington DC – held an *in absentia* Zoom call in lieu of a statutorily required hearing on the petition to remove Hon. Fernandez for cause (denying same) on January 9 2025 when  all federal offices and courts – and most or all state courts – were closed.

**V.**    Cook County Domestic Relations Judge Regina Scannicchio transferred the State Case to Calendar 51, the courtroom of Ellen Flannigan on January 14, 2025 without a written judicial transfer form filing on the docket. Seemingly instructed by Beermann LLP that Ellen Flannigan would not be sufficiently friendly to their interests under the State Case, Hon. Scannicchio

signed an order on January 23 2025 stating that the transfer to Calendar 51 was a "clerical error" and had been "corrected" wherein the State Case would move back to Calendar 99, the courtroom of Hon. Fernandez. None of the required written judicial transfer form orders were produced or filed on the docket. In particular, the "swap out" of Hon. Flannigan with Hon. Fernanez was neither initiated by Hon. Flannigan nor the parties in the State Case.

VI.     Hon. Fernandez signed an order of recusation on January 27, 2025 and Hon. Scannicchio reverted with a transfer to Calendar 89, courtroom of Hon. William Yu, pursuant to "random judicial assignment" which corruptly excluded eight (8) judges which ostensibly were pre-determined by Beermann LLP to be not friendly to their interests. Incredibly, the judicial transfer order to Calendar 89 with the wet ink signature of Hon. Scannicchio bore such notations.

VII.    Hon. Yu proceeded to jump into the State Case completely disregarding (a) a health notice filed by Marissa Girard as to her deteriorating conditions under PTSD and interstitial cystitis requiring a 75 day period of quiet and convalescence, and (b) being fully briefed on the jurisdictional defects arising from the undocumented judicial transfer orders.

VIII.   In short order, a request to remove Hon. Yu for cause was propounded wherein Hon. Scannicchio selected Hon. Robert Johnson to referee the question of cause. Despite his narrow statutory role of referee under 735 ILCS 5/2-1001(a)(3), Hon. Johnson started to exercise widening jurisdiction including (a) over a motion to disqualify the attorney for Marissa Girard, wherein he overruled the 21 day period requested to allow Marissa to obtain new counsel and forced her to do so (impossibly) within three (3) court days, and (b) denying a motion to intervene brought by attorney Toma Makedonski on behalf of the minor children.

IX.     The wheels truly came off the State Case wherein – days after Marissa Girard properly removed the State Case on April 28 2025 to federal court, under the operation of civil rights

deprivations under discrimination against her based on her Hispanic/Latinx racial identity – Hon. Johnson under the goading of Beermann LLP continued to conduct court dates and sign orders whilst District Judge Jeremy Daniel had exclusive jurisdiction.

**X.** On remand to the state court (although lacking transmission of the record with thirty plus docket entries from the federal clerk), Hon. Johnson recently has attempted to advance the state court proceedings by convening an *in absentia* court date on June 24, 2025 with no notice to Plaintiff or the parties, other than to Beermann LLP.

**XI.** Marissa Girard has appealed the remand decision by District Judge Daniel to the Seventh Circuit under Case No. 25-1854, which ordered jurisdictional briefing by the parties. The matter has been fully briefed for nearly 30 days as of the date of this filing.

**XII.** Cook County Judge Eileen M. O'Connor has been presiding over a civil rape lawsuit filed by the minor children (via their attorney Toma Makedonski) against their biological mother Jane F. Girard under *Minor Child Gw et al. v. Jane F. Girard*, Case No. 2024-L-012053. Pursuant to the dismissal of a negligence count against Beermann LLP attorneys Karen Paige and Candace Meyers based on their disregarded duty to report the sex abuse of the minor children to the authorities, Hon. O'Connor has awarded Rule 137 sanctions – not against attorney Makedonski – but against Plaintiff. The reason cited the imposition of sanctions articulated in open court on June 18 2024 **is that Plaintiff has filed a federal lawsuit** (*Minor Child Gw et al. v. Scannicchio et al.*, Civil Action. No. 1:25-cv-04551, N. Dist. Illinois) after being "instructed" by Hon. O'Connor that he cannot sue judges. Presumably Hon. O'Connor (similar to the other Domestic Relations judges) was acting on instructions from Beermann LLP to punish Plaintiff.

Violations of constitutional rights to impartial judges, notice, fair notice of claims, due process, equal protection, right to a remedy and the First Amendment are implicated here –

*Emergency Motion for an Ex Parte TRO*

among many others. Worse, there is a colorable basis to pursue action against the defendants in the instant matter – and newly identified offenders – for conspiracy to deprive civil rights. These are exceptional and egregious circumstances which create a siren call for this Court's protection.

The Supreme Court has taken care to ensure that the doors to federal courts remain open when there are powerful reasons to believe that state courts will not protect federal constitutional rights. For example, in *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L. Ed. 2d (1965), African-American plaintiffs sued in federal court to block state prosecutions in a sta court system that were chilling protected First Amendment expression, and there was reason to question the good faith of the state. *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 680 n.5 (7th Cir. 2010)

As aforedescribed, there are powerful reasons to believe that the Cook County Domestic Relations Division will continue to vexatiously disregard constitutional rights. We proceed to substantiate and document the aforedescribed offenses.

## <u>The Tortured History of the State Case</u>

October 18, 2024. Erstwhile judicial officer Rossana P. Fernandez recused herself[1] – and thereby lost jurisdiction – pursuant to a motion for substitution of judge, and then subsequently proceeded to (a) rule on substantial motions (**<u>Exhibit 2</u>**), and (b) conduct an entire case management conference and propound a Trial Order (**<u>Exhibit 3</u>**).

---

[1] The specific order of events was captured under a transcript taken:

Mr. Girard: Mr. Girard filed an SOJ as of right yesterday.
The Court: You did?
Mr. Girard: Yup.
The Court: I did not see that. I'm sorry.
Mr. Girard: I can deliver it to you right now if you'd like.
The Court: Yeah. If you have the motion, I will take it. Okay.
The Court: **All right. I grant your motion.** (emphasis added)

*Emergency Motion for an Ex Parte TRO*

Over protests as to lack of jurisdiction (**Exhibits 4**, **5**) Hon. Fernandez proceeded to conduct another court date on December 3, 2024 wherein she approved a Beermann LLP requested modification (**Exhibit 6**) as to the Trial Order dated October 18, 2024.

Three days later, Hon. Fernandez finally transferred jurisdiction (**Exhibit 7**) from her courtroom under Calendar 99 to that of presiding judge of the Domestic Relations Division Regina Scannicchio under Calendar 1. Given that Ms. Scannicchio does not hear cases or make rulings on motions – but rather simply appoints judges to pending matters – she is a judge in name only. To wit, while a matter is on Calendar 1, such proceeding is essentially in a holding pattern awaiting the appointment of judicial officer.

Continuing in their jurisdiction-offending pattern, Beermann LLP via attorney Candace L. Meyers pushed notices of deposition on Plaintiff and his wife Marissa Girard shortly after the judicial transfer order signed by Hon. Fernandez. Ms. Meyers refused to relent from her deposition plan over Plaintiff's strenuous objections (**Exhibit 8**) as to her inability to move the proceeding forward whilst awaiting the assignment of a judicial officer.

Meanwhile, Hon. Scannicchio got around to appointing judicial officer Gregory E. Ahern – who had been previously removed from the bench for unacceptable racism in social media postings – to  preside over the State Case. Hon. Ahern informed the parties he would convene a hearing on January 9, 2025 as to the removal of Hon. Fernandez for cause. (**Exhibit 1** at ).

Around the same time, former President Jimmy Carter died and a national funeral service was set for January 9, 2025 at the National Cathedral in Washington D.C. The federal government duly appointed January 9, 2025 as a day of remembrance and closed virtually all federal offices – including all federal courts. Most or all state courts were also closed.

Plaintiff duly informed Hon. Ahern that he would be attending the funeral service at the

*Emergency Motion for an Ex Parte TRO*

National Cathedral, and required a new court date to present his petition to remove Hon. Fernandez for cause. Hon. Ahern inexplicably refused to do so and denied the petition without a hearing[2], releasing a written order thereunder on January 14, 2025 (**Exhibit 9**).

Later that day on January 14, 2025, Hon. Scannicchio's office informed the parties that the case was transferred to Calendar 51, the courtroom of Domestic Relations Judge Ellen Flannigan. However, unlike all previous courtroom transfers, no judicial transfer form order accompanied the same. Nonetheless, numerous papers filed on the days to follow bore confirmatory Cook County e-filing stamps exhibiting the Calendar 51 designation (**Exhibit 10**).

For another ~ ten (10) days, the parties continued to file papers which were stamped by the Cook County e-Filing system with the "Calendar 51" designation. Then, strangely, on January 23, 2025 Hon. Scannicchio resurfaced with an inexplicable order (**Exhibit 11**) stating that (a) the recent transfer to Calendar 51 constituted a "clerical error" wherein the transfer should have been perfected to Calendar 99, and (b) said transfer error was "corrected" on January 22, 2025. This order raised several immediate and serious concerns:

i.      The judicial transfer form order to Calendar 51 remained missing and un-filed.

ii.     A case cannot be transferred from Calendar 51 to Calendar 99 without a request to remove the judge presiding over Calendar 51 or a written order of recusal of the judge presiding over Calendar 51. No such documentation of party-requested or judge-requested judicial transfer had been adduced.

iii.    In the same vein, to effect a transfer from Calendar 51 to Calendar 99, a case must be transferred to Calendar 1 as an intermediate step.

---

[2] A zoom telephone call was initiated on January 9, 2025 during the funeral service. In this call, the merits of the removal of Hon. Fernandez for cause were not addressed. Instead, Beermann LLP attorney Howard London suggested Plaintiff was lying about attending the funeral service and Hon. Ahern adjourned the call at the moment he believed the funeral service had concluded, noting that Plaintiff was inexcusably absent.

*Emergency Motion for an Ex Parte TRO*

iv.      No judicial transfer order from Calendar 51 to Calendar 1, from Calendar 1 to Calendar 99, or indeed even from Calendar 51 to Calendar 99 (although procedurally disallowed) had been produced or filed on the docket.

In response to this confusion, Marissa Girard immediately filed a <u>Motion for Stay and Repair of Jurisdiction</u> to address these abnormalities. In response, Hon. Fernandez proceeded to sign an order of recusation (**Exhibit 12**) thereby transferring the matter back to Calendar 1. Seemingly in a hurry to reassign the matter to a new judicial officer, Hon. Scannicchio reverted hours later with her own signed judicial transfer order moving the case from Calendar 1 to Calendar 89, the courtroom of Hon. William Yu (**Exhibit 13**).

On the second page of the judicial transfer order – pursuant to information typed into the form – the transfer was perfected pursuant to "random electronic assignment to a calendar" but *specifically excluding* calendars **C**, **35**, **34**, **31**, **99**, **D**, **44**, **51**, **74, 61**, **64**, **98**, **85**, **86**. A closer look at some of these excluded calendars initially makes sense: calendars C (William Boyd), 35 (Renee Goldfarb), 34 (Dominique Ross), 31 (Bradley Trowbridge), 99 (Rossana Fernandez) and 44 (Gregory Ahern) had previously exercised and subsequently transferred jurisdiction over the State Case. However, calendars D (Edward Arce), 51 (Ellen Flannigan[3]), 74 (Matthew Link), 61 (Michael Forti), 64 (Myron Mackoff), 98 (Lori Rosen), 85 (Bernadette Barrett) and 86 (James Shapiro) had not previously presided over the State Case. The presumption is those judges are **not** in the pocket of Hon. Scannicchio and Beermann LLP and therefore this paper signed by Hon. Scannicchio would appear to represent **direct evidence of her involvement in the aforedescribed criminal conspiracy with Beermann LLP** to wrongfully influence and manipulate outcomes in the Domestic Relations Division.

---

[3] While confirmatory Cook County e-filing stamps bore the badge of Calendar 51, Ellen Flannigan, between January 13 2025 and January 23 2025, Hon. Flannigan never convened a court date or signed a paper in connection with the State Case.

*Emergency Motion for an Ex Parte TRO*

[11]    On February 3, 2025 Plaintiff filed a <u>Notice as to his Unavailability</u> which made the following points: (a) he would be unavailable during work hours to participate in any court dates, due to significant executive obligations at Old National Bank, (b) the State Case must be halted because Jane F. Girard from a civil standard is an admitted sex offender, (c ) the continued involvement of Beermann LLP implicates continuing violations of federal law, (d) the proceedings must be paused until subject matter jurisdiction is clarified, (e) he had been denied a hearing by Hon. Gregory Ahern regarding the removal for cause as to Hon. Fernandez, and (f) the likelihood of equitable relief sought is zero (**Exhibit 14**).

The following day, Marissa Girard filed a <u>Notice as to her Health Status and TP Claims</u> (**Exhibit 15**), in which she (a) made judicial notice of her serious and worsening health conditions under PTSD (post-traumatic stress disorder) and interstitial cystitis under which she would be medically unable to participate in the proceedings during a period of seventy-five (75) days of quiet and convalescence, and  (b) responded in part to a motion to strike her pleading which was filed by Beermann LLP on December 23 2024 clarifying that her pleading was properly before the court.

Unswayed by the filings, Hon. Yu proceeded to convene an *in absentia* court date on February 7 2025, in which he issued a number of significant rulings (**Exhibit 16**). Unbelievably, he struck and dismissed Marissa Girard's pleading in the State Case. Notwithstanding that such decision was taken in response to a motion to strike her pleading filed by Beermann LLP and therefore plain overreach with respect to dismissal, it is well-established that *striking a pleading* is an extreme remedy reserved for the most egregious circumstances.

In response to the disregard for Kenton's and Marissa's inability to attend the court date on February 7 2025 and the unconscionable rulings by Hon. Yu, Kenton propounded an email

message to Hon. Yu and Hon. Scannicchio highlighting the egregious circumstances under which Hon. Yu conducted an *in absentia* court date and made cowboy rulings with an aggressive disregard for the previously noticed jurisdictional defects and missing judicial transfer orders (**Exhibit 17**). Likewise, Marissa filed a petition seeking the removal for cause of Hon. Yu (**Exhibit 17**), highlighting Hon. Yu's despicable disregardment of her health notice, his sustaining of the action against her despite the lack of pleadings against her and his refusal to accommodate her under the requirements of the Americans with Disabilities Act.

Doubling down on his bad behavior, Hon. Yu proceeded to preside over a second court date on February 14 2025, wherein he propounded a Trial Order (**Exhibit 18**). Notwithstanding the extreme irregularity that Marissa Girard is neither a biological parent nor a holder of parental rights, she had not been actioned with a pleading at the time of her joinder under the State Case and the Trial Order issued by Hon. Yu confirmed moreover that no pleadings had been filed by Jane F. Girard whatsoever[4] per his syllabus for the trial. Moreover item [c] – namely a Petition for Finding of Parenting Time Abuse directed against Kenton and Marissa – both preceded Marissa's deficient joinder by about one year and represents an impossibility: Marissa is not a party to any parenting agreement involving the minor children.

Belatedly, Hon. Yu signed a judicial transfer order (**Exhibit 19**) back to Calendar 1 under the petition seeking his removal filed by Marissa Girard. Indeed, he should not have propounded a Trial Order – because of the preclusive effect of that paper.

In a recurring theme of treading on constitutional rights, disregarding jurisdiction, abusing process and obstructing justice by Beermann LLP, attorney Candace Meyers duly

---

[4] The items in the syllabus are all motions except possibly for a non-existent Petition for Finding of Parenting Time Abuse directed against Kenton and Marissa. The syllabus does not contain any pleadings. Furthermore, under Illinois Supreme Court Rule 922, motions older than eighteen (18) months violate the strict time limit on custody proceedings.

*Emergency Motion for an Ex Parte TRO*

advised Kenton and Marissa to join a court date before Hon. Yu on February 25, 2025 (**Exhibit 20**). Of course, Hon. Yu at that time was completely sidelined (pursuant to 735 ILCS 5/2-1001(a)(3)) under the petition pending against him until resolved (which has not yet happened at the time of this filing).

Unbowed, Hon. Yu held the *in absentia* court date while wholly divested of jurisdiction and accepted a proposed order (**Exhibit 21**) prepared by Beermann LLP thereunder. However, under a barrage of subsequent attacks by Plaintiff as to Judge Yu's latest extrajudicial, illegal antics encapsulated under his Notice of Jurisdictional Trespass dated February 25, 2025 (**Exhibit 22**), Hon. Yu retreated and ultimately did not sign the proposed order from Beermann LLP.

Hon. Scannicchio subsequently appointed Hon. Robert Johnson of the Domestic Relations Division to referee Marissa Girard's petition against Hon. Yu, setting the matter for an April 24 2025 court date. Two weeks later, she struck the hearing for the petition seeking Hon. Yu's removal for cause, prioritizing a new motion by Beermann LLP to disqualify attorney Robert Holstein – who had been hired by Marissa Girard under the limited scope of advocating under the petition against Hon. Yu – from representing Marissa Girard (**Exhibit 23**).

The court date with Hon. Johnson went similarly to the previous court dates presided by Hon. Yu: under the motion to disqualify penned by Beermann LLP, they sought a 21 day period for Marissa to retain new counsel. Instead, Hon. Johnson unconscionably and fully aware of her health conditions – as reflected by the transcript – gave her three (3) court days to find new counsel and affirmed the trial date set for May 1-2 2025 (**Exhibit 24**).

Following the court date, the minor children penned a missive to Hon. Scannicchio (**Exhibit 25**), complaining about the disregardment of their rights under the Illinois Crime Victims Bill of Rights – including *inter alia* their right to notice of and participation under all

court dates. Similarly, Marissa Girard wrote to the Office of the Chief Justice of Cook County to complain about Hon. Johnson's aggressive mistreatment of her under the impossibly short timeline to retain new counsel (**Exhibit 26**).

A few days later, Marissa removed the State Case to the Northern District of Illinois, pursuant to declaratory judgment crossclaims filed against her by Plaintiff with respect to enforcement of a Postnuptial Indemnification Agreement (**Exhibit 27**). Despite the clear instruction of the federal removal statutes, especially wherein the state court ceases to have subject matter jurisdiction upon the filing of the Notice of Removal, Beermann LLP once again goaded both Hon. Yu and Hon. Johnson to continue to conduct court dates and sign orders unabated. Hon. Yu was not so obliging this time around (**Exhibit 28**), however Hon. Johnson conducted two court dates and signed orders prepared by Beermann LLP in each instance wholly in absence of jurisdiction (**Exhibits 29, 30**). Comically, the orders signed explicitly acknowledge Hon. Johnson's awareness of the removed status of the proceedings.

Meanwhile, in response to these antics, Plaintiff moved for a rule to show cause (**Exhibit 31**) against Beermann LLP before District Judge Jeremy Daniel on May 5, 2025 – specifically for their role in goading the state court judges to move the proceedings forward whilst jurisdiction resided exclusively with the federal court.

Ultimately, District Judge Daniel issued a remand decision, but the record from the federal court (over thirty docket entries) remains un-transmitted to the state court and it remains unclear whether the federal clerk has certified the remand decision to the state court.

Not in the habit of prudential decision-making, Beermann LLP thereupon issued an emergency motion (**Exhibit 32**) seeking to have Hon. Yu set a new trial date in the State Case – because the May 1-2 2025 came and went while the federal court was deliberating as to

*Emergency Motion for an Ex Parte TRO*

remand. However, Hon. Yu was seemingly concerned about the grave implications of his previous misconduct and immediately replied to Beermann LLP, stating that he did not have subject matter jurisdiction over the State Case (**Exhibit 33**).

Furthermore, Plaintiff was also quick to reprimand Beermann LLP about trying to advance the proceedings before the federal record (including the remand decision) was tendered by the federal clerk to the state court (**Exhibit 34**). Throwing caution to the wind, Beermann LLP doubled down with an amended emergency motion (**Exhibit 35**) before being forced to abandon their plans for presentment.

Meanwhile Marissa Girard appealed the remand decision to the Seventh Circuit under Case No. 25-1854 and Plaintiff repeated his mantra about the duty of the federal clerk to certify the docket entries to the state court, and he further stated in a dialogue with Beermann LLP in late May 2025 that given the threshold question of whether the state court has ANY AUTHORITY to advance the proceedings, prudence requires allowing the Seventh Circuit to complete its due diligence (**Exhibit 36**). Additionally, Plaintiff reminded the court and Beermann LLP that the proceedings were entering their 40th month – in abject violation of Illinois Supreme Court Rule 922 which strictly limits custody proceedings to eighteen (18) months in duration.

Beermann LLP redoubled its efforts to force the state court to recommence the proceedings by pestering Hon. Scannicchio and Hon. Johnson on June 16, 2025 (**Exhibit 37**). Indeed, as recently as the afternoon of June 20 2025, Beermann LLP and Hon. Johnson and Hon. Scannicchio were having a heated dialogue over email about the lack of forward progress under the remand decision (**Exhibit 38**). A purported copy of the remand letter has been imaged and filed on the docket now twice by Beermann LLP – most recently on June 16 2025. However, as Plaintiff has pointed out numerous times, Beermann LLP is not the appropriate administrator

*Emergency Motion for an Ex Parte TRO*

to give the "all clear" signal for the state court to resume proceedings.

In the morning of June 24, 2025, Hon. Johnson held another *in absentia* court date with no notice whatsoever (email or otherwise, whether from the court or from Beermann LLP) to Kenton or Marissa Girard, in which he set a court date on July 3 2025 to hear the petition pending to remove Hon. Yu for cause, under the scenario in which he did not find substance or justification to the petition seeking his own removal for cause.

Curiously the order by Hon. Johnson setting the June 24 2025 court date did not populate in Odyssey until the afternoon of June 24 2025 (**Exhibit 39**). Indeed, examination of that document reveals there is no e-filing timestamp recorded – making it virtually impossible to prove or disprove when that order was populated in the docket. Now experiencing a pattern of in absentia court dates – always inuring to the benefit of Beermann LLP and its client – both Kenton and Marissa launched attacks (**Exhibits 40**, **41**) on Hon. Johnson for violating due process rights, disregarding ADA accommodations and failing to sideline himself under the petition seeking his removal or under the Judicial Canon 2.11 which requires Hon. Johnson's disqualification owing to defending a lawsuit filed against him by Plaintiff and the minor children.

Marissa Girard had a tense dialogue with Carina Segalini (an ADA compliance employee in the office of the Chief Judge) about the offending in absentia hearing. Comically, Ms. Segalini offered up pro se litigant resources and completely sidestepped the questions about the impropriety of not noticing the court date on June 24, 2025. Curiously, Ms. Segalini disclosed the pattern and practice utilized  in the Domestic Relations Division of AVOIDING e-filing processing which imprint timestamps – and thereby making  the task of  tracking the provenance certain orders next to impossible (presumably to convene *in absentia* court dates when it favors

*Emergency Motion for an Ex Parte TRO*

Beermann LLP and their conspirators). **Exhibits 42** - **45**.

If there were any doubt that the Cook County judges and Beermann LLP are engaged in a criminal conspiracy inuring to the benefit of Beermann LLP and their clientele, serious questions have recently been adduced about the bias and fitness of the judicial officer officiating the civil rape lawsuit filed by the minor children against their biological mother and sex abuser Jane F. Girard (*Minor Child Gw et al. v. Jane F. Girard*, Case No. 2024-L-012053). To wit, in that suits a single count was pled against Beermann LLP attorneys Karen Paige and Candace Meyers under a theory of negligence for dishonoring their obligations to report the sexual abuse and rape of the minor children to the authorities under the Abused and Neglected Child Reporting Act ("ANCRA") as codified under 325 ILCS 5/1 et seq. The attorney for the minor children reasoned that the statute specifically addressed the obligations of "law enforcement personnel" and reasoned that such a category encompasses attorneys as officers of the court.

The count was dismissed by Hon. Eileen M. O'Connor and similar to the dozens of other requests for the imposition of punishment and/or Illinois Supreme Court Rule 137 sanctions previously filed by Beermann LLP, their attorneys filed a motion for Rule 137 sanctions against Plaintiff, but curiously not the attorney for the minor children who sought relief under the ANCRA count. In a hearing on June 18, 2025, Hon. O'Connor stated the pleading of the ANCRA count was not sanctionable, however the filing by attorney Toma Makedonski and Kenton Girard of a lawsuit in federal court namely *Minor Child Gw et al. v. Scannicchio et al.*, Civil Action. No. 1:25-cv-04551, N. Dist. Illinois, pending before District Judge Edmond Chang violated her "instructions" from an earlier court date in which she scolded Plaintiff for joining judicial officers under the civil rape lawsuit (**Exhibit 46**).

Notwithstanding the obvious fact that the dismissed Beermann LLP defendants under the

*Emergency Motion for an Ex Parte TRO*

civil rape lawsuit cannot possibly argue that the pleading under *Minor Child Gw et al. v. Scannicchio et al.* was filed before in the Cook County court[5] before Hon. O'Connor, **Hon. O'Connor does not control access to federal court**.

Plaintiff certainly agrees the exceptions to judicial immunity are narrow, however actions taken in grotesque lack of all jurisdiction are actionable under Seventh Circuit and Supreme court precedent. Wherein court dates and orders were propounded by Hon. Johnson when District Judge Daniel was deliberating on the question of remand, or Hon. Scannicchio completed wild transfers of the State Case without reducing judicial transfer orders to form filings on the docket and subject to a corrupt constraint on "random judicial assignment", such actions arguably invite suit.

Nonetheless, Plaintiff finds himself in the incredible situation that he must now litigate a fee petition from the Beermann LLP attorneys under Hon. O'Connor's federalism-insulting sanctions imposed for filing a federal lawsuit. What is worse is that because the federal lawsuit cited by Hon. O'Connor is not within scope of Rule 137, her ruling and the forthcoming fee proceeding constitutes a criminal contempt proceeding. Indeed, pursuant to her corrupt order (Exhibit 46), she has bifurcated the litigation under the civil rape lawsuit. It is well established that Rule 137 claims remain with the case, whereas it is a hallmark of criminal contempt to be adjudicated under separate proceedings as here.

In the process, the minor children are collateral damage. Recent letters from their therapists underline that the corrupt domestic relations proceedings (now running more than forty (40) months in duration, in wanton excess of the eighteen (18) month duration limit, must come

---

[5] Under Illinois Supreme Court Rule 137(d), furthermore, Hon. O'Connor must tender a written and reasoned explanation of her imposition of sanctions. She has impermissibly avoided doing so, advising Plaintiff that the transcript of the June 18 2025 contains her reasons.

*Emergency Motion for an Ex Parte TRO*

to a halt or risk permanent and lasting harm to their psychological and general well-being. **Exhibits 47**, **48**.

## LEGAL ANALYSIS

a. The judicial overreach of Hon. O'Connor is absurd to behold.

Under the statutory language of Rule 137, all proceedings shall be brought *within the civil action in which the pleading, motion or other document referred to has been filed*, and no violation or alleged violation of this rule shall give rise to a separate civil suit, but shall be considered a claim within the same civil action.

The corrupt and unspeakable ruling by Hon. O'Connor constitutes a significant jurisdictional violation, wherein she wholly lacks jurisdiction over federal court activities and over what pleadings are filed in federal court. Federal and state courts are separate sovereign systems. Apparently Hon. O'Connor needs a refresher course on federalism and needs to be instructed by a higher power to stay in her swim lane. Her sanctions order is void *ab initio*.

Put differently, Hon. O'Connor is punishing constitutionally protected activity. Filing federal lawsuits is a fundamental constitutional right (right to petition for redress, right to a remedy, First Amendment rights). Sanctioning someone for exercising constitutional rights is judicial misconduct in the extreme. **No state judge can prohibit federal court filings**.

Given these circumstances, Supreme Court precedent is violated. Under *International Union, UMWA v. Bagwell*, 512 U.S. 821 (1994): (a) civil contempt sanctions must be coercive and avoidable through obedience, (b) criminal contempt is punitive and requires criminal due process, and (c) serious contempt cases even require the application of criminal procedures. "Criminal contempt is a crime in the ordinary sense," *Bloom* v. *Illinois,* 391 U. S. 194, 201 (1968), and "criminal penalties may not be imposed on someone who has not been afforded the

*Emergency Motion for an Ex Parte TRO*

protections that the Constitution requires of such criminal proceedings," *Hicks* v. *Feiock,* 485 U. S. 624, 632 (1988). See *In re Bradley,* 318 U. S. 50 (1943) (double jeopardy); *Cooke* v. *United States,* 267 U. S. 517, 537 (1925) (rights to notice of charges, assistance of counsel, summary process, and to present a defense); *Gompers* v. *Bucks Stove & Range Co.,* 221 U. S. 418, 444 (1911) (privilege against self-incrimination, right to proof beyond a reasonable doubt). *Id.* A "fiat, unconditional fine" totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance. *Penfield Co. of Cal.* v. *SEC,* 330 U. S. 588 (1947)

Furthermore, Equal Protection violations are also at issue as to (a) treating criminal conduct as a civil matter, (b) denying the protections of criminal law and criminal procedure, (c) creating a false category in order to avoid rights. This situation amounts to nothing short of constitutional fraud, wherein there is a deliberate mislabeling of criminal contempt, constitutional protections are abrogated and due process requirements are disregarded.

b.      Jurisdictional trespasses are plain.

Moreover, the jurisdictional misconduct by Hon. Fernandez, Hon. Yu, Hon. Johnson wherein they have conducted court dates and propounded orders after having transferred subject matter jurisdiction are an affront to common law dating back hundreds of years.

c.      The evidence of criminal conspiracy is now stronger.

There is now stronger evidence of criminal conspiracy. On the face of the facts, it appears that Judge O'Connor received instructions to "punish Kenton Girard", constituting a coordinated retaliation for the RICO lawsuit and an obvious abuse of judicial power to benefit Beermann LLP under a quid pro quo arrangement (sanctions issued under Rule 137 = money flowing to Beermann LLP). The flow of money evinces criminal intent and conspiracy.

The timeline of events is moreover damning. (a) Plaintiff filed the instant civil RICO lawsuit against judges and Beermann LLP attorneys, (b) Judge O'Connor suddenly decides to "sanction" Kenton for suing judges, (c) surprise - the money goes to Beermann LLP lawyers, (d) for conduct **completely outside** of Cook County Judge O'Connor's jurisdiction, (e) at the moment when she is leaving the case.

<u>d.      New federal crimes are being committed.</u>

Wherein Beermann LLP has manipulated Judge O'Connor to utilize her judicial power to obtain money for them is a clear violation of 18 U.S.C. § 1951 (Hobbs Act - Extortion). Moreover, this is being done under the color of official right, and in a manner which affects interstate commerce viz-a-viz federal court access thus implicating violations of 18 U.S.C. § 1503 (Obstruction of Justice).

Illegal retaliation against federal court filings, intimidating witnesses/parties in federal litigation, and corruptly influencing federal judicial proceedings implicated violations of 18 U.S.C. § 242 (Civil Rights Violation). Depriving constitutional rights under color of law, and denying right to access federal courts, and causing the abrogation of due process rights is an affront to 42 U.S.C. § 1983 (Civil Rights) and also suggests conspiracy to violate civil rights, while acting under color of state law.

The Beermann Playbook is at work, as previously described in the underlying RICO pleading in this matter: (a) keep dragging the case out past Illinois Supreme Court Rule 922 deadline and ignore the 14 years and above children's voices in violation of state law, (b) get order forcing girls to see abuser, (c) when girls refuse (as they will at ~ 18 years of age), hold Plaintiff Kenton Girard (and potentially his wife, Marissa Girard who has been improperly joined in the custody proceedings despite having neither a biological relationship to the children nor any

parental rights) in contempt for "not complying", (d) accrue excessive legal fees and fee awards in the process.

This is a criminal conspiracy to (a) obstruct justice, (b) enable child abuse, (c) violate constitutional rights, and (d) abuse judicial process under a continuing pattern of judicial lawlessness which inures to the benefit of Beermann LLP and their clientele – and to the detriment of Plaintiff Kenton Girard and the minor children.

e.  Judge O'Connor's Rule 137 sanctions scheme is a smoking gun here.

The sanctions scheme proves (a) coordination between enterprise members (judges and Beermann LLP attorneys working together), (b) simultaneous timing with the instant civil RICO lawsuit. There is obvious corrupt intent because there is no legitimate basis for such sanctions, and money is flowing to the RICO defendants in retaliation for the instant civil RICO lawsuit. There is furthermore a pattern of activity: the sanctions scheme is (a) part of ongoing scheme to benefit Beermann LLP, (b) using judicial power for private gain, and involving (c) systematic abuse of process.

f.  The federal supremacy doctrine begs action here.

Federal courts can and should (a) enjoin state proceedings that violate federal rights, (b) protect federal litigation from state retaliation, (c) assert jurisdiction over civil rights violations, and (d) stop ongoing criminal conspiracies.

In what amounts to a "legal checkmate" Judge O'Connor has just provided the following (a) proof of the RICO conspiracy, (b) evidence of criminal intent, (c) documentation of retaliation, (d) grounds for federal intervention, (e) basis for federal criminal prosecution. The fact that Judge O'Connor is punishing Plaintiff for his federal court activities, sending money to RICO defendants, exceeding her jurisdiction, illegally retaliating for federal lawsuits, and acting

*Emergency Motion for an Ex Parte TRO*

on apparent instructions from others … constitutes the kind of evidence that federal prosecutors dream of in criminal RICO cases.

g.     The January 27 2025 transfer order of Hon. Scannicchio proves her corruption.

The fact that Hon. Scannicchio applied her wet ink signature to the transfer to Calendar 89, the courtroom Hon. Yu, wherein she confirms IN WRITING that eight domestic relations calendars have been excluded for possible assignment for no legitimate reason is a unique window into the corruption that Plaintiff has been contending with for the last forty (40) months.

Similar to Judge O'Connor, Hon. Scannicchio appears to have accepted her marching orders from Beermann LLP wherein the eight excluded domestic relations judges are disfavored by Beermann LLP because they are not recipients under their bribery schemes. The "clerical error" of the assignment to Calendar 51, the courtroom of Hon. Ellen Flannigan is comical - again presumably John M. D'Arco or one of the Beermann LLP partners told her to reassign the case to a friendly (bribed) judge.

h.     This goes way beyond judicial misconduct.

We now have tendered persuasive evidence of an ongoing criminal conspiracy to (a) obstruct the administration of justice in the federal courts, (b) retaliate and suppress federal litigants, (c) using state judicial power for private benefit, and to (d) violate constitutional rights under color of state law.

These circumstances are beyond horrific. We are talking a child abuse enablement conspiracy. This is not just garden variety corruption. The situation now is more urgent than ever, especially in light of the worsening violations.

The full horror of this conspiracy is plain: (a) twin 17.5-year-old girls alleged serious sexual abuse years ago, (b) the entire Cook County family court system has been ignoring them,

(c) every judge involved appears to be taking orders from Beermann LLP attorneys, (d) Beermann LLP represents the abusive mother, (e) the system is designed to protect the abuser, not the children, (f) Judge O'Connor has sanctioned Plaintiff for trying to protect his children. Federal court is the proper place to seek justice under these egregious circumstances.

i.      Federal crimes against children are now apparent.

This case now involves 18 U.S.C. § 241 - conspiracy against rights, conspiracy to deny children constitutional protection, systematic deprivation of due process, denial of equal protection under law. Furthermore, the apparatus of 18 U.S.C. § 242 - deprivation of rights under color of law is applicable. The conspirators have been abusing judicial power to harm children, to protect abusers, to willfully violate constitutional rights for an obvious profit motive under the Beermann Playbook. Judge O'Connors sanctions order equates to "Stop using federal courts to protect your children from our corrupt state system". This case is a child protection emergency.

k.      The federal courts were designed for cases like this one.

Federal courts are designed to protect our fundamental rights when state systems are demonstrably and systematically corrupt and implicating the ongoing violation of constitutional rights.

This court has jurisdiction to enjoin the state proceedings. There is an exception to Anti-Injunction Act (28 U.S.C. § 2283) wherein federal courts are allowed to enjoin state proceedings in case of a civil rights exception involving (a) 42 U.S.C. § 1983 violations, (b) a pattern of constitutional deprivations, and (c) systematic denial of due process. Moreover, protection of federal jurisdiction calls for this Court's intervention here: (a) the instant civil RICO case is being actively obstructed, (b) the state court is illegally retaliating against a federal plaintiff for his federal court filings, (c) the state is interfering with federal rights.

*Emergency Motion for an Ex Parte TRO*

Underlying these events is a transparent civil rights conspiracy: (a) multiple actors are conspiring, (b) under color of state law, and (c) violating constitutional rights. *Younger v. Harris* exceptions have been articulated under various case law. When there are ostentatious civil rights violations, federal courts can enjoin state proceedings when constitutional rights are systematically violated. Hereunder, the state proceedings are being conducted in bad faith to harass federal litigants. These are truly extraordinary circumstances wherein the state system has been shown to be fundamentally compromised.

l.      The balancing tests are satisfied for federal injunctive relief.

Plaintiff has at this point an enhanced likelihood of success on merits: (a) a civil RICO conspiracy has been proven, (b) civil rights violations have been widely documented, (c) a pattern of judicial corruption has been painstakingly adduced with detailed resolution. Irreparable harm is on the horizon: Plaintiff's and the minor children's constitutional rights continue to be violated daily, there is ongoing retaliation for federal court access and there is continuing harm from the corrupt state system.

The balance of hardships analysis proceeds according to (a) children's safety vs. state court efficiency, (b) constitutional rights vs. state procedure, (c) federal supremacy in civil rights matters. The public interest analysis proceeds according to protecting Plaintiff and the minor children from corruption, enforcing federal civil rights laws, and stopping a wide-ranging criminal conspiracy which involves officers of the court and judges.

The case law supporting federal intervention includes (a) *Mitchum v. Foster* - Civil rights exception to Anti-Injunction Act, (b) *Dombrowski v. Pfister* - federal courts can enjoin state

proceedings that chill constitutional rights and (c) *Steffel v. Thompson* - federal declaratory relief is appropriate when state proceedings threaten federal rights.

Moreover the **DeShaney Exception** is applicable because of the state-created danger: (a) state actors are affirmatively placing the minor children in danger, (b) judicial power has been utilized to maintain an abusive situation, and (c) there is deliberate indifference to known harm.

The recent letters from the therapists for the minor children confirms (a) professional documentation of the sex abuse by Jane F. Girard, (b) the state system was notified, (c) the system chose to ignore professional recommendations, (d) a pattern of protecting the abuser over the minor children victims, and (e) deliberate indifference to child welfare. Federal courts must act when the state system ignores professional evidence of abuse and the children are left in demonstrable danger, state actors conspire to enable abuse and no adequate state remedy exists.

The state system moreover is ignoring the minor children's voices in disregardment of state law. In Illinois at age 14, children's preferences should be heavily weighed. These girls are 17.5 years old. They've consistently refused contact for three years from their biological mother Jane F. Girard and are now just 6 months from legal adulthood. Such facts establish that the state system is (a) deliberately violating Illinois statutes, (b) ignoring children's clearly expressed wishes, (c ) treating nearly-adult teenagers like toddlers, (d) engaging in a pattern of lawlessness which specifically accrues to the benefit of Beerman LLP. These circumstances adduce absolutely devastating evidence of systematic lawlessness.

## CONCLUSION

This Court must take action: state actors are systematically retaliating against multiple federal civil rights plaintiffs (Plaintiff, minor children and Plaintiff's wife Marissa Girard, who is

*Emergency Motion for an Ex Parte TRO*

pursuing her own lawsuit under *Girard v. Fernandez et al.*, Civil Action No. 1:25-00136, N. Dist. Illinois), creating a pattern of constitutional violations that threatens the entire federal court system. When state courts sanction citizens for filing federal lawsuits and retaliate against federal civil rights enforcement, federal intervention is not just warranted but constitutionally required.

Under Marissa Girard's civil rights federal lawsuit noted above, she seeks relief from *inter alia* ADA violations and documented intersectional discrimination based on her disabilities and her Hispanic/Latinx racial identity, due process violations and abuse of process. Under the instant suit, Plaintiff and the minor children have documented an ongoing judicial bribery scheme, adduced compelling data regarding the RICO enterprise and proof of criminal conspiracy as well as a pattern of corruption across different cases and which is ongoing. Synthesizing these patterns, we now can see systematic retaliation against federal plaintiffs, a strong pattern of constitutional violations, a criminal conspiracy to obstruct federal rights and most concerning a coordinated effort to silence federal enforcement.

Courts throughout the United States have long held that even brief violations of constitutionally protected rights constitutes irreparable harm for which no payment of money damages can rectify the situation. "**When constitutional rights are threatened or impaired, irreparable injury is presumed.**" *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976); see also *Ohio State Conference of N.A.A.C.P. v. Husted,* 768 F.3d 524, 560 (6th Cir. 2014) (same). District Courts within this Circuit hold that the standard for granting a TRO and the standard for granting a preliminary injunction are identical. See, e.g. *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.* , No. 1:01-cv-00905, 2001 WL 527404, *1(N.D. Ill. May 15, 2001).

Here, the balance of hardships prong test enshrined under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) tips sharply in favor of granting the temporary restraining order because constitutional rights are in the cross hairs. The protection of constitutional rights is "a purpose that is always in the public interest" *Dodds v. U.S. Dept. of Educ.*, 845 F. 3d 217, 222 (6th Cir. 2016).

Finally, a district court is not required to impose a bond. *Rathmann Group v. Tanenbaum*, 889 F.2d 787 (8th Cir. 1989) Courts have concluded that a bond is not required to obtain preliminary injunctive relief when a plaintiff is seeking to prevent a state actor from violating the constitutionally protected rights. See e.g. *Bukaka, Inc. v. County of Benton*, 852 F. Supp. 807, 813 (D. Minn. 1993).

Plaintiff therefore respectfully requests that this Court grant his Emergency Motion for an Ex Parte TRO and sign the prepared TRO referenced in **Exhibit 0** and filed in the docket in a standalone document.

Dated: June 28, 2025

Respectfully Submitted,

KENTON GIRARD, *In Pro Se*

/s/ Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com
Tel: 773-575-7035

## <u>EMERGENCY MOTION FOR EX PARTE TRO – INDEX OF EXHIBITS</u>

Proposed Temporary Restraining Order                                                                 0
Certification of Kenton Girard dated June 27, 2025                                                    1
Rulings from October 18, 2024 by Hon. Fernandez                                                       2
Trial Order dated October 18, 2024 by Hon. Fernandez                                                  3
Email from Kenton Girard to Karen Paige on December 2, 2024                                           4
Email from Kenton Girard to Enrico Mirabelli on December 2, 2024                                      5
Amended Trial Order dated December 3, 2024 by Hon. Fernandez                                          6
Judicial transfer order from Calendar 99 to Calendar 1 dated December 6, 2024                         7
Email dialogue between Kenton Girard and Candace Meyers December 11-12, 2024                           8
Ruling by Hon. Gregory E. Ahern as to Hon. Fernandez dated January 14, 2025                           9
Filings showing transition from Calendar 1 to Calendar 51 on January 14, 2025                         10
Order by Hon. Scannicchio dated January 23, 2025 as to "clerical error" judicial transfer            11
Recusal of Hon. Fernandez dated January 27, 2025                                                      12
Judicial Transfer Order to Calendar 89 by Hon. Scannicchio dated January 27, 2025                     13
Notice addressing jurisdictional and other issues as of February 3, 2025                              14
Marissa Girard's Notice as to Health Status and TP Claims as of February 4, 2025                      15
Rulings by Hon. Yu from February 7, 2024                                                              16
Attacks mounted Kenton and Marissa Girard as to Judge Yu                                              17
Trial Order dated February 14, 2025 by Hon. Yu                                                        18
Judicial Transfer Order from Calendar 89 to Calendar 1 dated February 14, 2025                        19
Email from Candace Meyers as to February 25, 2025 court date before Hon. Yu                           20
Proposed order by Beermann LLP and dialogue regarding February 25, 2025 court date                    21
Notice of Jurisdictional Trespass dated February 25, 2025 filed by Kenton Girard                      22
Hon. Johnson to hear SOJ of Hon. Yu, Order by Hon. Scannicchio dated April 1, 2025                    23
Order by Hon. Johnson dated April 24, 2025                                                            24
Email from minor children to Hon. Scannicchio dated April 24, 2025                                    25
Email from Marissa Girard regarding Hon. Johnson's unconscionable order                               26
Notice of Removal of state case filed by Marissa Girard on April 28, 2025                             27
Email from Beermann LLP to Hon. Yu requesting signature on their proposed order                       28
Order by Hon. Johnson dated April 29, 2025 (no state court jurisdiction)                              29
Order by Hon. Johnson dated May 1, 2025 (no state court jurisdiction)                                 30
Motion for rule to show cause against Beermann LLP dated May 5, 2025                                  31
Emergency motion filed by Beermann LLP dated May 8, 2025                                              32
Email from courtroom coordinator for Hon. Yu as to lacking jurisdiction                               33
Email from Kenton Girard advising remand remains to be transmitted to state court                     34
Amended Notice of Emergency Motion for May 12, 2025 – aware of no jurisdiction                         35
Email dialogue as to pending review by Seventh Circuit from May 21-29, 2025                            36
Email dialogue as to lacking remand instructions from June 16, 2025                                    37
Email dialogue as to lacking remand instructions from June 20, 2025                                    38
Order from Hon. Johnson purportedly signed June 17, 2025                                               39
Email from Kenton Girard about lacking jurisdiction dated June 24, 2025                                40
Email from Marissa Girard complaining about in absentia hearing                                        41
Response from Carina Segalini about the notice which was not e-filed                                   42
More pointed questions about the e-filing/notice gamesmanship                                          43
Order from Hon. Johnson dated June 24, 2025                                                            44
Screenshot of Odyssey showing July 3, 2025 date as of June 24, 2025                                    45
Order by Hon. Eileen M. O'Connor imposing Rule 137 Sanctions                                           46
Recent letter from therapist for minor child Gw                                                        47
Recent letter from therapist for minor child Gr                                                        48

**EXHIBIT 0**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Kenton Girard et al.,

              Plaintiffs,

              v.

Village of Glencoe et al.

              Defendants.

**Case No. 1:24-cv-06882**

District Judge Rebecca R. Pallmeyer

Magistrate Jeannice W. Appenteng

**TEMPORARY RESTRAINING ORDER**

1.      All proceedings, hearings, filings, orders and court dates under *IRMO Girard*, Cook County Case No. 2015-D-009633 shall be stayed.

2.      The Rule 137 proceedings under *Minor Child Gw et al. v. Jane F. Girard*, Case No. 2024-L-012053 shall be stayed.

3.      Beermann LLP is enjoined from further representation of Jane F. Girard under *IRMO Girard*, Cook County Case No. 2015-D-009633.

IT IS SO ORDERED.              DATED:

_____

UNITED STATES DISTRICT JUDGE

<u>EXHIBIT 1</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Kenton Girard et al., | **Case No. 1:24-cv-06882** |
| Plaintiffs, | |
| | District Judge Rebecca R. Pallmeyer |
| v. | |
| | Magistrate Jeannice W. Appenteng |
| Village of Glencoe et al. | |
| Defendants. | |

### CERTIFICATION OF KENTON GIRARD

1.       On October 18, 2024, Hon. Fernandez convened a court date under the State Case, wherein her first order of business was to recuse herself from the proceedings pursuant to a motion for substitution of judge which had been filed against her.

2.       After such ruling in open court, rather than properly adjourning the court date for obvious lack of jurisdiction, Hon. Fernandez proceeded to rule on various pending motions and to conduct a case management conference, thereby propounding a Trial Order for the State Case.

3.       On or around November 22, 2024 I filed a petition for substitution of judge for cause directed at Hon. Fernandez. Thus at that point she was doubly removed from adjudicating any matter in the State Case. In spite of this, Beermann LLP noticed presentment of a motion to modify the Trial Order for December 3, 2025. In turn, Hon. Fernandez duly presided over the requested court date and granted the motion. Subsequently, she did step down from the proceedings, transferring jurisdiction from her Calendar 99 courtroom to the Calendar 1 courtroom.

4.      Beermann LLP however openly disregarded the transfer to Calendar 1, wherein they proceeded to notify myself and my wife, Marissa Girard, for depositions about a week later. On this occasion, I traded emails back and forth with Beermann LLP to complain that any further movement in the State Case was barred by the plain language of 735 ILCS 5/2-1001(a)(3) wherein the targeted judicial officer – Hon. Fernandez – is sidelined pending the resolution of the petition seeking her removal. Nothing can happen in the State Case until the petition has been heard by a separate judge.

5.      The hearing on April 24 2025 before Hon. Robert Johnson was not noticed to myself or my wife Marissa Girard by the state court or by Beermann LLP, which drafted the April 17, 2025 order setting the court date for April 24, 2025. Moreover, the court date did not appear in the electronic docket system until the afternoon of April 24, 2025 after the court date was completed. In the same hearing, Hon. Johnson denied the minor children's motion to intervene by improperly muting the participants including attorney Toma Makedonski.

6.      On June 18, 2025 I defended a motion for sanctions brought by the Beermann LLP attorneys Karen Paige and Candace Meyers under Rule 137 under *Minor Child Gw et al. v. Jane F. Girard*, Case No. 2024-L-012053. The application was premised on improperly suing the Beermann LLP attorneys under the ANCRA statute. Judge O'Connor did not impose sanctions for such reason. Instead, she imposed sanctions because my federal lawsuit *Minor Child Gw et al. v. Scannicchio et al.*, Civil Action. No. 1:25-cv-04551, N. Dist. Illinois violated her "instruction" that I cannot sue judges.

I swear under the penalty of perjury that the foregoing statements are true.


SIGNED              /s/ Kenton Girard


DATED              June 27, 2025

## EXHIBIT 2

IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF: )
)
KENTON GIRARD, )
    Petitioner, )
)
  and )  No. 2015 D 009633
)
JANE GIRARD, )  Cal. 99
    Respondent. )
)
MARISSA GIRARD, )
)
  Third Party Respondent. )

**ENTERED**
Judge Rossana P. Fernandez-2141
**OCT 18 2024**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER

This case coming before the Court for Case Management Conference pursuant to the Order entered September 5, 2024; Petitioner, KENTON GIRARD, present in Court, *Pro Se*; Respondent, JANE GIRARD, present in Court with her counsels, Enrico J. Mirabelli and Karen V. Paige of Beermann LLP; Third Party Respondent, MARISSA GIRARD, not appearing in Court; the Court having heard argument regarding Petitioner, KENTON GIRARD's, Motion to Stay Proceedings, and having conducted a Case Management Conference; the Court Orders:

1.  Petitioner (Kenton) present in court, pro-se.

2.  Respondent (Jane) present in court with her Attorneys, Mirabelli and Paige.

3.  Third-Party Respondent (Marissa) failed to appear.

4.     The Court has reviewed a copy of the file-stamped Motion for Substitution of Judge (as a Matter of Right) filed by Third Party Respondent, Marissa Girard (file stamped 10-16-24 08:19 pm). The Court inquired if Third Party Respondent Marissa Girard was present, or if any counsel was present on her behalf, but Marissa Girard did not appear personally nor through counsel on her behalf. Third Party Respondent Marissa Girard's Motion for Substitution of Judge (as a Matter of Right) is *stricken.*

5.     Minor Child's Motion to intervene (filed 08-12-24) is *Stricken and denied* for lack of legal capacity.

6.     After reviewing Petitioner, Kenton Girard's, Motion for Stay of Proceedings, and Respondent, Jane Girard's, Response to Motion to for Stay of Proceedings, and *after hearing* argument of counsel and Petitioner, Kenton Girard, the Motion to Stay of proceedings is *Denied.*

7.     The Court conducted a Case Management Conference and set Trial dates pursuant to the Court's Trial Order entered contemporaneously herewith.

ENTERED: 10-18-24

_____
JUDGE

ENTERED
Judge Rossana P. Fernandez-2141
214/OCT 1 8 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Karen V. Paige
Enrico J. Mirabelli
**BEERMANN LLP**
Attorneys for Respondent, Jane Girard
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
T: (312) 621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com

Kenton Girard
**Petitioner (Pro-se)**
KG5252@Yahoo.com

Marissa Girard
**Third-Party Respondent**
MarissaDakis@Gmail.com

−2−

## EXHIBIT 3

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### DOMESTIC RELATIONS DIVISION, THIRD DISTRICT

KENTON GIRARD )
_____ )  Court No. ___15 D 9633___
                Petitioner )
                           )
JANE GIRARD )  Calendar **"99"**
_____ )
                Respondent )
                           )

```
ENTERED
Judge Rossana P. Fernandez-2141

OCT 1 8 2024

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
```

### TRIAL ORDER
### IN PERSON

THIS CAUSE COMING TO BE HEARD FOR TRIAL ASSIGNMENT. Notice to all parties.

The court being fully advised in the premises. **IT IS HEREBY ORDERED:**

1  All issues, including Contribution of Attorneys' Fees, shall be heard at the Trial for this cause,

Unless otherwise ordered by the court.

2  **TRIAL** is scheduled to proceed on

| | | | |
|---|---|---|---|
| FEBRUARY 18 | , 2025 | at | 11:00 AM |
| FEBRUARY 19 | , 2025 | at | 01:30 PM |
| FEBRUARY 20 | , 2025 | at | 01:30 PM |
| FEBRUARY 21 | , 2025 | at | 01:30 PM |

**WRITTEN DISCOVERY CLOSES (11-08-24)**
3  **ORAL (Non-Expert) DISCOVERY CLOSES (11-08-24)** _____ *(any claims or documents not*
**ORAL (Expert) DISCOVERY CLOSES (12-31-24)**
*disclosed timely shall be barred*).

4  Counsel of Record and/or the Parties *shall* exchange the following Documents no later than

**FEBRUARY 04, 2025** :

    a.  Updated Financial Affidavits (if any pending financial issues)
    b.  Witness Lists;
    c.  Written Stipulations;
    d.  Updated Discovery;
    e.  Trial Exhibits (and shall provide the court copies *via ONE EMAIL* with a numerical list of
       proposed Exhibits as **PDF files** and labeled (numerically) no later than *14 days prior to trial.*
    f.  All Motions in Limine.

5    Counsel of Record and/or the Parties *shall* provide to the Court **VIA ONE (1) EMAIL SUBMISSION,** and to each other, Courtesy Copies of the following, *within fourteen (14) days prior to trial,* on or before **FEBRUARY 04, 2025** :

*(All Exhibits shall be Marked in <u>Numerical Order</u> and attached as <u>separate</u> PDF files to one (1) Email to the Court):*

     a.   Updated Financial Affidavits (if any pending financial issues)
     b.   All Exhibits, including a list of stipulated Exhibits;
     c.   Any objections (in writing) to the opposing party's Exhibits;
     d.   Witness Lists;
     e.   Written Stipulations;
     f.   Petitions for Contribution to Attorneys' Fees;
     g.   List of all other Exhibits <u>not</u> stipulated to; and
     h.   ***Proposed Judgment Order from each party, including a separate Allocation Judgment, if applicable.***

6    Failure to submit appropriate Fee Petition(s) on the day of Trial *shall* be deemed a waiver of contribution to Attorney's Fees.

7    Witnesses not identified on a Witness List *shall* be barred from testifying at trial.

8    The parties must provide a court reporter at their own expense.

9    All Settlement discussions between the parties shall take place <u>prior to</u> the day of trial and *No Pretrial Request will be entertained on the day of trial.*

10   The case *shall* be *Dismissed for Want of Prosecution* if the Petitioner fails to appear and/or fully comply with this Order.

11   An *Order of Default shall* be entered against the Respondent if the Respondent fails to appear and/or does not fully comply with this Order./ Likewise for any Third-Party.

KENTON GIRARD (Petitioner)        ENRICO MIRABELLI (Attorney)

**Petitioner/ Petitioner's Attorney (print)**      **Respondent/ Respondent's Attorney (print)**

KG5252@Yahoo.com             EJMirabelli@BeermanLaw.com

**Email for Notices (print)**            **Email for Notices (print)**

** Third-Party (Marissa Girard) MarissaDakis@Gmail.com

**ATTORNEY CODE:**
**ATTORNEY NAME:**
**ATTORNEY FOR:**
**ADDRESS:**    **O/C**
**CITY/STATE:**
**PHONE:**
**EMAIL:**

ENTERED: 10-18-24

**ENTERED**
Judge Rossana P. Fernandez-2141
#214 / OCT 18 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

JUDGE

**OPPOSING SIDE MUST BE COPIED ON ALL EMAILS**
*ALL EMAIL "SUBJECT" LINES SHALL CONTAIN: (LAST NAME OF PETITIONER) AND (COURT NO.) *
** Courtesy Copies 7 Days in advance TO: ccc.DomRelCR3009@CookCountyIL.Gov

## EXHIBIT 4

**From:** Kenton <kg5252@yahoo.com>
**To:** Karen Paige <kpaige@beermannlaw.com>
**Sent:** Monday, December 2, 2024 at 12:00:51 PM EST
**Subject:** Re: Girard [IMAN-BMACTIVE.FID206731]

Dear Karen,

As you know there is a pending Petition for SOJ for cause for Fernandez in Case 2015D009633, therefore nothing can happen in this case until that petition is ruled upon by another Judge. As a result, shall I consider your current motion scheduled for tomorrow, withdrawn until the SOJ for cause is ruled upon?

Also in regard to the 2024-L-012053 case, Jane was served with the lawsuit last week. Will you or someone else at Beermann be entering an appearance on her behalf in that case as well?

Kenton L. Girard
Cell (773) 575-7035


On Tuesday, November 26, 2024 at 10:29:12 AM EST, Patricia A. Rice <parice@beermannlaw.com> wrote:


Dear Mr. Girard:


Please see the attached filed pleadings currently set for 12/3/24 at 9:30 a.m. for your records


Sincerely,


---

**Patricia A. Rice** | Legal Assistant

2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015

Tel: 847.681.9600 | Fax: 847.681.0909


161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

parice@beermannlaw.com | www.beermannlaw.com

 

**CONFIDENTIAL E-MAIL**
This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.

## **EXHIBIT 5**

**From:** Kenton <kg5252@yahoo.com>
**To:** Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>
**Cc:** Karen Paige <kpaige@beermannlaw.com>; Candace L. Meyers <clmeyers@beermannlaw.com>; Patricia A. Rice <parice@beermannlaw.com>
**Sent:** Monday, December 2, 2024 at 03:45:25 PM EST
**Subject:** Re: Girard [IMAN-BMACTIVE.FID206731]

Enrico,

I want to make it clear that by moving forward with your current motion scheduled for tomorrow, you are opening yourself and Beermann to new causes of action if you refuse to withdraw your scheduled motion, when you are fully aware that there is a pending Petition for Substitution of Judge for Cause.

Kenton L. Girard
Cell (773) 575-7035

**From:** Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>
**To:** Kenton <kg5252@yahoo.com>
**Cc:** Karen Paige <kpaige@beermannlaw.com>; Candace L. Meyers <clmeyers@beermannlaw.com>; Patricia A. Rice <parice@beermannlaw.com>
**Sent:** Monday, December 2, 2024 at 03:51:47 PM EST
**Subject:** RE: Girard

Kenton;

Do not threaten me. We will proceed with the presentment of the motion. How the Judge handles it will be up to her. What you do after the Judge handles the motion is up to you.

Enrico J. Mirabelli

**Enrico J. Mirabelli** | Divorce and Family Law Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909



2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015

Tel: 847.681.9600 | Fax: 847.681.0909

ejmirabelli@beermannlaw.com | www.beermannlaw.com

**EXHIBIT 6**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### DOMESTIC RELATIONS DIVISION, THIRD DISTRICT

KENTON GIRARD )

_____ )  Court No. 15 D 9633
         Petitioner )

JANE GIRARD )

_____ )  Calendar "99"
         Respondent )

MARISSA GIRARD )
      Third-Party Respondent

**ENTERED**
Judge Rossana P. Fernandez-2141

DEC 03 2024

Mariyana T. Spyropulos
**CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL**

### TRIAL ORDER
### IN PERSON

THIS CAUSE COMING TO BE HEARD FOR TRIAL ASSIGNMENT. Notice to all parties.

The court being fully advised in the premises. **IT IS HEREBY ORDERED:**

1   All issues, including Contribution of Attorneys' Fees, shall be heard at the Trial for this cause,

    Unless otherwise ordered by the court.

2   **TRIAL** is scheduled to proceed on

    FEBRUARY 18 , 2025 at 11:00 AM

    FEBRUARY 19 , 2025 at 01:30 PM

    FEBRUARY 20 , 2025 at 01:30 PM

    **PRETRIAL** is scheduled to proceed on  FEBRUARY 21 , 2025 at 01:30 PM

3   **DISCOVERY CLOSES ON** ____see below_____ _(any claims or documents not_

    _disclosed timely shall be barred_). **Written Discovery Closes: 11-08-24**

    Oral (Non-Expert) Discovery Closes: 12-31-24; Oral (Expert) Discovery Closes: 1-31-25
    FEBRUARY 4, 2025 .

4   **Counsel of record and/or the parties** _shall_ exchange the following Documents no later than

    b.  Witness Lists;
    c.  Written Stipulations;
    d.  Updated Discovery;
    e.  Trial Exhibits (and shall provide the court copies _via ONE EMAIL_ with a numerical list of
       proposed Exhibits as **PDF files** and labeled (numerically) no later than _14 days prior to trial._
    f.  All Motions in Limine.

** Respondent's Motion to correct the Trial Order deadlines, nunc pro tunc to 10-18-24 is GRANTED.

5    Counsel of Record and/or the Parties **shall** provide to the Court **VIA ONE (1) EMAIL**

    **SUBMISSION,** and to each other, Courtesy Copies of the following, **within fourteen (14) days**

    **prior to trial,** on or before _FEBRUARY 04,_ :

*(All Exhibits shall be Marked in Numerical Order and attached as separate PDF files to one (1) Email to the Court):*

    a.  Updated Financial Affidavits;
    b.  All Exhibits, including a list of stipulated Exhibits;
    c.  Any objections (in writing) to the opposing party's Exhibits;
    d.  Witness Lists;
    e.  Written Stipulations;
    f.  Petitions for Contribution to Attorneys' Fees;
    g.  List of all other Exhibits not stipulated to; and
    h.  *Proposed Judgment Order from each party, including a separate Allocation Judgment, if applicable.*

6    Failure to submit appropriate Fee Petition(s) on the day of Trial *shall* be deemed a waiver of contribution to Attorney's Fees.

7    Witnesses not identified on a Witness List *shall* be barred from testifying at trial.

8    The parties must provide a court reporter at their own expense.

9    All Settlement discussions between the parties shall take place prior to the day of trial and
    *No Pretrial Request will be entertained on the day of trial.*

10   The case *shall* be *Dismissed for Want of Prosecution* if the Petitioner fails to appear and/or fully comply with this Order.

11   An *Order of Default shall* be entered against the Respondent if the Respondent fails to appear and/or does not fully comply with this Order.

KENTON GIRARD (Pro Se)        ENRICO J. MIRABELLI

_____  _____
**Petitioner/ Petitioner's Attorney (print)**   **Respondent/ Respondent's Attorney (print)**

KG5252@Yahoo.com          EJMirabelli@beermannlaw.com

_____  _____
**Email for Notices (print)**         **Email for Notices (print)**

**ATTORNEY CODE:**
**ATTORNEY NAME:**   **O/C**
**ATTORNEY FOR:**
**ADDRESS:**
**CITY/STATE:**
**PHONE:**
**EMAIL:**

**ENTERED:**

_(signature)_
**JUDGE**

**ENTERED**
Judge Rossana P. Fernandez-2141
#214
DEC 03 2024

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL**

**OPPOSING SIDE MUST BE COPIED ON ALL EMAILS**
*ALL EMAIL "SUBJECT" LINES SHALL CONTAIN: (LAST NAME OF PETITIONER) AND (COURT NO.) *
** Courtesy Copies 7 Days in advance TO: ccc.DomRelCR3009@CookCountyIL.Gov

# EXHIBIT 7

**4201/4282 - Transfer to Judge    4295 - Close Discovery - Allowed**
**8201 - Return for Random Assignment**
**Orders of Transfer, Assignment and Reassignment**                           **(12/01/24) CCDR 0014 A**

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:  ☑ Marriage  ☐ Civil Union  ☐ Legal Separation  ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent)  ☐ Support  ☐ Parentage of:

Kenton Girard

_____ Petitioner

and

Jane Girard (respondent), Marissa Girard 3rd Party

_____

Respondent

Case No. _15 D 9633_

Calendar _99_

**E N T E R E D**
Judge Rossana P. Fernandez-2141

**DEC 0 6 2024**

**IRIS Y. MARTINEZ**
**CLERK OF THE CIRCUIT COURT**
**OF COOK COUNTY, IL**

### ORDERS OF TRANSFER, ASSIGNMENT AND REASSIGNMENT

This Cause being properly before the Court, and the Court being advised in the premises:

I.  Transfers (Temporary)

☐  That this cause is transferred to the   ☐ 4852 - Reconciliation Calendar  ☐ 4853 - Military Calendar.

All existing orders shall remain in full force and effect except _____ .

☐  That this cause is transferred to the Collaborative Process Calendar. All prior orders of court, including access to the court for enforcement and discovery, shall be considered suspended, and all proceeding shall be stayed , unless other wise expressly provided by law, agreement of the parties, or order by the court.

☐  That this cause be returned from the   ☐ 4752 - Reconciliation Calendar  ☐ 4753 - Military Calendar
☐ Collaborative Process Calendar.

☑  4282  IT IS ORDERED that the above entitled cause is transferred to Judge _Scannicchio_

Calendar _1_____ for _Petitioner's SOJ for Cause_____ .

☐  Pretrial  ☐ Contested Motion for _____ .
all other matters being retained by the Preliminary Judge.

☐  4201  IT IS ORDERED that this cause is returned to Judge _____

Calendar _____ for further proceedings, the transferred matter being concluded.

II.  Assignment (Trial)

☐  It is Ordered that:

☐  4295  Discovery is closed as of _____ .

☐  4482  This cause is set for Trial before Judge _____

Calendar _____

Instanter.  All parties or their counsel shall proceed immediately to courtroom _____ .

Note:  Cases set for trial can only be continued for cause, on motion pursuant to Supreme Court Rule and Domestic Relations General Order 86 D-1.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 2

**Orders of Transfer, Assignment and Reassignment**                    **(12/01/24) CCDR 0014 B**

III. Reassignments to or from Presiding Judge

☐   8282  This Cause coming before the court for reassignment, IT IS HEREBY ORDERED that this is

assigned to the Presiding Judge for:  ☐ Hearing;  ☐ Consolidation within the

Division: Case Number _____      Calendar _____ ;

or ☐ Other _____ .

☐   8201  Clerk for the Circuit Court for random electronic assignment to a calendar:

☐ Preliminary  ☐ Individual  ☐ Post-Judgment  ☐ Expedited Child Support

☐ Excluding Calendar(s) _____

ENTERED:

Dated: _____12-06-24_____

_____
                Judge

ENTERED
Judge Rossana P. Fernandez-2141
#2141/DEC 06 2024
Judge's No.
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Atty. No.: ___80095___

Atty Name: __K. Paige, Beermann LLP__

Atty. for: __Jane Girard__

Address: __161 N. Clark #3000__

City: __Chicago__          State: __IL__

Zip: __60601__

Telephone: __312-621-9700__

Primary Email: __kpaige@beermannlaw.com__

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 2

# EXHIBIT 8

**From:** Kenton <kg5252@yahoo.com>
**To:** Candace L. Meyers <clmeyers@beermannlaw.com>; Marissadakis@gmail.com <marissadakis@gmail.com>
**Cc:** Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>; Jonathan Steele <jsteele@beermannlaw.com>
**Sent:** Wednesday, December 11, 2024 at 09:13:55 PM CST
**Subject:** Re: Girard 2015 D 9633 [IMAN-BMACTIVE.FID359031]

Ms. Meyers,

The case is stayed in all respects until the SOJ for cause is adjudicated.

Kenton

Sent from Yahoo Mail for iPhone

On Wednesday, December 11, 2024, 1:57 PM, Candace L. Meyers <CLMeyers@beermannlaw.com> wrote:

Mr. Girard and Ms. Girard,

Please respond with dates you (each) will avail yourselves for your deposition. Please, each of you, provide your 3-hour time frames for dates between 12/13/2024 and 12/31/2024. If we do not receive your availability by EOD we will pick the times that work for our office and accordingly send you the notices.

Thank you for your attention.

Candace Meyers

**Candace L. Meyers** | Divorce and Family Law Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015

Tel: 847.681.9600 | Fax: 847.681.0909

clmeyers@beermannlaw.com | www.beermannlaw.com




**From:** Kenton <kg5252@yahoo.com>
**To:** Candace L. Meyers <clmeyers@beermannlaw.com>
**Cc:** marissadakis@gmail.com <marissadakis@gmail.com>; Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>; Jonathan Steele <jsteele@beermannlaw.com>
**Sent:** Thursday, December 12, 2024 at 07:42:26 AM CST
**Subject:** Re: Girard 2015 D 9633 [IMAN-BMACTIVE.FID359031]

Candace,

I am relying on the plain language of 735 ILCS 5/2-1001(a)(3) wherein these proceedings are currently without a judicial officer until the cause matter is heard and a decision rendered. When there is no judicial officer presiding, we are not in a "legal proceeding" except as it relates to disposition of the cause matter.

Kenton L. Girard
Cell (773) 575-7035

On Thursday, December 12, 2024 at 06:26:38 AM CST, Candace L. Meyers <clmeyers@beermannlaw.com> wrote:

Kenton,
That is incorrect. This is your discovery deposition. What legal basis are you relying?
Please kindly send along dates.
Thank you.

Candace L. Meyers
Divorce and Family Law Partner
**BEERMANN LLP**
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312-621-9700
Facsimile: 312-621-0909
*clmeyers@beermannlaw.com*
*www.beermannlaw.com*
_____

## EXHIBIT 9

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

| | | | |
|---|---|---|---|
| IN RE THE FORMER MARRIAGE OF | ) | | |
| | ) | | |
| KENTON GIRARD, | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| and | ) | No. | 2015 D 009633 |
| | ) | | |
| JANE GIRARD, | ) | | **Associate Judge** |
| Respondent, | ) | | **Gregory Emmett Ahern, Jr.** |
| | ) | | |
| and | ) | | **JAN 1 4 2025** |
| MARISSA GIRARD, | ) | | |
| Third Party Respondent. | ) | | **Circuit Court-2090** |

### ORDER ON PETITION FOR SUBSTITUTION OF JUDGE FOR CAUSE

This cause coming before the Hon. Gregory E. Ahern for hearing on January 9, 2025, on Kenton Girard's ("Kenton") November 22, 2024 Petition for Substitution of Judge Rosanna Fernandez for Cause and December 5, 2024 Supplement to Petition for SOJ for Cause (hereinafter collectively referred to as the "Petition"), Jane Girard ("Jane"), by and through her attorneys Beermann LLP, having filed a Response to Petition for Substitution of Judge for Cause and Supplement to Petition for SOJ for Cause on January 3, 2025, following Kenton's Motion to Accommodate Petitioner's Unavailability filed on December 12, 2024, and Kenton's email notice of his personal attendance as a spectator at President James Carter's funeral service in Washington D.C. on January 9, 2025, this Court accommodated Kenton by scheduling the hearing via Zoom several hours the conclusion of the funeral service, Jane, appearing personally and through her attorneys, Kenton and Third-Party Respondent Marissa Girard ("Marissa"), both having received notice of the proceedings and receiving additional emails during the proceedings failing to appear by 2:45 p.m. and neither party appearing by 4:30 p.m. on the Court's open Zoom, the Court having reviewed the pleadings, proposed orders, statutes, and case law, and now being fully advised in the premises, **HEREBY FINDS**:

A. In summary, Kenton's Petition raises five arguments in favor of a Substitution of Judge for Cause: (i) Judge Fernandez improperly denied a Motion for Substitution of Judge as a Matter of Right filed by Marissa and a Motion to Stay Proceedings filed by Kenton, (ii) Judge Fernandez is not entitled to judicial immunity, (iii) Judge Fernandez inappropriately handled affairs in her courtroom by denying Kenton the ability to speak unless asked direct questions and ordering future proceedings to occur in person, (iv) Judge Fernandez violated the Americans with Disabilities Act as it relates to, and the First Amendment rights of Marissa Girard; and (v) Judge Fernandez is a "cancer on the judiciary."

B. Notably, many of Kenton's arguments are made on behalf of Marissa Girard, who neither joined in the Petition nor filed a Response.

C. This matter was assigned to Calendar 99 on August 19, 2024. In the proceeding five months, Judge Fernandez entered a continuance order following a remote status (9/5/24), entered a trial order following a case management conference (10/18/24), struck Marissa's Motion for Substitution of Judge as of Right after Marissa failed to appear in court to prosecute her Motion (10/18/24), and denied Kenton's Motion to Stay Proceedings (10/18/24).

D. Substitution of judge for cause is governed by section 2-1001 of the Code of Civil Procedure. 735 ILCS 5/2-1001. Specifically, the statute states:

> (3) Substitution for cause. When cause exists.
>> (i) Each party shall be entitled to a substitution or substitutions of judge for cause.
>>
>> (ii) Every application for substitution of judge for cause shall be made by petition, setting forth the specific cause for substitution and praying a substitution of judge. The petition shall be verified by the affidavit of the applicant.
>>
>> (iii) Upon the filing of a petition for substitution of judge for cause, a hearing to determine whether the cause exists shall be conducted as soon as possible by a judge other than the judge named in the petition. The judge named in the petition need not testify but may submit an affidavit if the judge wishes. If the petition is allowed, the case shall be assigned to a judge not named in the petition. If the petition is denied, the case shall be assigned back to the judge named in the petition.

735 ILCS 5/2-1001(a)(3).

E. To succeed on a substitution of judge for cause petition, a party bears the high burden of showing actual prejudice. *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 30.

F. "Allegedly erroneous findings and rulings by the trial court are insufficient reasons to believe that the court has a personal bias for or against a litigant." *O'Brien*, 2011 IL 109039, ¶ 31. Previous rulings may only do so "if they reveal an opinion that derives from an extrajudicial source or [display] such a high degree of favoritism or antagonism as to make fair judgment impossible." (Internal quotation marks omitted.) *Petalino v. Williams*, 2016 IL App (1st) 151861, ¶ 36.

G. Kenton's Petition does not allege or establish that Judge Fernandez has exhibited actual prejudice against Kenton or Marissa Girard. Judge Fernandez's previous rulings and discretion over her courtroom do not arise to the level of actual bias or prejudice contemplated under section 2-1001 of the Code of Civil Procedure.

**IT IS HEREBY ORDERED THAT**:

1. Kenton's Petition is DENIED;

2. This matter shall be returned to Calendar 99 (Hon. Rosanna Fernandez) by separate order of the Presiding Judge.

ENTERED:

_____
Date

_____
Hon. Gregory Ahern

## EXHIBIT 10

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
   to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
1/13/2025 12:00 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 01
30932104

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

FILED DATE: 1/13/2025 12:00 AM   2015D009633

| | |
|---|---|
| *IN RE THE FORMER MARRIAGE OF* | |
| KENTON GIRARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) Hon. Rossana P. Fernandez |
| vs. | ) |
| | ) |
| JANE F. GIRARD, | ) Case No. 2015-D-009633 |
| | ) |
| Respondent, | ) |
| | ) |
| - - - - - - - | ) |
| | ) |
| MARISSA GIRARD, | ) |
| | ) |
| Third Party Respondent/ | ) |
| Third Party Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| JANE F. GIRARD, | ) |
| | ) |
| Crossclaim Defendant, | ) |
| | ) |
| VANESSA L. HAMMER ESQ, | ) |
| KAREN V. PAIGE ESQ, | ) |
| CANDACE L. MEYERS ESQ, | ) |
| DETECTIVE RYAN MCENERNEY, | ) |
| | ) |
| Third Party Defendants. | ) |

### SUBPOENA FOR DOCUMENTS ONLY

To:     Enrico Mirabelli
        161 N Clark, Suite 3000
        Chicago, IL 60601

        Pursuant to Ill. S. Ct. Rule 206 and Section 2-1101 of the Illinois Code of Civil Procedure, you are commanded to produce the documents identified in the attached document rider on or before January 31, 2025.

1

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
   to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
1/15/2025 3:39 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 51
30992295

FILED DATE: 1/15/2025 3:39 PM   2015D009633

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

| | |
|---|---|
| *IN RE THE FORMER MARRIAGE OF* | |
| KENTON GIRARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) Hon. Rossana P. Fernandez |
| vs. | ) |
| | ) |
| JANE F. GIRARD, | ) Case No. 2015-D-009633 |
| | ) |
| Respondent, | ) |
| | ) |
| - - - - - - - | ) |
| | ) |
| MARISSA GIRARD, | ) |
| | ) |
| Third Party Respondent/ | ) |
| Third Party Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| JANE F. GIRARD, | ) |
| | ) |
| Crossclaim Defendant, | ) |
| | ) |
| VANESSA L. HAMMER ESQ, | ) |
| KAREN V. PAIGE ESQ, | ) |
| CANDACE L. MEYERS ESQ, | ) |
| DETECTIVE RYAN MCENERNEY, | ) |
| | ) |
| Third Party Defendants. | ) |

**PETITION FOR SUBSTITUTION OF JUDGE FOR CAUSE**

Now comes the Third Party Respondent MARISSA GIRARD, in pro se, and states as follows in support of her Petition for Substitution of Judge for Cause directed at Judge Rossana P. Fernandez: J. Fernandez has exhibited "actual prejudice" as set forth under *O'Brien v. O'Brien*, 354 Ill. Dec. 715, 958 N.E.2d 647, 2011 IL 109039 (Ill. 2011) as detailed below via numerous concrete examples which have been adduced thus far hereunder.

## EXHIBIT 11

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| In re the Former Marriage of: | ) | |
| | ) | |
| Kenton Girard, | ) | |
|       Petitioner, | ) | |
| | ) | Case No. 2015D009633 |
| and | ) | |
| | ) | |
| Jane Girard, | ) | |
|       Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Marissa Girard, | ) | |
|       Third Party Respondent. | ) | |

**ENTERED**
PRESIDING JUDGE REGINA SCANNICCHIO - 2059
Jan. 23, 2025
Mariyana T. Spyropoulos
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

## ORDER

THIS CAUSE coming to be heard on the Court's own motion; on December 6, 2024, Judge Rossana Fernandez entered an order transferring this cause to Cal 1 for hearing assignment on Kenton Girard's Motion for Substitution of Judge for Cause; this Court having entered an order on December 20, 2024, assigning the Motion for Substitution of Judge for Cause to Judge Gregory Ahern for hearing; Judge Ahern having entered an order on January 14, 2025, denying the Motion for Substitution of Judge for Cause; upon the entry of the order denying the Motion for Substitution of Judge for Cause the case was to be returned to Judge Fernandez, Cal 99; the case was assigned to Judge Ellen Flannigan, Cal 51, after Judge Ahern entered his order; and the Court now being fully advised in the premises,

**THE COURT FINDS:**

1. A clerical error resulted in this matter being transferred to Judge Ellen Flannigan's calendar, Cal 51, instead of Cal 99;
2. The clerical error was corrected on January 22, 2025.

**IT IS HEREBY ORDERED**:

A. This case is assigned to Judge Fernandez, Cal 99 for all further proceedings.

ENTERED: January 23, 2025

Hon. Regina A. Scannicchio

Page 1 of 1

## EXHIBIT 12

| Order for Recusal | (12/01/24) CCDR 0124 |
|---|---|

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE:  ☑ Marriage  ☐ Civil Union  ☐ Allocation of Parental Responsibilities
 ☐ Support  ☐ Parentage  ☐ Visitation (Non-Parent)  ☐ Other

KENTON GIRARD
_____
                    Petitioner,

and

JANE GIRARD
_____
                    Respondent.

Case No.  15 D 9633

Calendar:  99

**ENTERED**
Judge Rossana Fernandez-2141

**JAN 27 2025**

CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk

### ORDER FOR RECUSAL

(4110) This cause coming to be heard on the Court's own Motion for Recusal Pursuant to Canon 2.11 of
the Illinois Code of Judicial Conduct of 2023 and 735 ILCS 5/2-1001(a)(1), and the Court being
fully advised in the premises,

IT IS HEREBY ORDERED:

(4201) ☐  A Trial Judge having recused themselves, this cause is hereby transferred to Preliminary Calendar
Judge ☐ C  ☐ D  ☐ E for reassignment. This Order shall be sent to the Preliminary Judge.

(8282) ☒  An Individual Calendar Judge/Preliminary Judge having recused themselves, this cause is hereby
transferred to the Presiding Judge of the Domestic Relations Division, Calendar 01, for random
reassignment. This Order shall be sent to DRDdivorderscal01@cookcountycourt.com.

**ENTERED:** Dated: ___01-27-25___                    _____ #2141
                                                      Judge            Judge's No.

Prepared by: _____

Attorney for:  ☐ Petitioner  ☐ Respondent  ☐ Child(ren) Attorney #: _____ **OR**
              ☐ I do not have an attorney (Self-Represented Litigant) Attorney #: 99500

Telephone: _____ Email: _____

Address: _____
         Street, Apt. #                    City              State        Zip

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

# EXHIBIT 13

4201/4282 - Transfer to Judge   4295 - Close Discovery - Allowed
8201 - Return for Random Assignment
Orders of Transfer, Assignment and Reassignment                    (12/01/24) CCDR 0014 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:  ☐ Marriage  ☐ Civil Union  ☐ Legal Separation  ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent)  ☐ Support  ☐ Parentage of:

KENTON GIRARD
_____
                        Petitioner
          and
JANE GIRARD,MARISSA GIRARD,MATTHEW ES
_____
                        Respondent

Case No.  2015D 009633

Calendar  01

**ENTERED**
PRESIDING JUDGE REGINA SCANNICCHIO - 2098
**Jan. 27, 2025**
Mariyana T. Spyropoulos
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK

## ORDERS OF TRANSFER, ASSIGNMENT AND REASSIGNMENT

This Cause being properly before the Court, and the Court being advised in the premises:

I.  Transfers (Temporary)

☐  That this cause is transferred to the  ☐ 4852 - Reconciliation Calendar  ☐ 4853 - Military Calendar.

All existing orders shall remain in full force and effect except _____.

☐  That this cause is transferred to the Collaborative Process Calendar.  All prior orders of court, including access to the court for enforcement and discovery, shall be considered suspended, and all proceeding shall be stayed , unless other wise expressly provided by law, agreement of the parties, or order by the court.

☐  That this cause be returned from the  ☐ 4752 - Reconciliation Calendar  ☐ 4753 - Military Calendar
☐ Collaborative Process Calendar.

☑  4282  IT IS ORDERED that the above entitled cause is transferred to Judge  YU _____

Calendar  89 _____  for  ALL FUTURE MATTERS _____.

☐  Pretrial  ☐ Contested Motion for _____
all other matters being retained by the Preliminary Judge.

☐  4201  IT IS ORDERED that this cause is returned to Judge _____

Calendar _____  for further proceedings, the transferred matter being concluded.

II.  Assignment (Trial)

☐  It is Ordered that:

☐  4295  Discovery is closed as of _____ .

☐  4482  This cause is set for Trial before Judge _____

Calendar _____

Instanter.  All parties or their counsel shall proceed immediately to courtroom _____ .

Note:  Cases set for trial can only be continued for cause, on motion pursuant to Supreme Court Rule and Domestic Relations General Order 86 D-1.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 2

**Orders of Transfer, Assignment and Reassignment**        **(12/01/24) CCDR 0014 B**

III. Reassignments to or from Presiding Judge

☐   8282   This Cause coming before the court for reassignment, IT IS HEREBY ORDERED that this is

assigned to the Presiding Judge for:   ☐ Hearing;   ☐ Consolidation within the

Division: Case Number _____    Calendar _____ ;

or ☑ Other   RECUSAL _____ .

☑   8201   Clerk for the Circuit Court for random electronic assignment to a calendar:

☐ Preliminary   ☐ Individual   ☐ Post-Judgment   ☐ Expedited Child Support

☑ Excluding Calendar(s)   C,35,34,31,99,D,44,51,74,61,64,98,85,86

ENTERED:

Dated: _____

_Desmecchi # 2059_      _____
                Judge                   Judge's No.

Atty. No.: _____

Atty Name: _____

Atty. for:   ORDER OF COURT _____

Address: _____

City: _____   State: _____

Zip: _____

Telephone: _____

Primary Email: _____

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

# EXHIBIT 14

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
 to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
2/3/2025 9:28 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 89
31253692

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

| | |
|---|---|
| *IN RE THE FORMER MARRIAGE OF* | ) |
| KENTON GIRARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| JANE F. GIRARD, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| - - - - - - - | ) |
| | ) |
| MARISSA GIRARD, | ) |
| | ) |
| Third Party Respondent/ | ) |
| Third Party Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| JANE F. GIRARD, | ) |
| | ) |
| Crossclaim Defendant, | ) |
| | ) |
| VANESSA L. HAMMER ESQ, | ) |
| KAREN V. PAIGE ESQ, | ) |
| CANDACE L. MEYERS ESQ, | ) |
| DETECTIVE RYAN MCENERNEY, | ) |
| | ) |
| Third Party Defendants. | ) |

**Calendar 89**

Case No. 2015-D-009633

**PETITIONER'S NOTICE AS TO HIS UNAVAILABILITY**

Now comes Petitioner KENTON GIRARD, in pro se, and in support of his Notice as to

his Unavailability states as follows:

I.    Failure to focus on work responsibilities risks Petitioner's employment.

Petitioner is an executive for Old National Bank and has been putting off important

business obligations which implicate fiduciary duties to shareholders, investors, stakeholders and

FILED DATE: 2/3/2025 9:28 PM   2015D009633

FILED DATE: 2/3/2025 9:28 PM 20150069633

community interests in the neighborhood where hundreds of bank branches are located throughout the Midwest. Petitioner can no longer allow these unnaturally elongated, vexatious, improper and abusive post-decree proceedings to come in the way of such important obligations which implicate the welfare and well-being of many tens of thousands of people. The opportunity cost imposed by Plaintiff's forced participation under these proceedings is staggering[1]. Given a recently closed significant acquisition by Old National Bank of ~ seventy-five (75) bank branches, and the urgent need to attend to operational and integration concerns relating thereto, such distraction is more problematic now than before. Failure to attend more diligently during each business day to these obligations would furthermore threaten Plaintiff's employment at Old National Bank. **Exhibit A**.

Given the current status quo under which the minor children Gw and Gr reside full-time at Petitioner's home and Petitioner underwrites virtually all of their expenses[2], and under which Respondent Jane F. Girard has entirely stopped contributing her required share under the Joint Parenting Agreement entered hereunder in 2015, termination of Petitioner's employment would portend a deleterious impact on the well-being and welfare of Gw and Gr. **Exhibit A**. Indeed, under the Illinois Marriage and Dissolution of Marriage Act, the interests of the children are always to be treated as paramount. Thereby, it would be a violation of the statute to cause Petitioner's termination from Old National Bank by not allowing him the needed absolute focus on his employment obligations through April 30 2025. **Exhibit A**.

---

[1] The opportunity cost borne by the minor children Gw and Gr with respect to the operation, growth and development of their business White Lemon Creations has also been significant. Same goes for the therapy business owned and operated by Third Party Respondent Marissa Girard. All participants hereunder have incurred dramatic costs associated with these abusive, Hobbs Act-violating proceedings shepherded by Beermann LLP with an eye for maximizing Beermann LLP legal billings and fee revenues.
[2] These significant expenses associated with developing the children's custom jewelry business White Lemon Creations, preparation for standardized tests for admission to college, college- planning and applications, catering to the minor children's needs as relating to their participation on the New Trier Swim tea, and the list goes on.

FILED DATE: 2/3/2025 9:28 PM  2015D009633

II.     The custody proceedings must be halted anyway because Respondent is a sex offender.

The custody proceedings hereunder cannot advance because Respondent is an admitted child sex abuser. While these proceedings need to be paused owing to Petitioner's unavailability, the Court should allow judicial confirmation of such admission to be taken on the record.

To wit, on December 9 2024, Petitioner filed a motion to take a discovery deposition of Jane F. Girard under *Girard et al. v. Girard et al.*, Cook County No. 2024L012053, pending before Judge Eileen O'Connor in the Law Division (**Exhibit B**). In that lawsuit in the Law Division the minor children Gw and Gr are represented by attorney Toma Makedonski and are seeking damages from Respondent Jane F. Girard for her long-running campaign of battery, sexual assault and false imprisonment against Gw and Gr. The purpose of such deposition is to confirm that Jane F. Girard will invoke her right against self-incrimination, in which scenario from a civil point of view she may be treated as an admitted sex offender.

Previously, as detailed in previous filings, when DCFS opened a criminal investigation into Jane F. Girard for a second time on July 22 2023 involving Cook County ASA Mary Stein thereunder, Respondent retained Attorney Jennifer Hansen of Hansen & Cleary LLC in Northbrook as her criminal defense counsel. On September 7 2023, Attorney Hansen informed the DCFS that Jane would be asserting her right against self-incrimination and thus not be making a statement or providing any testimony to the DCFS.

In other words, under principles of judicial estoppel, this proceeding in which admitted sex abuser Jane F. Girard seeks a court order of custody as to the minor children Gw and Gr should immediately be taken off the call because Respondent has been plainly divested of her right to seek a custody remedy. Indeed, were the Cook County State's Attorney to move forward

with an indictment against Respondent, Gw and Gr would be safe from her sexual exploits as Jane F. Girard would be in jail or subject to 24/7 GPS monitoring and a protective order.

III.     Beermann's continued involvement implicates further violations of federal law.

Because of federal preemption, the proceedings must also remain paused or Beermann LLP must be disqualified from further involvement hereunder.

Petitioner has previously noted that the artificially elongated nature of these proceedings – full of sham motions and papers by Beermann LLP – constitutes a violation of the Hobbs Act 18 U.S.C. § 1951. See *Girard v. Village of Glencoe et al.*, Civil Action No. 1:24-cv-06882 at Dkt[73] at ¶¶ 80 - 87. The sham and excessive papers seek to aggregate excessive fees which Beermann LLP seeks to extort from Petitioner/Third Party Respondent under a forthcoming motion for fees, consistent with their well-established pattern of racketeering activities in the family courts ("Beermann Motion for Fees Playbook"). *Id.*

Moreover, the pattern under which the **Beerman Motion for Fees Playbook** has adduced a pattern of Hobbs Act predicates is sufficient to transform Beermann's extortionate scheming into a viable RICO case because of business injuries: (a) Petitioner's separate real estate brokerage business has seen annual revenues shrink to zero for the first time in both calendar years 2023 and 2024, due to Petitioner's inability to expend the necessary time to conduct that business line, (b) White Lemon Creations has suffered under the minor children's inability to take necessary steps to defend and protect its intellectual property[3], and (c) Third Party Respondent Marissa Girard's therapy business has suffered under her inability to attend adequately to operations and revenue concerns[4].

---

[3] An experienced investor from the Keiretsu Forum has recently placed a valuation of between $10,000,000 and $25,000,000 for their intellectual property relating to a new jewelry clasp which transforms earrings into necklaces, bracelets into necklaces and so forth.

[4] As recounted under *Marissa Girard v. Rossana P. Fernandez et al.*, Civil Action No. 1:25-cv-00136, N. Dist. Illinois, under Dkt[1] at ¶51: " The unreasonably lengthy nature of the Custody Proceedings– now going on three years– has caused an outrageous imposition on Plaintiff's life and work. Plaintiff has had

FILED DATE: 2/3/2025 9:28 PM 2015D009633

The harms to the minor children's business White Lemon Creations are particularly egregious. The significant valuation of the IP of White Lemon Creations naturally suggests the minor children allocate resources and the necessary diligence of filing a provisional patent application and preparing a private placement memorandum. Both tasks will consume in excess of hundreds of hours of time and attention. The time-consuming and elongated nature of these proceedings – and the absence of a child representative – has forced Gw and Gr to expend a disproportionate amount of their time and attention on advocating for their interests in these proceedings, to the detriment of White Lemon Creations.

As long as Beermann LLP continues to represent the Respondent, further proceedings hereunder portend continued federal criminal violations under the Hobbs Act and under the civil RICO statute. Under principles of federal preemption, the Illinois Rules of Civil Procedure and the Cook County Rules and indeed the provisions of the Illinois Marriage and Dissolution of Marriage Act are of zero import wherein the very proceedings implicate federal law violations.

IV.     The proceedings must be paused until jurisdiction has been clarified.

First and foremost, this matter was **dismissed for want of prosecution** – as outlined in Petitioner's Notice as to Jurisdictional Defects filed on January 29 2025. Under Ill. S. Ct. R. 273, that dismissal operates as an adjudication on the merits and and therefore the Cook County courts have been divested of all jurisdiction over this matter.

Second, there are **missing judicial transfer orders** which transferred the subject matter jurisdiction hereunder from Calendar 1 to Calendar 51 on ~ January 14 2025, from Calendar 51

---

to turn away numerous clientele from her therapy and consulting practice, due to being overwhelmed by time commitments to attend to the Custody Proceedings and to attend to her aggravated physical conditions owing to the stress caused thereby, wherein Plaintiff has already been suffering from interstitial cystitis and PTSD (both of which are qualifying disabilities under the ADA) and those conditions have become more acute and debilitating as the Jane Legal Team refuses to relent from its sanctionable and illegal onslaught of court filings.

FILED DATE: 2/3/2025 9:28 PM   2015D009633

to Calendar 1 on ~ January 23 2025. As previously clarified under TP Respondent's Motion for Stay and Repair of Jurisdiction and Petitioner's Notice as to Jurisdictional Defects, subject matter jurisdiction cannot be waived. It must be reduced to a writing and filed on the docket. Those transfer orders must be located before Calendar 89 can proceed hereunder.

Third, because hard evidence has been adduced suggesting strongly that the presiding judge of Domestic Relations Hon. Regina Scannicchio (a) committed perjury, and (b) violated federal tampering laws codified under 18 U.S. Code § 1512, **the judicial transfer orders and judicial assignment directives issued by Hon. Scannicchio in apparent exercise of her powers of judicial appointment under Ill. S. Ct. R. 295 are void**. In particular her assignment of this proceeding to Calendar 89 is in question because of her apparent criminal conduct. See TP Respondent's Motion for Stay and Repair of Jurisdiction filed on January 29 2025. Under the status quo, the jurisdiction of Calendar 89 is a legal fiction.

V.     These proceedings must be paused to convene a hearing on the SOJ for cause.

Petitioner was denied a hearing under the SOJ for Cause against Hon. Fernandez. This may appear to be a moot point because Hon. Fernandez entered an order of recusation on January 27 2025. However, Petitioner's fundamental rights are at issue and the public interest is violated by not convening a hearing on the important issue of cause.

On January 9 2025 – a day designated by the federal government as a national day of remembrance for the passing of President Jimmy Carter, on which all federal courts and agencies were closed – Hon. Ahern proceeded with a court date to hear arguments on Petitioner's SOJ for Cause directed at Hon. Fernandez. Incredibly, he did so in confirmed receipt of a verified motion to continue the hearing date from Petitioner filed on January 8 2025.

To wit, Petitioner was in attendance at the state funeral for President Carter at the

FILED DATE: 2/3/2025 9:28 PM   2015D009633

National Cathedral in Washington DC. A court watcher in attendance from 2:15 PM through 3:00 PM on such day observed Hon. Ahern make denigrating comments about Petitioner's attendance at the funeral and observed him "pass the case" and entertain no argument thereunder. Under this history, Petitioner was denied a hearing as required under 735 ILCS 5/2-1001(a)(3). To add to the outrage, Hon. Ahern is also a defendant in TP Respondent's federal lawsuit, and thereby was disqualified from ruling thereunder – even under his limited rule of refereeing the question of cause as to the removal of Judge Fernandez.

VI.     The likelihood of the equitable relief sought is exactly zero.

Respondent Jane F. Girard initiated these post-decree proceedings nearly three years ago under a perverse plan to obtain a court order enabling her to confine, starve and rape the minor children Gw and Gr again. Notwithstanding Jane's unclean hands preclude her from seeking such equitable relief, the minor children Gw and Gr – who already run a multi-million dollars business White Lemon Creations and await the adjudication of their motion for emancipation under Cook County Case No. **2024COMS000016** – will be of majority age soon.

Even if *arguendo* the significant jurisdictional problems were expediently resolved under some alternate reality in which Cook County dockets are dispatched with alacrity, and that resolution affirmed the jurisdiction of Calendar 89 hereunder, Petitioner and TP Respondent and the minor children Gw and Gr would immediately propound an original motion for a supervisory order under the authority of Ill. S. Ct. R. 383 given the exceptional and egregious history of these proceedings, under which innumerable fundamental rights have been violated.

Next up, the Court would have to allocate appropriate time to the parties to prepare pleadings. The currently intolerable status quo is there are NO PLEADINGS FILED under these post-decree proceedings. Literally, this case is like a ship without a sail drifting in the open

FILED DATE: 2/3/2025 9:28 PM  2015D009633

ocean. No one – not the Petitioner, not the TP Respondent, not the minor children Gw and Gr has been adequately notified about the claims or the defenses hereunder. In addition to Petitioner's upcoming unavailability through April 30 2025, TP Respondent's medical condition – likely as a result of the stress of these proceedings – has significantly worsened. She is pro se hereunder and will be forthwith filing a renewed request for reasonable accommodation under the ambit of Title II of the ADA[5]. Under these circumstances, she will require above-normal time to prepare responsive pleadings and opposition briefs.

Finally, the Court must honor the sacred right to be heard. The future lives of the minor children Gw and Gr are at issue, and they are currently without a voice in these proceedings. Petitioner has been informed by their attorney, Toma Makedonski, that a motion to intervene by Gw and Gr shall be emplaced before the Court in the near future.

Allowing for resolution of all of the aforedescribed concerns – even in the best case fastest scenario – will easily carry this case beyond the point at which the minor children Gw and Gr attain majority age.

DATED: February 03 2025                    Respectfully submitted,

KENTON GIRARD

By:    */s/ Kenton Girard*
965 Forestway Drive
Glencoe, IL 60022
kg5252@yahoo.com
Tel: 773-575-7035

---

[5] It is certainly true that Camela Gardner from the Office of the Chief Judge denied TP Respondent's previous appeal of the refusal of her ADA accommodation on January 31 2025, however the factual presentation is different now because medical condition has worsened.

FILED DATE: 2/3/2025 9:28 PM   2015D009633

## **CERTIFICATE OF SERVICE**

This undersigned certifies that a copy of the foregoing was electronically filed with the Clerk of this Court and was served this 3rd day of February 2025 by email to the attorneys who have entered their appearances hereunder. A copy of the foregoing was also transmitted to the office of Hon. Scannicchio via the below-listed points of contact.

**Hon. Regina A. Scannicchio**
Presiding Judge of Domestic Relations Division
ccc.domrelcr1905@cookcountyil.gov

**Adam P. Monreal Esq.**
Chief Deputy Clerk for Hon. Scannicchio
apmonreal@cookcountycourt.com

**Jaime A. Barcas**
Executive Assistant for Hon. Scannicchio
jaime.barcas@cookcountyil.gov

**Michael Bradtke**
Assistant Attorney General, counsel for Hon. Scannicchio
Michael.Bradtke@ilag.gov

/s/ Kenton Girard

965 Forestway Drive
Glencoe, IL 60022
kg5252@yahoo.com
Tel: 773-575-7035

**9**                                    *Petitioner's Notice as to his Unavailability*

**EXHIBIT A**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

*IN RE THE FORMER MARRIAGE OF*

| | | |
|---|---|---|
| KENTON GIRARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Calendar 89 |
| vs. | ) | |
| | ) | |
| JANE F. GIRARD, | ) | Case No. 2015-D-009633 |
| | ) | |
| Respondent, | ) | |

**AFFIDAVIT OF PETITIONER KENTON GIRARD**

1.    I am a corporate officer of Old National Bank ("ONB"), which is a publicly held corporation that trades on the NASDAQ exchange and currently has a market capitalization of approximately $7.4 billion. In that capacity, I have far-reaching responsibilities as to managing the entire stack of real estate related affairs of ONB including without limitation making recommendations as to acquisitions and sales of real estate, operations, financing, and other concerns related to real estate holdings and leaseholds both current and planned.

2.    Work is extremely busy at this moment because we are integrating the acquisition of seventy-five (75) bank branches pursuant to a merger which was finalized in December 2024.

3.    As a direct and proximate result of the "**Beermann Motion for Fees Playbook**" – which term has been coined to describe the uniformly exploitative approach adopted by Beermann LLP in its family court cases, as expounded under *Girard v. Village of Glencoe et al.*, Civil Action No. 1:24-cv-06882, N. Dist. Illinois, Dkt[73] at ¶¶80-118 – I have been forced to divert much of my

FILED DATE: 2/3/2025 9:28 PM   2015D009633

FILED DATE: 2/3/2025 9:28 PM   2015D009633

attention away from work, to the point wherein if I do not make a concerted effort to catch up with months of lagging work flow, I will be facing involuntary termination of my employment.

4.      Indeed, I have already received a warning from my employer that I must make amends through April 30 2025 – in what constitutes an effective probationary period – wherein I must demonstrate undistracted attention to my work obligations Monday through Friday from 08:00 AM through 06:00 PM. My attendance to other matters – whether in person, over the Internet, using Zoom, etc – will be closely logged and scrutinized during this probationary period.

5.      Indeed, I was denied permission to attend the now-cancelled evidentiary hearing set for February 18-21, 2025. Likely, had I been forced to attend such proceeding, my employment with Old National Bank would be terminated.

6.      Beermann LLP has adduced a history of abusive, rules- and ethics- violating, vexatious and pestilential court filings and litigation conduct hereunder.

7.      In one example of this behavior, Beermann LLP has filed countless motions, none reasonably calculated, but has yet to file a pleading hereunder. Without a pleading, these absurdly elongated post-decree proceedings are drifting aimlessly without an objective, because the claims and defenses have not yet been adduced.

8.      In a second example of this abusive pattern, Beermann LLP has sought and obtained permission from now-recused judicial officer William S. Boyd to implead Petitioner's wife

FILED DATE: 2/3/2025 9:28 PM   2015D009633

Marissa Girard, and she has incurred significant fees and expenses to defend herself against countless motions seeking her jailing for inter alia failing to enforce a gag order against the minor children Gw and Gr.

9.    In a third example of the so-called **Beerman Motion for Fees Playbook**, Beermann LLP has already propounded six (6) separate papers in these post-decree proceedings seeking the payment of legal fees to Beermann LLP. Under one such paper, Beermann LLP moved for fees under Ill. S. Ct. R. 137, under the theory that the SOJ for Cause directed at Defendant William S. Boyd was unsuccessful. However, it is a fact that Boyd stepped down as a proximate result of the Petition for SOJ for Cause.

10.   At a court date before Hon. Rossana P. Fernandez on October 18 2024, Beermann LLP attorney Enrico J. Mirabelli confirmed that he intended to bring a motion for fees at the conclusion of the ultimate evidentiary hearing purportedly under the Illinois Marriage and Dissolution of Marriage Act.

11.   Indeed, ten (10) different judicial officers have presided over these post-decree proceedings, three of whom (William S. Boyd, Renee G. Goldfarb and Rossana P. Fernandez) have recused themselves when allegations of misconduct were raised.

12.   Under Ill. S. Ct. R. 135, the counts seeking relief are not to be enumerated.

13.   It is my belief that Respondent Jane F. Girard initiated these post-decree proceedings

**12**                                   *Petitioner's Notice as to his Unavailability*

under her perverse quest to obtain a judicial order of custody as a pretext to confine, starve and

rape her twin daughters again.

FILED DATE: 2/3/2025 9:28 PM   2015D009633

## **VERIFICATION**

Under penalties as provided by law pursuant to Sec. 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same true.

/s/ <u>Kenton Girard</u>

Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Tel: 773-575.7035
Email: kg5252@gmail.com

**13**                                              *Petitioner's Notice as to his Unavailability*

**EXHIBIT B**

Hearing Date: 1/2/2025 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, D

FILED
12/9/2024 10:02 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2024L012053
Calendar, D
30509159

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MINOR CHILD GW, | ) |
| MINOR CHILD GR, and | ) |
| KENTON GIRARD, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 2024-L-012053 |
| | ) |
| JANE F. GIRARD, | ) Hon. Eileen M. O'Connor |
| PHYLLIS AMABILE MD, | ) |
| GWENN WALDMAN, | ) |
| BREANNA TRAUB, | ) **Plaintiffs' Motion for** |
| VANESSA L. HAMMER ESQ, | ) **Deposition of Jane F. Girard** |
| JOEL J. LEVIN ESQ, | ) |
| KAREN V. PAIGE ESQ, | ) |
| CANDACE L. MEYERS ESQ, | ) |
| MOLLY M. CARMODY ESQ, and | ) |
| JUDGE ROSSANA P. FERNANDEZ, | ) |
| | ) |
| Defendants. | ) |

NOW COMES Plaintiff Kenton Girard and state as follows in support of his Motion for

Deposition of Jane F. Girard::

When DCFS opened an investigation into Ms. Girard for a second time as to her sexual

abuse of the minor children Gw and Gr on July 22 2023, the agency involved Cook County ASA

Mary Stein. Facing an extremely serious criminal investigation under the authority of the State's

Attorneys Office, Jane F. Girard retained Ms. Jennifer Hansen of Hansen & Cleary LLC in

Northbrook as her criminal defense counsel. On September 7 2023, Ms. Hansen informed the

DCFS that Jane would be asserting her right against self-incrimination and thus not be making a

statement or providing any testimony under the criminal investigation.

Under the principles of **judicial estoppel**, for the purposes of this *civil* proceeding, Ms.

FILED DATE: 2/3/2025 9:28 PM 2015D009633

FILED DATE: 12/9/2024 10:02 AM 2024L012053

FILED DATE: 2/3/2025 9:28 PM   2015D009633

FILED DATE: 12/9/2024 10:02 AM   2024L012053

Girard may be presumed an admitted and proven sex offender. Therefore, it stands to reason that extensive litigation as to Counts I, II and III which lie against Ms. Girard – and by extension a lengthy and complex proceeding for the other Defendants – should not be required. Instead, *a deposition to implement confirmatory discovery* as to whether Ms. Girard will assert her Fifth Amendment Right as to the substance of Counts I, II and III would be well-calculated here. If Ms. Girard were to similarly assert her Fifth Amendment Rights hereunder, such a material discovery development would amply set the stage for a motion for partial summary judgment against her. Put differently, judicial economy favors granting her deposition at this time.

Accordingly, Plaintiff Kenton Girard hereby requests leave of the court under Rule 201(d), for good cause as aforedescribed to allow him to conduct a discovery deposition against Jane F. Girard forthwith.

Dated: 09 December 2024                    Respectfully submitted,

                                           **KENTON GIRARD**

                                           By:  */s/ Kenton Girard*
                                                965 Forestway Drive
                                                Glencoe, IL 60022
                                                kg5252@yahoo.com
                                                Tel: 773-575-7035


**<u>CERTIFICATE OF SERVICE</u>**

On this day December 09 2024, Plaintiff Kenton Girard has served the counsel who have entered their appearances hereunder.

# EXHIBIT 15

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
2/4/2025 5:00 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 89
31271939

FILED DATE: 2/4/2025 5:00 PM   2015D009633

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

| | |
|---|---|
| *IN RE THE FORMER MARRIAGE OF* | ) |
| KENTON GIRARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Calendar 89** |
| | ) |
| JANE F. GIRARD, | ) Case No. 2015-D-009633 |
| | ) |
| Respondent, | ) |
| | ) |
| - - - - - - - | ) |
| | ) |
| MARISSA GIRARD, | ) |
| | ) |
| Third Party Respondent/ | ) |
| Third Party Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| JANE F. GIRARD, | ) |
| | ) |
| Crossclaim Defendant, | ) |
| | ) |
| VANESSA L. HAMMER ESQ, | ) |
| KAREN V. PAIGE ESQ, | ) |
| CANDACE L. MEYERS ESQ, | ) |
| DETECTIVE RYAN MCENERNEY, | ) |
| | ) |
| Third Party Defendants. | ) |

**TP RESPONDENT'S NOTICE AS TO HER HEALTH STATUS AND TP CLAIMS**

Now comes TP Respondent MARISSA GIRARD, in pro se, and in support of her Notice

as to her Health Status and TP Claims states as follows:

I.      TP Respondent's health has deteriorated and a period of convalescence is imperative.

TP Respondent suffers from interstitial cystitis and PTSD, both of which are specifically

recognized disabilities under the ambit of the Americans with Disabilities Act. As previously and

1        *TP Respondent's Notice as to her Health Status and TP Claims*

FILED DATE: 2/4/2025 5:00 PM   2015D009633

repeatedly mentioned in this litigation, the stress of dealing with these vexatious proceedings exacerbates her PTSD which in turn worses her interstitial cystitis, causing symptoms including aphasia, constant urination and degraded motor capabilities. Indeed, the violation of her right to reasonable accommodation is currently the subject of an emergency motion which has been emplaced before United States District Judge Andrea Wood, under *Marissa Girard v. Rossana P. Fernandez et al.*, Civil Action No: 1:25-cv-00136, N. Dist. Illinois.

Unfortunately, TP Respondent's condition has worsened and on her doctor's orders from today's date she must be entirely absent from these proceedings (in all aspects, including brief writing and even attending court dates via Zoom) for the next 75 days. **Exhibit A**.

To aggravate matters further, per TP Respondent's Notice of Defective Impleading also filed today with the court, TP Respondent finds herself in the civil analogy of a Cook County Jail detainee being subjected to the indignity of being confined for eighteen (18) months, getting physically abused by other inmates all the while, without having been charged with a crime. **This intolerable situation is unbelievably stressful and must be rectified *instanter*.**

II.     TP Respondent's TP Claims are properly before the court.

The court date on October 18 2024, wherein Judge Fernandez granted TP Respondent's SOJ as of Right in open court and subsequently proceeded – *after divesting Calendar 99 as to subject matter jurisdiction* – to rule that the petition seeking her removal was "stricken" was an epic travesty and an affront to the judiciary in our land. The court date was traumatic for TP Respondent wherein Judge Fernandez displayed a contumacious disregard for the rule of law.

Following that court date, TP Respondent engaged in vigorous dialogue with Cook County disability coordinator Elena Demos JD, Judge Fernandez's courtroom staff including her courtroom coordinator Ebony Cheers and Presiding Judge Hon. Scannicchio's office  in order to

FILED DATE: 2/4/2025 5:00 PM   2015D009633

assure that Judge Fernandez would reasonably accommodate her going forward. **Exhibit A**.

Thereunder, TP Respondent simply requested the ability to attend and participate in all court dates via Zoom (which is now the national standard for attending court). Following Ms. Demos' cruel and inhumane denial of TP Respondent's request – citing Judge Fernandez's reasoned insistence that TP Respondent attend all court dates in person – TP Respondent decided that whilst she was entangled hereunder, she would seek relief for Respondent Jane F. Girard's illegal eavesdropping and surveillance in this matter because of the common nucleus of operative facts. To this end, she received approval from Judge Fernandez's courtroom coordinator Ebony Cheers on or around mid November 2024 to file her TP Claims. **Exhibit A**.

Because no claims have been properly commenced against TP Respondent (see TP Respondent's Notice of Defective Impleading, filed today), the deadline for her to craft such TP Claims has not yet tolled and her TP Claims filed in late 2024 are timely under 735 ILCS 5/2-406(b). Furthermore, her TP Claims were granted with leave of court. **Exhibit A**. The TP Defendants, moreover, are indispensable under 735 ILCS 5/2-406(a) and 750 ILCS 5/403(d) to adjudicate the equitable custody relief allegedly sought by Jane F. Girard hereunder. Proving the TP Claims will prove that Jane F. Girard is an unfit mother and belongs in a penal institution, and is an obvious danger to the minor children Gw and Gr.

DATED: February 04 2025                    Respectfully submitted,

MARISSA GIRARD

By:    _/s/ Marissa Girard_____
965 Forestway Drive
Glencoe, IL 60022
marissadakis@gmail.com
Tel: 773-425-4393

**3**                    *TP Respondent's Notice as to her Health Status and TP Claims*

FILED DATE: 2/4/2025 5:00 PM   2015D009633

## CERTIFICATE OF SERVICE

This undersigned certifies that a copy of the foregoing was electronically filed with the Clerk of this Court and was served this 4th day of February 2025 by email to the attorneys who have entered their appearances hereunder. A copy of the foregoing was also transmitted to the office of Hon. Scannicchio via the below-listed points of contact.

**Hon. Regina A. Scannicchio**
Presiding Judge of Domestic Relations Division
ccc.domrelcr1905@cookcountyil.gov

**Adam P. Monreal Esq.**
Chief Deputy Clerk for Hon. Scannicchio
apmonreal@cookcountycourt.com

**Jaime A. Barcas**
Executive Assistant for Hon. Scannicchio
jaime.barcas@cookcountyil.gov

**Michael Bradtke**
Assistant Attorney General, counsel for Hon. Scannicchio
Michael.Bradtke@ilag.gov

*/s/ Marissa Girard*

**4**              *TP Respondent's Notice as to her Health Status and TP Claims*

**EXHIBIT A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

FILED DATE: 2/4/2025 5:00 PM   2015D009633

*IN RE THE FORMER MARRIAGE OF*

| | | |
|---|---|---|
| KENTON GIRARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Calendar 89 |
| vs. | ) | |
| | ) | |
| JANE F. GIRARD, | ) | Case No. 2015-D-009633 |
| | ) | |
| Respondent, | ) | |

### AFFIDAVIT OF TP RESPONDENT MARISSA GIRARD

1.      After the court date of October 18 2024, I engaged in vigorous dialogue with Cook County disability coordinator Elena Demos JD, Judge Fernandez's courtroom staff including her courtroom coordinator Ebony Cheers and Presiding Judge Hon. Scannicchio's office  in order to assure that Judge Fernandez would reasonably accommodate me under the ADA going forward.

2.      In early November 2024, CDC Elena Demos JD cruelly denied my request for attending court dates for Zoom, causing me significant distress and anxiety and a worsening in my medical conditions. Thereupon I decided I would pursue claims against Respondent hereunder.

3.      Following that denial, I spoke with Judge Fernandez's courtroom via Ebony Cheers, wherein I relayed my request to obtain the court's permission to file TP Claims against Respondent for illegal eavesdropping and surveillance. That permission was duly granted to me.

FILED DATE: 2/4/2025 5:00 PM   2015D009633

4.      I suffer from two ADA-recognized disabilities: interstitial cystitis and PTSD. The former is a debilitating condition that can render me unable to leave home in part due to the constant need to urinate, particularly when exacerbated by stress or when the condition expresses in the format of intense and incapacitating vaginal pain. My PTSD, furthermore, is aggravated by environmental stress and anxiety and in turn worsens my physical symptoms under interstitial cystitis in a vicious cycle even causing aphasia and degraded motor capabilities.

5.      Today my physician gave me a stern warning that my conditions have taken a turn for the worse and I must observe a 75 day hiatus from all involvement in the court system, including even Zoom conferences and reviewing or writing legal papers.

## **VERIFICATION**

Under penalties as provided by law pursuant to Sec. 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same true.

/s/ Marissa Girard

Marissa Girard
965 Forestway Drive
Glencoe, IL 60022
Tel: 773-425-4393
Email: marissadakis@gmail.com

## EXHIBIT 16

### IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE FORMER MARRIAGE OF )

KENTON GIRARD, )

      Petitioner, )

    and )

JANE GIRARD, )

      Respondent. )

MARISSA GIRARD, )

      Third-Party Respondent. )

No. 2015 D9633

Cal. 89

The Hon. William Yu, Judge
Presiding.

Associate Judge William Yu

FEB -7 2025

Circuit Court - 2221

### ORDER

This cause coming before the Hon. William Yu pursuant to Jane Girard's January 30, 2025 Notice of Motion set for 10:00 a.m. via zoom, Respondent, Jane Girard, appearing individually and through counsel, counsel for the purported Third-Party Defendants appearing, Petitioner, Kenton Girard and Third-Party Respondent, Marissa Girard, having receiving proper notice of today's proceedings, but failing to appear as of approximately 10:40 a.m. either individually or through counsel, the Court having jurisdiction over the parties and the subject matter, and being fully advised in the premises, **IT IS HEREBY ORDERED THAT**:

1. For the reasons stated on the record, after the Court's review of the pleadings and the Court's docket, and for the reasons outlined in Jane Girard's December 23, 2024 *Motion to Strike Third-Party Respondent, Marissa Girard's Third-Party Complaint* (as joined by all of the purported Third-Party Defendants named therein), Jane's *Motion to Strike Third-Party Respondent, Marissa Girard's Third-Party Complaint* is **GRANTED**. Marissa Girard's Third-Party Complaint, filed December 15, 2024, is hereby **STRICKEN and DISMISSED** as untimely and filed without leave of Court.

2. For the reasons stated on the record, the written discovery previously issued by Third-Party Respondent, Marissa Girard, to the Defendants identified in her Third-Party Complaint are moot and held for naught as said Third-Party Defendants are no longer parties to the case.

3. For the reasons stated on the record, and after the Court's review of the pleadings, and the Court's docket, Jane Girard's *January 14, 2025 Motion to Quash 21 Subpoenas* and Enrico Mirabelli's January 27, 2025 *Motion to Quash Subpoena*

are **GRANTED**. All subpoenas issued by Third-Party Respondent Marissa Girard, including those issued to the following individuals, are **QUASHED**:

| | |
|---|---|
| The Hon. James Orel (ret.) | Mrs. Lisa Ahern |
| The Hon. James Orel (ret.) | The Hon. Renee Goldfarb |
| Gwen Waldman | The Hon. William Stuart Boyd |
| Breanna Traub | Comcast |
| Joel Levin | Verizon |
| Dr. Phyllis Amabile | Justino Mirabelli |
| Vivian Tarver | Robert D'Arco |
| Sheala Rubio | John Kinahan |
| Kathryn Ciesla | Caroline Kinahan |
| Jennifer Hansen | Joe Nemec |
| The Hon. Gregory E. Ahern | Enrico J. Mirabelli |

No party may issue additional discovery or subpoenas in this matter without first obtaining leave of Court.

Pursuant to 705 ILCS 90/2-1 *et seq.*, the Clerk of the Circuit Court is directed to **seal** the two subpoenas issued to the Hon. James Orel (ret.) on January 6, 2025.

. Respondent, Jane Girard, is granted leave to file a Motion seeking to restrict the parties' ability to engage in substantive communications with the Court via email, which Motion may be addressed at the February 14, 2025 court date in this matter.

. This matter is set for status on **February 14, 2025 at 10:00 a.m. via Zoom** (*Meeting ID* 927 7769 4626; *Passcode* 228926). The Court will set trial dates on said date.

Associate Judge William Yu

FEB -7 2025

Circuit Court - 2221

**ENTER:**

_____
The Hon. William Yu

Date: February 7, 2025

Order Prepared By
Matthew D. Elster
**BEERMANN LLP**
161 North Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com
Firm No. 80095

Copies to
kimberly.blair@wilsonelser.com
mcarlson@smbtrials.com
kg5252@yahoo.com
marissadakis@gmail.com
jkivetz@jsotoslaw.com
Michael.Bradtke@ilag.gov

# EXHIBIT 17

**Kenton** <kg5252@yahoo.com>                                                      Sun, Feb 9, 2025 at 9:17 PM
To: "CCC DomRelCR3005 (Chief Judge's Office)" <ccc.domrelcr3005@cookcountyil.gov>, "CCC DomRelCR1905 (Chief
Judge's Office)" <ccc.domrelcr1905@cookcountyil.gov>, "DRDivOrders Cal01 (Circuit Court)"
<drdivorderscal01@cookcountycourt.com>, "ccc.domrelcr1901@cookcountyil.gov" <ccc.domrelcr1901@cookcountyil.gov>
Cc: Marissa Dakis <marissadakis@gmail.com>, "Candace L. Meyers" <clmeyers@beermannlaw.com>, "Enrico J. Mirabelli"
<ejmirabelli@beermannlaw.com>, Karen Paige <kpaige@beermannlaw.com>, "Kimberly E. Blair"
<kimberly.blair@wilsonelser.com>, "apmonreal@cookcountycourt.com" <apmonreal@cookcountycourt.com>,
"eburton@smbtrials.com" <eburton@smbtrials.com>, "bkirsch@smbtrials.com" <bkirsch@smbtrials.com>,
"jduffy@smbtrials.com" <jduffy@smbtrials.com>, "jsotos@jsotoslaw.com" <jsotos@jsotoslaw.com>,
"elindsley@jsotoslaw.com" <elindsley@jsotoslaw.com>, "ksalek@jsotoslaw.com" <ksalek@jsotoslaw.com>,
"ktoolan@jsotoslaw.com" <ktoolan@jsotoslaw.com>, "lmuhr@jsotoslaw.com" <lmuhr@jsotoslaw.com>,
"rhess@jsotoslaw.com" <rhess@jsotoslaw.com>, "tballard@jsotoslaw.com" <tballard@jsotoslaw.com>,
"vstubbe@jsotoslaw.com" <vstubbe@jsotoslaw.com>, "Matthew D. Elster" <mdelster@beermannlaw.com>, "Jaime Barcas
(Chief Judge's Office)" <jaime.barcas@cookcountyil.gov>, Michael Bradtke <michael.bradtke@ilag.gov>, SILVIA MERCADO
MASTERS <silvia.mercadomasters@cookcountysao.org>, "Courtney L. Wood" <courtney.wood@wilsonelser.com>, "Jeffrey
R. Kivetz" <jkivetz@jsotoslaw.com>

Dear Judge Yu, Judge Scannicchio and Judge Flannigan,

Per my earlier email below, I am again demanding that you produce copies of the missing judicial
transfer orders.

Judge Flannigan - this case was transferred to and from your calendar without an order assigning it
to you nor or an order of you recusing yourself - how do you account for this and how can you sit
by when you are aware of this inconsistency involving your calendar?

Judge Yu - How can you make a ruling when you know there is a jurisdictional deficiency which
has been brought to your attention through emails and notices filed into the case?

Judge Scannicchio - You created an order which was not on an official form and still you have not
produced copies of the orders moving this case from 1 to 51 to 1 and then to 99. These orders
must be located or there will forever remain jurisdictional questions surrounding this case.

Please locate and send everyone a copy of these orders.

Kenton L. Girard
Cell (773) 575-7035



On Thursday, January 30, 2025 at 09:37:26 AM CST, Kenton <kg5252@yahoo.com> wrote:

Before any motions are heard or court dates set, the missing judicial transfer orders from calendar 1 to 51, back from 51 to 1, and from 1 to 99 MUST BE LOCATED AND FILED IN THE DOCKET.

Subject matter jurisdiction is a bright line requirement and cannot be transferred other than via a jurisdictional transfer form order filed on the docket.

Lacking those transfer orders, the jurisdiction of Calendar 89 is in question and it cannot proceed to referee court dates, motions, or otherwise get involved hereunder.

Furthermore, this matter was DWP'd pursuant to Judge Fernandez's case management order therefore the Cook County court system has lost jurisdiction hereunder.

See attached Notice as to Jurisdictional Defects which was filed last night.


Kenton L. Girard
Cell (773) 575-7035

---

📄 **2025.01.29 - Pet Notice as to Jurisdictional Defects.docx (1).pdf**
186K

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
 to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
2/11/2025 7:56 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 89
31356189

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

|  |  |  |
|---|---|---|
| *IN RE THE FORMER MARRIAGE OF* | ) | |
| KENTON GIRARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Calendar 89 |
| vs. | ) | |
| | ) | |
| JANE F. GIRARD, | ) | Case No. 2015-D-009633 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| - - - - - - - | ) | |
| | ) | |
| MARISSA GIRARD, | ) | |
| | ) | |
| Third Party Respondent/ | ) | |
| Third Party Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JANE F. GIRARD, | ) | |
| | ) | |
| Crossclaim Defendant, | ) | |
| | ) | |
| VANESSA L. HAMMER ESQ, | ) | |
| KAREN V. PAIGE ESQ, | ) | |
| CANDACE L. MEYERS ESQ, | ) | |
| DETECTIVE RYAN MCENERNEY, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**PETITION FOR SUBSTITUTION OF JUDGE FOR CAUSE**

Now comes the Third Party Respondent MARISSA GIRARD, in pro se, and states as follows in support of her Petition for Substitution of Judge for Cause directed at Judge William Yu: Hon. Yu has exhibited "actual prejudice" as set forth under *O'Brien v. O'Brien*, 354 Ill. Dec. 715, 958 N.E.2d 647, 2011 IL 109039 (Ill. 2011) as detailed below via numerous concrete examples which have been adduced thus far hereunder.

FILED DATE: 2/11/2025 7:56 AM   2015D009633

I.      Ignoring TP Respondent's health notice demonstrates favoritism for Beermann LLP.

On February 4 2025, TP Respondent filed her Notice as to her Health Status and TP Claims. The Notice expounds on the recent worsening of TP Respondent's health condition, under which she suffers from interstitial cystitis and PTSD, both of which are specifically recognized disabilities under the ambit of the Americans with Disabilities Act. On the  strict orders of her doctor, TP Respondent is to observe a 75 day period of quiet under which she is medically unable to participate in these proceedings. Moreover, even prior to Judge Yu's arrival hereunder, Cook County has been formally warned that its vexatious refusal to reasonably accommodate TP Respondent under the ADA will not be tolerated, as per the litigation under *Marissa Girard v. Rossana P. Fernandez et al.*, Civil Action No: 1:25-cv-00136, N. Dist. Illinois.

In the court date on February 7 2025, not only did Judge Yu proceed to conduct a hearing and rule on a stack of motions penned by Attorney Matthew D. Elster of Beermann LLP, but he did so in ostentatious disregard for TP Respondent's inability to attend the same and in violation of Cook County Rule 2.1(d) and basic due process requirements wherein TP Respondent was not allowed to prepare briefs in opposition. Such violations of TP Respondent's rights are all the more serious given that she must reasonably be allowed *additional time to prepare opposition papers* and *cannot prepare more than a single motion per court date*.

The Notice additionally sets forth that TP Respondent's TP Claims are properly before the Court because they were filed strictly within the timeline set forth under 735 ILCS 5/2-406(b) and furthermore leave of court was granted by Hon. Fernandez. Moreover the TP Defendants are indispensable under 735 ILCS 5/2-406(a) and 750 ILCS 5/403(d) because the fact of Respondent Jane F. Girard being a pattern criminal **is relevant** before a court order of custody is entered against her sex abuse victims, the minor children Gw and Gr.

FILED DATE: 2/11/2025 7:56 AM    2015D009633

Notwithstanding these circumstances, Judge Yu took the profoundly irresponsible action of striking the TP Claims. It is well settled that striking claims is an extreme remedy, and it is to be a **last resort to punish a previously sanctioned litigant**. Here, there has been no finding of sanctions against TP Respondent in this litigation and moreover her TP Claims were brought properly from every point of view, including as arising under a common nucleus of facts. Moreover, just like any penal finding such as imposition of Rule 137 sanctions, a striking of claims must be based upon a precedent written finding, which the Court has not yet propounded.

II.      Judge Yu has blessed TP Respondent's deficient joinder.

On February 4 2025, TP Respondent also filed her Notice of Defective Impleading, which details the circumstances of her improper joinder hereunder. In summary, under 735 ILCS 5/2-201(a), "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint." It is furthermore a well established right to due process that a defendant be provided with adequate notice of the claims which lie against her. Otherwise, the defenses cannot be adduced and the proceedings which follow lack a legal foundation.

TP Respondent was not a party to the domestic relations proceedings hereunder, which were incepted  in 2015. The papers filed with the Court under which Beermann LLP commandeered TP Respondent's joinder consisted in a summons and a "Motion to Join Third Party". The latter did not include TP Respondent in  the caption, indeed sought action from the Court not an answer from TP Respondent and therefore does not conceivably constitute a pleading. To make matters even more questionable, it is highly irregular and extremely unusual to implead, as here, the new wife of a party to domestic relations proceedings wherein she is neither a biological parent nor the holder of any parental rights to the minor children.

In spite of such epic circumstances, TP Respondent has been on the receiving end of a

FILED DATE: 2/11/2025 7:56 AM   2015D009633

myriad of sham papers filed by Beermann LLP including not less than (6) motions asking the court to jail her or otherwise to hold her in contempt. The situation with respect to TP Respondent is akin to a Cook County Jail detainee being subjected to the indignity of being confined for eighteen (18) months, getting physically abused by other inmates all the while, without having been charged with a crime.

Notwithstanding these circumstances of which he was made explicitly aware via the Notice, Judge Yu has approved TP Respondent's fatally defective joinder hereunder by proceeding to rule on a stack of ill-founded motions by Matthew D. Elster of Beermann LLP. At a minimum when  Judge Yu was apprised of these show-stopping deficiencies, he should have paused the proceedings. Instead, after the court date of February 7 2025, Judge Yu set another court date for a fast track of just one week later on February 14 2025.

If there were any doubt about Judge Yu's external coaching by Beermann LLP or their proxies, he also completely disregarded the show-stopping fact that judicial transfers between Calendar 1 to Calendar 51 from January 14 and January 23 2025 are missing and unfiled on the docket (therefore subject matter jurisdiction for Calendar 89 remains in question). **Exhibit A**.

III.      Judge Yu has moreover disregarded the ADA accommodation request.

The fact that the February 7 2025 hearing took place at all lies in offense against the stay of proceedings governing the matter at the current time, wherein TP Respondent propounded a formal updated request for reasonable accommodations under the ADA to CDC Elena Demos a few days prior on February 4 2025.

Under that request, TP Respondent specifically demanded a stay of these proceedings until such time as she would be reasonably accommodated under the ADA. On Cook County's side, CDC Elena Demos handed off the task to CDC Carina Segalini. The only explanation for

FILED DATE: 2/11/2025 7:56 AM   2015D009633

Judge Yu fast-tracking a hearing and setting another for a week later on February 14 2025 is that he is taking orders from Beermann LLP or from Hon. Scannicchio, who is reputed to be "owned" by Beermann LLP and reputed Chicago Outfit "capo" John M. D'Arco Esq. **Exhibit A**.

Moreover, the right to attend judicial proceedings is a *well-established right* protected by the First Amendment and the grotesque violation of this right of Marissa Girard by Judge Yu signals the depravity of his impermissible bias against her.

Judge Yu now faces a reckoning in federal court under *Marissa Girard v. Rossana P. Fernandez et al.*, Civil Action No. 1:25-cv-00136, N. Dist. Illinois ("Federal Lawsuit") because by commanding the bench – *in sheer absence of jurisdiction* – he eviscerated his protective cloak of judicial immunity. He now is in good company with Hon. William S. Boyd and Hon. Renee G. Goldfarb and Hon. Fernandez – also recused from these proceedings, for allegations of taking bribes from Beermann LLP to rule favorably for Respondent and sex abuser Jane F. Girard or for violating the constitutional rights of TP Respondent with impunity.

WHEREFORE, TP Respondent hereby requests that Judge Yu be immediately ordered to completely recuse himself from these proceedings for cause.

DATED: February 10 2025                                          Respectfully submitted,

                                                                                 MARISSA GIRARD

                                                        By:      */s/ Marissa Girard*
                                                                    965 Forestway Drive
                                                                    Glencoe, IL 60022
                                                                    marissadakis@gmail.com
                                                                    Tel: 773-425-4393

**CERTIFICATE OF SERVICE**

This undersigned certifies that a copy of the foregoing was electronically filed with the Clerk of this Court and was served this 10th day of February 2025 by email on Petitioner and the Third Party Defendants, on the attorneys of record for the Respondent, and on Judge Fernandez. A copy of the foregoing was sent via email to the presiding judge of the family law courts whose contact details appear below:

**Hon. Scannicchio**
Domestic Relations Division
Office of the Presiding Judge - Courtroom 1905
Richard J. Daley Center
50 W. Washington St.
Chicago, Illinois 60602
Main (312) 603-3025
ccc.domrelcr1905@cookcountyil.gov

/s/ Marissa Girard
Marissa Girard

FILED DATE: 2/11/2025 7:56 AM  2015D009633

**EXHIBIT A**

FILED DATE: 2/11/2025 7:56 AM  2015D009633

*IN RE THE FORMER MARRIAGE OF*
KENTON GIRARD,                                          )
                                                       )
                    Petitioner,                        )
                                                       )        Calendar 89
vs.                                                    )
                                                       )
JANE F. GIRARD,                                        )        Case No. 2015-D-009633
                                                       )
                    Respondent,                        )
- - - - - - - - )
MARISSA GIRARD,                                        )
                                                       )
           Third Party Respondent/                     )
           Third Party Plaintiff                       )
                                                       )
vs.                                                    )
                                                       )
JANE F. GIRARD,                                        )
                                                       )
           Crossclaim Defendant,                       )
                                                       )
VANESSA L. HAMMER ESQ,                                 )
KAREN V. PAIGE ESQ,                                    )
CANDACE L. MEYERS ESQ,                                 )
DETECTIVE RYAN MCENERNEY,                              )
                                                       )
           Third Party Defendants.                     )

**AFFIDAVIT OF MARISSA GIRARD**

1.      I suffer from documented PTSD and interstitial cystitis which has been diagnosed by my

physician and qualifies me for ADA accommodation, as described under my Federal Lawsuit

*Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136, N. Dist. Illinois. About a week ago,

I was diagnosed with a significant worsening of these conditions and ordered by my doctor to

observe a 75 day period of quiet, with no involvement in these proceedings.


2.      Owing to these conditions, I must be allowed to participate in court proceedings via

FILED DATE: 2/11/2025 7:56 AM  2015D009633

Zoom because I suffer from a constant need to urinate and the stress causes a dangerous feedback loop of debilitating symptoms (which includes aphasia) under my disabilities. I must also be accorded additional time to respond to motions and other papers, and hearings must be staggered by a few weeks and each hearing must be strictly limited to the presentment of one motion and duration of not more than thirty minutes.

3.      After my doctor ordered 75 days of quiet, I propounded an updated request for ADA accommodation to CDC Elena Demos on  February 4 2025, specifically demanding a stay of the proceedings until the required accommodations are in place for me. Ms. Demos handed off this request to CDC Carina Segalini, who has not yet worked on obtaining those accommodations.

4.      Because of Judge Yu's abject disregard for the jurisdictional defects, impleading defects, propriety of my TP Claims and my need for ADA accommodations, it is obvious to me that he is taking orders from Beermann LLP or Hon. Scannicchio or her de facto boss and reputed Chicago Outfit "capo" John M. D'Arco Esq.

5.      Judicial transfers between Calendar 1 and Calendar 51 from January 14 and January 23 2025 are missing and unfiled on the docket. As a result, subject matter jurisdiction for Calendar 89 remains in question.

**VERIFICATION**

Under penalties as provided by law pursuant to Sec. 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same true.

/s/ Marissa Girard
February 10, 2025

*M. Girard's SOJ for Cause Directed at Judge William Yu*                    8

**EXHIBIT 18**

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

| | | | |
|---|---|---|---|
| IN RE THE FORMER MARRIAGE OF | ) | | |
| | ) | | |
| KENTON GIRARD, | ) | | |
| Petitioner, | ) | Case No. | 2015 D 009633 |
| | ) | | |
| and | ) | | |
| | ) | | |
| JANE GIRARD, | ) | | |
| Respondent, | ) | | |
| | ) | | |
| and | ) | | Judge William Yu |
| | ) | | FEB 14 2025 |
| MARISSA GIRARD, | ) | | |
| Third Party Respondent. | ) | | Circuit Court-2:221 |

### ORDER

This cause coming before the Court pursuant to the Court's February 7, 2025 order and for presentment of (i) Third-Party Respondent, Marissa Girard's Petition for Substitution of Judge for Cause; (ii) Third-Party Respondent, Marissa Girard's Motion for Substitution of Judge as a Matter of Right; (iii) Kenton Girard's Motion to Perfect DWP; (iv) Jane Girard's Motion to Restrict Communication with the Court, Kenton Girard appearing in person, Marissa Girard appearing through counsel, Robert Holstein (who represented he has field a limited scope appearance with respect to the pending petition for substitution of judge), Jane Girard appearing individually and through counsel, the Court having heard argument of counsel with respect to Marissa Girard's Petition for Substitution of Judge for Cause, having jurisdiction over the parties and the subject matter, and being fully advised in the premises, IT IS HEREBY ORDERED THAT:

    1.    This matter is set for trial on May 1 and 2, 2025 starting at 10:30 a.m. in person in Courtroom 3005 on the following pleadings:

        a.  Jane's May 27, 2022 Motion to Appoint a Parenting Coordinator and Compel Use of Our Family Wizard

        b.  Jane's August 31, 2022, Motion to Compel Enrollment in Therapy (seeking reunification therapy for the family)

        c.  Jane's September 20, 2022 Petition for Finding of Parenting Time Abuse directed against Kenton and Marissa.

      d. Kenton's July 11, 2023 Motion to Modify Joint Parenting Agreement and Custody Judgment,

      e. Jane's July 13, 2023 Motion to Enforce the Joint Parenting Agreement;

      f. Jane's March 13, 2024 Motion to Modify the Joint Parenting Agreement and to Implement the 604.10(b) Recommendations.

Said proceedings may be conducted in a hybrid manner and any party/witness who wishes to appear remotely may seek leave to do so. Said trial dates shall not be continued absent compelling circumstances.

    2.     This matter is continued for **status** on resetting hearings on other pending motions to **February 25, 2025 at 10:30 a.m. via Zoom.**

    3.     Petitioner, Kenton Girard, shall have **until 5:00 p.m. on February 14, 2025** to either join Marissa Girard's Petition for Substitution of Judge for Cause, or file his own such petition. In the event he fails to do so, he shall be deemed to have waived his right to seek a for-cause substitution of judge for any alleged bias occurring up to and including today's court proceedings.

    4.     Third-Party Respondent, Marissa Girard's Petition for Substitution of Judge for Cause shall be transferred to Calendar 01 for reassignment via separate order.

ENTER:

Wden Yr

Dated: February 14, 2025

Order Prepared by
**BEERMANN LLP** (Firm No. 80095)
Attorneys for Respondent
161 N. Clark St., Suite 3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

Copies to
kg5252@yahoo.com
marissadakis@gmail.com
holsteinrobert3@gmail.com

## EXHIBIT 19

| Order for Substitution of Judge | (12/01/24) CCDR 0125 |
|---|---|

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE:  ☑ Marriage  ☐ Civil Union  ☐ Allocation of Parental Responsibilities
☐ Support  ☐ Parentage  ☐ Visitation (Non-Parent)  ☐ Other

Judge William Yu

KENTON GIRARD

Petitioner,  Case No. 2015 D 9633

FEB 14 2025

and

Calendar: 89

Circuit Court-2221

JANE GIRARD

Respondent.

Marissa Girard, Third-Party Respondent
### ORDER FOR SUBSTITUTION OF JUDGE

This matter coming to be heard on  ☐ Petitioner's,  ☐ Respondent's,  ☑ other Marissa Girard
☐ Motion for **Substitution of Judge as of Right**,  ☑ Petition for **Substitution of Judge for Cause**, due notice having been given, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

(4100) ☐ **Substitution as of Right:** Pursuant to 735 ILCS 5/2-1001(a)(2), the Motion for Substitution of Judge as of Right is granted.

(4201) ☐ A Trial Judge having been substituted, this cause is hereby transferred to Preliminary Calendar Judge ☐ C  ☐ D  ☐ E for reassignment. This Order shall be sent to the Preliminary Judge.

(8282) ☐ An Individual Calendar Judge/Preliminary Judge having been substituted, this cause is hereby transferred to the Presiding Judge of the Domestic Relations Division, Calendar 01, for random reassignment. This Order shall be sent to DRDdivorderscal01@cookcountycourt.com.

(8283) ☑ **Substitution for Cause:** Pursuant to 735 ILCS 5/2-1001(a)(3), the Petition for Substitution of Judge for Cause is hereby transferred to the Presiding Judge of the Domestic Relations Division, Calendar 01, for assignment of the petition for hearing by another judge not named in the petition. This Order shall be sent to DRDivorderscal01@cookcountycourt.com.

**ENTERED:** Dated: 2/14/25

William Yu

_____  _____
Judge  Judge's No.

Prepared by: Beermann LLP

Attorney for:  ☐ Petitioner  ☑ Respondent  ☐ Child(ren) Attorney #: 80095 _____ **OR**
☐ I do not have an attorney (Self-Represented Litigant) Attorney #: 99500

Telephone: (312) 621-9700 _____ Email: mdelster@beermannlaw.com

Address: 161 N Clark Street #3000, Chicago, IL 60601
Street, Apt. #  City  State  Zip

**Mariana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1

## EXHIBIT 20

----- Forwarded Message -----
**From:** Candace L. Meyers <clmeyers@beermannlaw.com>
**To:** Marissadakis@gmail.com <marissadakis@gmail.com>; Kenton <kg5252@yahoo.com>; holsteinrobert3@gmail.com <holsteinrobert3@gmail.com>
**Cc:** Matthew D. Elster <mdelster@beermannlaw.com>; Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>; Karen Paige <kpaige@beermannlaw.com>; joe@opalobrien.com <joe@opalobrien.com>; Patricia A. Rice <parice@beermannlaw.com>
**Sent:** Tuesday, February 25, 2025 at 10:41:40 AM CST
**Subject:** Girard matter [IMAN-BMACTIVE.FID206731]


Kenton, Marissa and Mr. Holstein,

We are here on the Court zoom waiting for your appearance and on your Notice of Motion.

The Court asked us to send an email to you all.

The Court will wait 5-10 more minutes.

   Meeting ID: 927 7769 4626 Passcode: 228926


Will you be joining the zoom?


Candace Meyers


**Candace L. Meyers**  |  Divorce and Family Law Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015

Tel: 847.681.9600 | Fax: 847.681.0909

clmeyers@beermannlaw.com | www.beermannlaw.com




District 1: 2015D009633

02/25/2025    **Open Call** (10:30 AM) (Judicial Officer: Yu, William)
              Resource: Location DR3005D1 Court Room 3005
              Resource: Location D1 Richard J Daley Center

02/25/2025    
              Notice Filed
              *Notice of Jurisdictional Trespass*
              Party: Petitioner GIRARD, KENTON
              *Notice of Jurisdictional Trespass*

02/20/2025    
              Notice Filed
              *Notice of Letter Filed with regard to Constitutional Violations*
              Party: Petitioner GIRARD, KENTON
              *Notice of Letter Filed with regard to Constitutional Violations*

02/20/2025    
              Notice Filed
              *Letter regarding Constitutional Violations*
              Party: Petitioner GIRARD, KENTON
              *Letter regarding Constitutional Violations*

02/18/2025    *CANCELED* **Open Call** (11:00 AM) (Judicial Officer: Calendar, 99)
              Resource: Location DR3009D1 Court Room 3009
              Resource: Location D1 Richard J Daley Center
              *Stricken*

02/14/2025    
              Assign To Judge Within Division    (Judicial Officer: Yu, William)
              Party: Respondent Girard, Marissa

02/14/2025    
              Substitution Of Judge For Cause - Allowed    (Judicial Officer: Yu, William)
              Party: Respondent Girard, Marissa

02/14/2025    Case Set On Trial Call    (Judicial Officer: Yu, William)
              Party: Petitioner GIRARD, KENTON;
                     Respondent Girard, Marissa

02/14/2025    **Open Call** (10:00 AM) (Judicial Officer: Yu, William)
              Resource: Location DR3005D1 Court Room 3005
              Resource: Location D1 Richard J Daley Center

## EXHIBIT 21

**From:** Matthew D. Elster <mdelster@beermannlaw.com>
**To:** ccc.domrelcr3005@cookcountyil.gov <ccc.domrelcr3005@cookcountyil.gov>
**Cc:** Kenton <kg5252@yahoo.com>; marissadakis@gmail.com <marissadakis@gmail.com>; holsteinrobert3@gmail.com
<holsteinrobert3@gmail.com>; Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>; Candace L. Meyers <clmeyers@beermannlaw.com>;
Karen Paige <kpaige@beermannlaw.com>
**Sent:** Tuesday, February 25, 2025 at 11:52:42 AM CST
**Subject:** RE: IRMO Girard (15 D 9633) - Order for Entry

Judge Yu,

Please see the attached order for entry following this morning's court appearance.

**Matthew D. Elster** | Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

mdelster@beermannlaw.com | www.beermannlaw.com




**CONFIDENTIAL E-MAIL**
This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that
constitutes attorney work product.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying
of this e-mail and any attachment(s) is strictly prohibited.  If you have received this e-mail in error, please immediately notify the sender by
replying to this e-mail and delete the message and any attachment(s) from your system.

📄 **2025-02-25 GIRARD Order(6128441.1).pdf**
66K

## 2015 D 009633 - Girard - Jurisdictional Trespass

**Kenton** <kg5252@yahoo.com>                                                           Tue, Feb 25, 2025 at 1:50 PM
To: "CCC DomRelCR1905 (Chief Judge's Office)" <ccc.domrelcr1905@cookcountyil.gov>,
"ccc.domrelcr3005@cookcountyil.gov" <ccc.domrelcr3005@cookcountyil.gov>
Cc: "ccc.domrelcr1901@cookcountyil.gov" <ccc.domrelcr1901@cookcountyil.gov>, "Matthew D. Elster"
<mdelster@beermannlaw.com>, "Candace L. Meyers" <clmeyers@beermannlaw.com>, Karen Paige
<kpaige@beermannlaw.com>, "Enrico J. Mirabelli" <ejmirabelli@beermannlaw.com>, "Jaime Barcas (Chief Judge's Office)"
<jaime.barcas@cookcountyil.gov>, "apmonreal@cookcountycourt.com" <apmonreal@cookcountycourt.com>, Michael
Bradtke <michael.bradtke@ilag.gov>, SILVIA MERCADO MASTERS <silvia.mercadomasters@cookcountysao.org>,
"DRDivOrders Cal01 (Circuit Court)" <drdivorderscal01@cookcountycourt.com>, Marissa Dakis <marissadakis@gmail.com>,
Vanessa Hammer <vhammer@hsqlawfirm.com>, "Kimberly E. Blair" <kimberly.blair@wilsonelser.com>, "Courtney L. Wood"
<courtney.wood@wilsonelser.com>, Ryan McEnerney <rmcenerney@villageofglencoe.org>, "eburton@smbtrials.com"
<eburton@smbtrials.com>, "bkirsch@smbtrials.com" <bkirsch@smbtrials.com>, "jduffy@smbtrials.com"
<jduffy@smbtrials.com>, "jsotos@jsotoslaw.com" <jsotos@jsotoslaw.com>, "elindsley@jsotoslaw.com"
<elindsley@jsotoslaw.com>, "ksalek@jsotoslaw.com" <ksalek@jsotoslaw.com>, "ktoolan@jsotoslaw.com"
<ktoolan@jsotoslaw.com>, "lmuhr@jsotoslaw.com" <lmuhr@jsotoslaw.com>, "rhess@jsotoslaw.com"
<rhess@jsotoslaw.com>, "tballard@jsotoslaw.com" <tballard@jsotoslaw.com>, "vstubbe@jsotoslaw.com"
<vstubbe@jsotoslaw.com>, "Jeffrey R. Kivetz" <jkivetz@jsotoslaw.com>

Once again the Domestic Relations Division has shown a complete disregard for subject matter
jurisdiction when Judge Yu held a status hearing today and is contemplating signing an order while
the case is NOT on his calendar.  There will be severe consequences for this continued
jurisdictional gamesmanship.

Today, I filed the attached Notice of Jurisdictional Trespass into this case which is currently on
Calendar 1.


Kenton L. Girard
Cell (773) 575-7035


---

📄 **2025.02.25 Notice of JURISDICTIONAL trespass .docx - Google Docs.pdf**
209K

## Fw: IRMO Girard (15 D 9633) - Order for Entry

**Kenton** <kg5252@yahoo.com>                                                          Tue, Feb 25, 2025 at 12:27 PM
To: "ccc.domrelcr3005@cookcountyil.gov" <ccc.domrelcr3005@cookcountyil.gov>, "Matthew D. Elster"
<mdelster@beermannlaw.com>
Cc: "marissadakis@gmail.com" <marissadakis@gmail.com>, "holsteinrobert3@gmail.com" <holsteinrobert3@gmail.com>,
"Enrico J. Mirabelli" <ejmirabelli@beermannlaw.com>, "Candace L. Meyers" <clmeyers@beermannlaw.com>, Karen Paige
<kpaige@beermannlaw.com>

Judge Yu and Matthew Elster,

This case is currently on Calendar 1. As such, absolutely no status updates or rulings should
proceed on this case with Judge Yu until the SOJ for cause is adjudicated and the case is returned
to his calendar if it is returned to his calendar. By the mere fact that you are moving forward with
additional signed orders and court dates while Judge Yu DOES NOT HAVE JURISDICTION and
there is a pending SOJ for cause further shows your complete disregard of procedure and rules
while at the same time showing clear bias against Marissa and Kenton Girard. Signing this order
will only add to the causes which will be filed against both Judge Yu and attorney Matthew Elster in
the forthcoming Federal Amended Complaint.

Kenton L. Girard
Cell (773) 575-7035

## EXHIBIT 22

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
2/25/2025 12:58 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 01
31559917

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

FILED DATE: 2/25/2025 12:58 PM  2015D009633

| | |
|---|---|
| IN RE THE FORMER MARRIAGE OF | ) |
| KENTON GIRARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) Calendar 89 |
| vs. | ) |
| | ) |
| JANE F. GIRARD, | ) Case No. 2015-D-009633 |
| | ) |
| Respondent, | ) |
| | ) |
| - - - - - - - | ) |
| | ) |
| MARISSA GIRARD, | ) |
| | ) |
| Third Party Respondent/ | ) |
| Third Party Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| JANE F. GIRARD, | ) |
| | ) |
| Crossclaim Defendant, | ) |
| | ) |
| VANESSA L. HAMMER ESQ, | ) |
| KAREN V. PAIGE ESQ, | ) |
| CANDACE L. MEYERS ESQ, | ) |
| DETECTIVE RYAN MCENERNEY, | ) |
| | ) |
| Third Party Defendants. | ) |

## NOTICE OF JURISDICTIONAL TRESPASS

TO:   Kenton Girard          Karen Paige
      965 Forestway Dr       Beermann LLP
      Glencoe, IL 60022      161 N. Clark Street
      kg5252@yahoo.com       Chicago, IL 60601
                             kpaige@beermannlaw.com

FILED DATE: 2/25/2025 12:58 PM   2015D009633

Movant notes that these proceedings were transferred to Calendar 51 before Hon. Flannigan on or around January 15. However, inexplicably, the Cook County e-Filing System does not allow scheduling presentment hereunder on Calendar 51. Accordingly, an allowable date has been selected from the choices offered by the System. In no way does such a selection imply Movant's approval of such inexplicable calendar change.

NOTICE OF JURISDICTIONAL TRESPASS

1.    On February 14, 2025, Judge Yu signed a transfer order for this case 2015 D 009633 from calendar 89 to calendar 1.

2.    In spite of this, on February 25, 2025, under Calendar 89, Judge Yu held a status hearing and is considering signing an order from this status hearing.

3.    These actions taken by Judge Yu are wholly without jurisdiction.

Please Take Notice that on February 25, 2025, I filed with the Clerk of the Circuit Court of Cook County, Illinois, Petitioner's Notice of Jurisdictional Trespass which he transmitted via email to Hons. Scannicchio and Yu on February 25, 2025, and served upon you.  A court date has not yet been set for this hearing.

/s/ Kenton Girard
Kenton Girard

CERTIFICATE OF SERVICE

The undersigned hereby certifies under perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure that I served a copy of this Notice and a copy of the paper to which it relates upon the individuals identified above, via the court's electronic filing manager(EFM) or an approved electronic filing service provider, addressed as above, all on the 25th day of February, 2025.

/s/ Kenton Girard
Kenton Girard

**Kenton Girard**
965 Forestway Drive
Glencoe, IL 60022
**kg5252@yahoo.com**

## EXHIBIT 23

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

Kenton Girard

    v.                              15D9633

Jane Girard

                        Hearing Order

> **ENTERED**
> PRESIDING JUDGE REGINA SCANNICCHIO 2059
> **Mar. 12, 2025**
> Mariyana T. Spyropoulos
> Clerk of the Circuit Court
> of Cook County, IL
>
> DEPUTY CLERK _____

This matter comes before this court on a trial assignment for Substitution of Judge for Cause and the court being fully advised in the premises;

IT IS HEREBY ORDERED this matter shall be set for an in person hearing before Judge Robert Johnson on Thursday, April 24, 2025 at 11:00am in Courtroom 2108.

A copy of this order shall be sent to: ejmirabelli@beermannlaw.com, mdelster@beermannlaw.com, kg5252@yahoo.com and marissadakis@gmail.com

Date:  March 12, 2025

                                             _Judge's Signature_

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

In re the Former Marriage of:　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
Kenton Girard,　　　　　　　　　　　　　)
　　　　　　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
Jane Girard,　　　　　　　　　　　　　　)　　　　Case No. 2015D009633
　　　　　　　　Respondent.　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
Marissa Girard,　　　　　　　　　　　　　)
　　　　　　　　Third-Party Respondent.　)

**ENTERED**
Presiding Judge Regina Scannicchio-2059
APR 0 1 2025
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL.
Deputy Clerk

## ORDER

THIS CAUSE coming before the Court on the Court's own motion; Respondent Jane Girard, by and through her attorneys Beermann LLP, having filed a Motion to Disqualify Attorney Robert Allan Holstein ("Motion to Disqualify") on March 18, 2025, and also filing a Notice of Motion on March 19, 2025, in connection to the Motion to Disqualify setting the matter before Judge Robert Johnson on April 11, 2025, for immediate hearing; this Court having previously set a hearing on Marissa Girard's February 11, 2025, Petition for Substitution of Judge for Cause on Thursday, April 24, 2025, at 11:00 am in person before Judge Robert Johnson; and the Court now being fully advised in the premises, HEREBY FINDS:

　　1.　　Robert Holstein filed a Limited Scope Appearance to present Marissa Girard's Motion for Substitution of Judge on February 13, 2025;
　　2.　　The Motion to Disqualify is directly related to the pending Substitution of Judge for Cause hearing scheduled before Judge Robert Johnson; and
　　3.　　The Motion to Disqualify should be heard before the hearing on the Substitution of Judge for Cause.

**IT IS HEREBY ORDERED:**
　　A.　　The April 11, 2025, presentment date and on Respondent Jane Girard's Motion to Disqualify is stricken;
　　B.　　The Motion to Disqualify shall be heard by Judge Robert Johnson on April 24, 2025, at 11:00 am via Zoom (Meeting ID: 934 9022 2003 Passcode: 543296); and
　　C.　　Judge Robert Johnson shall determine how to proceed on the pending Substitution of Judge for Cause hearing following his ruling on the Motion to Disqualify.

ENTERED: 4/1/2025

Hon. Regina A. Scannicchio

**EXHIBIT 24**

Order                                                                    (12/01/24) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IRMO

NEWTON    GIRARD

v.                                    No.   15  D  9633

                                           CAL. 23

JANE    GIRARD
(MARISA GIRARD, TP Respondent)

ORDER

This cause coming to be heard on (1) Marissa Girard's 2/11/2025 Petition for SOJ for Cause, (2) Newton Girard's Petition to Join said Petition, (3) Jane Girard's Motion to Disqualify Robert Holstein, all parties appearing, Respondent appearing through counsel, IT IS HEREBY ORDERED THAT:

1. FOR the reasons stated on the record, Jane's Motion to Disqualify Robert Holstein is GRANTED.

2. Hearing on the pending petitions for substitution of judge Yu for Cause is continued to April 29, 2025 at 8:00am in person in Courtroom 2108. Marissa Girard may appear remotely.

3. The Court finds that Newton & Marissa have known of Mr. Holstein's unauthorized lack of authorization to practice law since March 12, 2025 at the latest, but waited until April 14, 2025 to seek a continuance.

ENTERED
Judge Robert Johnson-2156

APR 2 4 2025

CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk

Attorney No.: 80095

Name: M. Elstu / Baumon

Atty. for: Respondent

Address: 161 N Clk # 300

City/State/Zip: Chicago IL 60601

Telephone: 312-621-7700

ENTERED:

Dated: April 24, 2025

Judge                              Judge's No.

Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois

## EXHIBIT 25

On Thursday, April 24, 2025, 6:35 PM, gwen girard <gwenfrancesgirard@gmail.com> wrote:

To the Honorable Court:

We, the undersigned minor victims, are writing with profound distress and disbelief regarding the proceedings in our case. As 17-year-old victims of documented abuse perpetrated by our biological mother, we find ourselves silenced and ignored by the very system meant to protect us.

Our mother has repeatedly abused us and continues to through this relentless litigation. Since we were 14 years old, we have consistently reported multiple instances of being assaulted, falsely imprisoned, and denied food and water. We have reported these abuses to therapists, police officers, DCFS investigators, our GAL, our child representative, the custody evaluator, teachers, friends, and others. Despite this overwhelming consistency in our reports across multiple authorities and years, our voices have been systematically suppressed. We have taken the extraordinary step of hiring our own legal representation to intervene on our behalf, yet even our attorney told us that he was prevented from presenting our motion during today's hearing. This deliberate silencing is not only traumatizing but represents a flagrant violation of our rights as crime victims.

We wish to remind the Court that according to established legal standards, children as young as 14 years old in Illinois should have their opinions heavily weighed in proceedings that directly affect their welfare and safety. Multiple studies demonstrate that false allegations of abuse by mature teenagers are exceedingly rare, with reputable research showing that only 2-8% of abuse reports are false. In cases like ours, where teenagers have made consistent reports over time to multiple authorities and professionals, the likelihood of false reporting is even lower. At 17, we are mature individuals who maintain honor roll status at New Trier High School, participate as JV athletes, have a business and hold jobs. Despite our demonstrated responsibility and maturity, we have been afforded no opportunity to speak on matters that profoundly impact our lives. This exclusion from the process is both harmful and contrary to the principles of justice.

The continuation of this court case is causing us further harm, prolonging trauma that could be resolved by simply respecting our right to live peacefully in our father's home, where we are thriving academically, athletically, and socially. Our lives and safety hang in the balance while decisions are made about us without our input. The trauma we have already endured is being compounded by this systematic failure to acknowledge our agency and our rights as victims.

We urgently request that:

1. Our status as crime victims be formally recognized by the Court, and that our rights under the Illinois Crime Victims Bill of Rights be honored
2. The proceedings be stayed for sixty (60) days to allow us to designate support persons to attend all court dates going forward
3. A protective order against our abuser and biological mother Jane Girard be entered instanter
4. After the stay, our legal representative be permitted to present our motion to intervene
5. The criminal investigation be re-initiated as to Jane Girard
6. Our right to continue our stable and successful life with our father be respected and this protracted litigation be brought to an end

The continued dismissal of our experiences, our testimony, and our legal rights sends a devastating message to all young victims of abuse: that the system designed to protect them may instead silence them. Statistics show that 1 in 9 girls under the age of 18 experiences sexual abuse or assault by an adult, yet many cases go unreported or uninvestigated. When children report abuse, they should be listened to, not doubted. We are not liars. We have not been coerced. We bravely came forward about what was happening behind closed doors in our mother's home and asked our father to please keep us safe from this abuse. The fact that we have maintained the same account consistently since age 14, reported to multiple authorities, and continue to express the same concerns at age 17 demonstrates the credibility of our testimony.

Family courts exist to PROTECT CHILDREN, not abusers. Yet somehow, despite all evidence and our consistent testimony, this system continues to traumatize us rather than protect us. We are good people trying to heal from trauma while building successful lives. The court's refusal to hear our voices only compounds the damage already done.

We implore the Court to rectify this injustice immediately.

With grave concern,

Gwen and Grace Girard

**EXHIBIT 26**

---

## Urgent ADA Accommodation Request - April 24th Hearing/Need for Counsel

---

**marissa** <marissadakis@gmail.com>                                      Thu, Apr 24, 2025 at 11:45 AM
To: "Carina Segalini (Chief Judge's Office)" <carina.segalini@cookcountyil.gov>

Dear Carina,

I am writing with extreme urgency regarding a crisis situation that occurred during today's court proceedings that constitutes a clear violation of my ADA rights:

1. Judge Johnson has given me only 4 days to find new counsel after disqualifying my attorney - this is effectively impossible given my disability-related limitations.

2. Even opposing counsel's motion acknowledged that 21 days is the standard timeframe for securing new representation, which is consistent with Supreme Court precedent.

3. I was muted by the judge when attempting to respectfully explain my situation and request reasonable accommodation, which not only violated my First Amendment rights but ignored my documented disabilities.

4. When I hired my attorney, I had no idea he had a licensing issue - and he represented to me that it would be cured in time. Unfortunately that did not happen but I cannot be held accountable for that.

My treatment team has expressed serious concern that this situation is triggering a severe exacerbation of my symptoms that may require hospitalization. My current condition is as follows:

- I am barely physically capable of attending court proceedings
- I require daily intensive treatment next week that renders me unable to function afterward
- These medical appointments cannot be rescheduled without serious health consequences
- My symptoms are deteriorating to the point where hospitalization may be necessary

This extremely compressed timeline demonstrates a bias against individuals with disabilities and creates an impossible situation. I cannot:

- Find qualified legal representation in 4 days
- Attend court proceedings next week due to essential medical treatment
- Function adequately enough to manage this crisis without further harm to my health

I need your immediate intervention as ADA coordinator to secure reasonable accommodation in this matter. Please contact me as soon as possible to discuss what emergency steps can be taken.

Thank you for your urgent attention,

Marissa

**EXHIBIT 27**

I C

F I L E D

THE UNITED STATES DISTRICT COURT    APR 28 2025
FOR THE NORTHERN DISTRICT OF ILLINOIS
**EASTERN DIVISION**    THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MN

JANE F. GIRARD,

       Plaintiff,          Civil No.

                     25-cv-04586

        v.            District Judg    Judge Jeremy C. Daniel
                     Magistrate Judge Heather K. McShain
KENTON GIRARD and                Random Cat 2
MARISSA GIRARD,

       Defendants.

KENTON GIRARD,

        Crossclaim Plaintiff,

        v.
MARISSA GIRARD,

        Crossclaim Defendant.

MARISSA GIRARD,

        Counterclaim Plaintiff &
        Third Party Plaintiff,

        v.
JANE F. GIRARD,

        Counterclaim Defendant,

VANESSA L. HAMMER,
KAREN V. PAIGE,
CANDACE L. MEYERS and
DETECTIVE RYAN MCENERNEY,

        Third Party Defendants.

**CROSSCLAIM DEFENDANT'S NOTICE OF REMOVAL**

     Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant/Crossclaim Defendant

Marissa Girard now files this Notice of Removal ("Notice") for the action filed in the Circuit

Court of Cook County, State of Illinois, case number 2015-D-009633, styled as *Jane Girard v.*

1          *Notice of Removal by Crossclaim Defendant Marissa Girard*

*Kenton Girard* ("State Court Action").

Pursuant to 28 U.S.C. § 1446(a), the process and pleadings served upon Defendant/Crossclaim Defendant Marissa Girard through April 28 2025 are attached as **Exhibit A**, and the orders served upon Defendant/Crossclaim Defendant Marissa Girard through April 28 2025 are attached as **Exhibit B**.

On May 26 2023, Jane Girard filed an alias summons (**Exhibit A**) which references a "Motion to Add Third Party". About a month later, Marissa Girard was served with said summons together with an accompanying paper entitled "Motion to Join Third Party" filed on March 8 2023 (**Exhibit A**). That "Motion to Join Third Party" is a motion – not a pleading – seeking court permission for taking the steps required to join Marissa Girard as a defendant, does not even include Marissa Girard in its caption, and therefore constitutes deficient joinder under 735 ILCS 5/2-201(a).

On April 28 2025, Defendant/Crossclaim Plaintiff Kenton Girard served a declaratory judgment pleading ("DJ Crossclaims") on Marissa Girard, which paper raises federal questions, owing to a Postnuptial Indemnification Agreement which provides for indemnification by Kenton as to Marissa's reasonable and necessary legal fees if her rights under the Constitution or federal law are *violated* owing to a course of action by Jane F. Girard and therefore raises federal and Constitutional questions.

## I.    This Notice is Timely.

Removal of this action is timely under 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" In this case,

Defendant/Crossclaim Defendant Marissa Girard has repaired to federal court on the very same day she was served with the removable pleading from Kenton Girard.

## II.    The Northern District of Illinois is the proper venue.

Venue in this District is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Cook County, Illinois (where the State Court Action is pending) is within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the clerk of the Circuit Court for Cook County and will be served upon Plaintiff contemporaneously with this filing. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

## III.    Federal Jurisdiction Exists.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Crossclaim Plaintiff Kenton Girard has brought claims which raise federal questions. Because the entire pleading arises under the same "case or controversy," this Court "shall have supplemental jurisdiction over all other claims." 28 U.S.C. § 1367.

The recent Supreme Court decision under *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___ (2019) established that 28 U. S. C. §1441(a) does not permit a third-party counterclaim defendant[1] to remove a claim. However, the posture here is noticeably different: (a) Marissa Girard is an "original defendant" under the State Court Action, which implicated a federal question only at the moment when her co defendant filed a crossclaim against her; and (b) the Federal Rules of Civil Procedure distinguish between counterclaims and crossclaims (Rule 13).

Continuing, the Domestic Relations Exception does not apply here because Marissa Girard was never actioned with a pleading, much less a pleading seeking domestic relations style

---

[1] Under Supreme Court Justice Thomas's opinion, "third-party counterclaim defendant" refers to a party first brought into the case as an additional defendant to a counterclaim asserted against the original plaintiff.

relief. To provide even more clarity, Marissa Girard has neither a biological connection nor a claim to parental responsibility as to the minor children of Kenton Girard and Jane F. Girard.

The State Court Action appears to constitute a post-decree effort to adjudicate the custody of the minor children, although it is difficult to decipher lacking pleadings filed by Plaintiff Jane F. Girard, and because of the most recent description of the trial under the State Court Action provided by Beermann LLP attorney Enrico J. Mirabelli on February 14 2025 as a "criminal contempt trial against Kenton & Marissa Girard". Moreover, the Trial Order of Hon. William Yu from the same date references a "Petition for Finding of Parenting Time Abuse directed against Kenton and Marissa" – an alleged pleading which does not exist (and by the description, is nonsensical – Marissa Girard has no parenting rights to the minor children) and which paper has certainly not been served on Marissa Girard.

The minor children have already been identified as victims of sexual abuse at the hands of their biological mother, Jane F. Girard, who asserted her Fifth Amendment right against self-incrimination under questioning by Prosecutor Mary Stein from the Illinois State's Attorneys Office on September 7 2023. From a civil standard, Jane F. Girard is an admitted child sex abuser and **therefore divested of the right to seek a custody remedy in any court of law**. The federal government has an interest in protecting violent/sex crime victims, and parental rights under the Fourteenth Amendment are implicated.

If any questions arise as to the propriety of the removal of this action, Crossclaim Defendant Marissa Girard requests the opportunity to supplement this Notice. Crossclaim Defendant expressly reserves all objections she may have to the DJ Crossclaims.

WHEREFORE, Crossclaim Defendant Marissa Girard hereby gives notice that the State

Court Action has been removed to this Court.

Dated: April 28 2025                    Respectfully Submitted,

                                        for Crossclaim Defendant Marissa Girard:

                                        /s/ Marissa Girard
                                        965 Forestway Drive
                                        Glencoe, IL 60022
                                        Email: marissadakis@gmail.com
                                        Tel: 773-425-4393

## CERTIFICATE OF SERVICE

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on April 28 2025, (b) provided via email to the attorneys who have filed appearances in this matter as indicated below, and (c) provided via email and hand-delivery to Kenton Girard, who is pro se hereunder:

kpaige@beermannlaw.com, for Jane F. Girard
jduffy@smbtrials.com, for Vanessa Hammer
kimberly.blair@wilsonelser.com, for Karen Paige and Candace Meyers
jkivetz@jsotoslaw.com, for Ryan McEnerney

*for delivery to Kenton Girard:*
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com

                                        /s/ Marissa Girard

## EXHIBIT 28

**From:** Martha Steele <msteele@beermannlaw.com>
**To:** ccc.domrelcr3005@cookcountyil.gov <ccc.domrelcr3005@cookcountyil.gov>
**Cc:** kg5252@yahoo.com <kg5252@yahoo.com>; marissadakis@gmail.com <marissadakis@gmail.com>; Karen Paige <kpaige@beermannlaw.com>; Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>; Patricia A. Rice <parice@beermannlaw.com>; Candace L. Meyers <clmeyers@beermannlaw.com>
**Sent:** Thursday, May 1, 2025 at 11:56:42 AM CDT
**Subject:** RE: Former Marriage of Girard 2015 D 9633

Good Morning Judge Yu

Attached for your review and entry is a proposed order (both in Word and Pdf) regarding the above-captioned matter.  Please be advised all counsels and parties have been copied on this email.    Please do not hesitate to contact our office with any questions you may have.

Thank you

**Martha Steele** | Legal Assistant

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015

Tel: 847.681.9600 | Fax: 847.681.0909

msteele@beermannlaw.com | www.beermannlaw.com




## IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE FORMER MARRIAGE OF   )
  )
KENTON GIRARD,   )
  )
      Petitioner,   )
  )
     and   )
  )
JANE GIRARD,   )  No. 2015 D 9633
  )
      Respondent.   )
  )
MARISSA GIRARD,   )
  )
      Third-Party Respondent.   )

### ORDER

**THIS CAUSE** coming before the Court for Trial May 1 and May 2, 2025; the Court having been advised that a Notice of Removal has been filed in Federal Court, Case No. 25 CV 04586, by Marissa Girard; and that a Motion to Remand in said case has been filed by Jane Girard;

### IT IS HEREBY ORDERED THAT:

The Trial dates of May 1 and May 2, 2025 are hereby stricken.

**ENTER:**

_____
The Hon. William Yu

**BEERMANN LLP**
161 North Clark Street
Suite 3000
Chicago, Illinois 60601
312.621.9700
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com

**EXHIBIT 29**

Order                                                 (12/01/24) CCG 0002

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IRMO

KENTON GIRARD

          v.

**ENTERED**
Judge Robert Johnson-2156

APR 29 2025

CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk

15 D 9633

JANE GIRARD

AND

MARISSA GIRARD

This matter coming on to be heard upon the motion of Marissa Girard for Substitution of Judge for Cause filed against J. Daniel Yu and said motion being adopted by Kenton Girard and this hearing being set for 8:00 AM by this court's order of April 25, 2025 and Jane being present w/ counsel from Beermann LLP and neither Kenton or Marissa appearing and counsel for Jane informed the court that if Kenton filed a declaratory action against Marissa on April 28th 28th and Marissa filed a notice of removal of the entire pending case (25 CV-04586) on April 28, 2025 and Jane filed a motion to remand and said motion to remand is set for 9:30 in Federal court before Judge Daniel on April 30, 2025 and this court recognizing the Federal action and being fully informed in this matter:

       IT IS HEREBY ORDERED:

A) Kenton and Marissa's Motion for SOS for cause are set over to May 1, 2025 at 8:15 A.M. Kenton and Mr. Beermann shall appear in person and Marissa shall appear via Zoom.

Attorney No.: ___80095___

Name: _E.J. Hirabelli / Beermann LLP_

Atty. for: _Jane Girard_

Address: _161 H Clark St #3000_

City/State/Zip: _Chgo IL 60601_

Telephone: _312- 621- 9700_

ENTERED:

Dated: _4/29/2025_

Judge               2156

Judge's No.

B) If the Federal Court remands the divorce matters back to state court on April 30th the hearing on the motions shall proceed. If there is no remand then May 1st shall be a status only on the status of the Removal action and the parties may appear via Zoom.

Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois

**EXHIBIT 30**

## IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
)
      Petitioner, )
)
    and )
)   No. 2015 D 9633
JANE GIRARD, )
)
      Respondent. )
)
MARISSA GIRARD, )
)
    Third-Party Respondent. )

ENTERED
Judge Robert Johnson-2156

MAY 01 2025

CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk

**ORDER**

**THIS CAUSE** coming before the Court for status pursuant to the Order entered April 29, 2025; Marissa Girard's Notice of Removal, Case No. 25 CV 04586 is still pending and no order of remand having yet been issued;

**IT IS HEREBY ORDERED:**

The Motion for Substitution of Judge for Cause filed by Marissa Girard and adopted by Kenton Girard, set for May 1, 2025, at 8:15 a.m. is stricken.

**ENTER:**

The Hon. Robert Johnson

**BEERMANN LLP**
161 North Clark Street
Suite 3000
Chicago, Illinois 60601
312.621.9700
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com

## EXHIBIT 31

**BC**

**FILED**

5/5/2025

**PJJ**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
EASTERN DIVISION

|  |  |
|---|---|
| Jane F. Girard, | |
| Plaintiff, | Case No. 1:25-cv-04586 |
| v. | District Judge Jeremy C. Daniel |
| Marissa Girard et al., | Mag. Judge Heather K. McShain |
| Defendants. | **NOTICE OF CAUSE AS TO BEERMANN LLP** |

Defendant Kenton Girard having reviewed the docket entries hereby notifies the Court

that Plaintiff's law firm Beermann LLP is engaged in open defiance and deception hereunder:

I.     Beermann LLP continues to litigate in state court.

Defendant Kenton Girard notes that the attorneys for Plaintiff Jane Girard – namely

Beermann LLP – have seemingly refused to acknowledge the exclusive federal jurisdiction

hereunder. To wit, Attorney Enrico J. Mirabelli convened a hearing under these proceedings

before Cook County Judge Robert W. Johnson at the Daley Center **on April 29 2025**, wherein

Mr. Mirabelli crafted a proposed order (**Exhibit 1**) setting an in person court date **on May 1 2025**

at 8:15 AM before Hon. Johnson for hearing pending motions.

In case of any doubt, the proposed order – *duly signed by Hon. Johnson* – includes a

statement that the state court is fully informed as to the removal of the proceedings to this Court.

On May 1 2025, Beermann LLP prepared another order (**Exhibit 2**) – also duly signed by Hon.

Johnson – wherein the pending motion seeking the removal of judicial officer William Yu

(brought by Defendant Marissa Girard and later adopted by Kenton Girard) was stricken.

Not fully satisfied to obtain two signed orders from Hon. Johnson, Beermann LLP also

proceeded to prepare a third proposed order (**Exhibits 3, 4**) – requesting signature from Cook County Judge William Yu – seeking an order that the trial set for May 1-2 2025 was stricken.

II.     Beermann LLP has deceived this Court as to the status of the custody proceedings.

Under Illinois Supreme Court Rule 922: "All allocation of parental responsibilities proceedings under this rule in the trial court shall be resolved within 18 months from the date of service of the petition or complaint to final order." Ascertaining the recent order of state judge William Yu on February 14 2025 (**Exhibit 5**), papers set [a] through [e] comprising the trial syllabus are dated from 2022 and no later than July 13 2023. Certainly papers from 2022 violate the 18 month rule. Even the late-dated paper from July 13 2023 violates the 18 month rule.

Therefore the custody proceedings have self-terminated; the only circumstance under which extension would be viable would require a showing of "good cause" including input from the child representative who resigned in August 2024. Indeed there is no viable, breathing domestic relations component under these proceedings under which the analysis under Beermann LLP's motion to remand requires resolution *instanter*. The only pleadings which retain viability are the TP Claims filed by Marissa Girard for eavesdropping/surveillance and the DJ Crossclaims regarding the postnuptial indemnification agreement (Dkt[1]).

WHEREFORE, Plaintiff KENTON GIRARD prays the Court finds Cause that Beermann LLP has actively disrespected federal jurisdiction and deceived the Court about the material question of the viability of the domestic relations claims hereunder.

Dated: May 5, 2025                                        Respectfully Submitted,

KENTON GIRARD, *In Pro Se*

/s/ Kenton Girard
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com
Tel: 773-575-7035

## CERTIFICATE OF SERVICE

This undersigned certifies that this motion was electronically filed with the clerk of this Court on May 5 2025 and was provided via email to the attorneys who have filed appearances in this matter as well as directly to the unrepresented parties.

/s/ Kenton Girard

3                          *Notice of Cause as to Beermann LLP*

## EXHIBIT 32

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
5/8/2025 10:14 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 01
32619364

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

FILED DATE: 5/8/2025 10:14 AM  2015D009633

IN RE THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
    Petitioner, )
)
    and )  No.  2015 D 009633
)
JANE GIRARD, )  Cal. 01
    Respondent, )
)
    and )
MARISSA GIRARD, )
    Third Party Respondent. )

### EMERGENCY MOTION TO SET HEARING ON PETITION FOR SUBSTITUTION OF JUDGE FOR CAUSE AND TO SET TRIAL DATES

Respondent, Jane Girard, through her attorneys, Beermann LLP, seeks an order immediately setting Marissa Girard's pending Petition for Substitution of Judge William Yu for Cause for hearing *instanter* and to immediately set trial dates thereafter as follows:

#### Emergency Basis

Jane has diligently attempted to have pleadings relating to her minor children heard by this Court for nearly three years. Those pleadings were previously set to be tried before the Hon. William Yu on May 1 and 2, 2025. Kenton and Marissa have done everything in their power—lawful or otherwise—to delay a trial in this matter. Unhappy with Judge Yu's decision to proceed to trial, Marissa sought Judge Yu's for-cause removal from this case (as she and Kenton have unsuccessfully done for many of his predecessors). Kenton joined Marissa's Petition.

This Court was set to hear that Petition on April 29, 2025 following the

FILED DATE: 5/8/2025 10:14 AM 2015D009633

disqualification of Marissa's counsel. Faced with an imminent hearing, Kenton and

Marissa did what any pair of unscrupulous litigants would do: Kenton filed a cross-

claim against Marissa without leave of court and Marissa (without the attorney she

claims she needs) filed a Notice of Removal to federal court.

Fortunately, the federal system had little patience for Kenton and Marissa's

sanctionable legal maneuvers and on May 6, 2025, the Hon. Jeremy Daniel remanded

this matter to this court via the following minute order:

> **MINUTE entry before the Honorable Jeremy C.
> Daniel: Motion hearing held. Marissa Girard failed
> to appear. Marissa Girard removed this case to
> federal court on April 28, 2025. (R. 1.) In her notice
> of removal, she claims that an April 28, 2025,
> declaratory judgment pleading served on her by
> Kenton Girard raised a federal question. (R. 1 at 2.)
> She claims that a postnuptial indemnification
> agreement that grants her reasonable and necessary
> legal fees from Kenton Girard if Jane Girard violates
> Marissa Girard's rights under federal law. (Id.) She
> further claims that Kenton Girard has brought
> claims that raise federal questions. (R. 1 at 3.) At no
> point does she explain which rights have been
> violated under federal law or what federal questions
> Kenton Girard's claims implicate. Exhibit A to her
> notice of removal is a motion to join her as a third
> party in a custody dispute between Jane and Kenton
> Girard. According to Exhibit A, Jane and Kenton
> have divorced and Kenton and Marissa married.
> According to Kenton Girard's crossclaims, which she
> also attached to her notice of removal, Kenton and
> Marissa are no longer married. Kenton Girard's
> crossclaims address the postnuptial indemnification
> agreement, which Marissa seeks to enforce in
> connection with a pending federal lawsuit. Nothing
> about those claims introduce a federal question into
> this case, which centers on domestic disputes
> related to custody and divorce agreements.
> Therefore, this Court lacks subject matter**

FILED
5/8/2025 10:14 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 01

FILED DATE: 5/8/2025 10:14 AM   2015D009633

### jurisdiction. Accordingly, this case is remanded to state court. Civil case terminated.[1]

With jurisdiction squarely where it belongs, this matter must proceed to trial. Both (i) petitions for substitution of judge for cause and (ii) matters relating to the welfare of minor children are required to be heard expeditiously. That is all Jane requests. To expedite matters, she is willing to stand on her response and waive oral argument on the substitution petition. This Court should *immediately* set a hearing on Marissa's Petition for Substitution of Judge Yu for Cause and, when that Petition is denied, *immediately* transfer this matter back to Judge Yu so the trial Jane has patiently sought for three years can proceed.

**WHEREFORE,** the Respondent, Jane Girard, respectfully requests that this Court set a hearing (or rule), *instanter*, on Marissa's Petition for Substitution of Judge Yu for Cause and, following its denial, immediately transfer this matter back to Judge Yu for trial.

**BEERMANN LLP**

By: /s/ *Matthew D. Elster*
ONE OF RESPONDENT'S ATTORNEYS

Enrico J. Mirabelli
Matthew D. Elster
**BEERMANN LLP**
161 N. Clark Street, Suite 3000
Chicago, Illinois 60601
(312) 621-9700
mdelster@beermannlaw.com

FILED
5/8/2025 10:14 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 01

---

[1] *Girard v. Girard*, Case No. 25-cv-4586, Dkt. No. 16 (N.D. Ill. May 6, 2025).

**EXHIBIT 33**

On Thursday, May 8, 2025 at 02:10:43 PM CDT, CCC DomRelCR3005 (Chief Judge's Office) <ccc.domrelcr3005@cookcountyil.gov> wrote:

Counsels:

Judge Yu does not have Jurisdiction on this case and cannot hear the EMERGENCY MOTION for tomorrow.

Thank you,

Gleela

## EXHIBIT 34

**From:** Kenton <kg5252@yahoo.com>
**To:** Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>
**Cc:** Patricia A. Rice <parice@beermannlaw.com>; Matthew D. Elster <mdelster@beermannlaw.com>; Karen Paige
<kpaige@beermannlaw.com>; Candace L. Meyers <clmeyers@beermannlaw.com>; CCC.DomRelCR1905@cookcountyil.gov
<ccc.domrelcr1905@cookcountyil.gov>; marissa <marissadakis@gmail.com>; CCC.DomRelCR2108@cookcountyil.gov
<ccc.domrelcr2108@cookcountyil.gov>; Toma Makedonsi <legaltma@gmail.com>
**Sent:** Thursday, May 8, 2025 at 06:01:58 PM CDT
**Subject:** IRMO Girard

Dear Mr. Mirabelli,

I want to re-iterate there has been no letter issued from Federal Clerk Thomas Bruton certifying that the remand has been issued and a requisite letter is not yet in Odyssey.

Therefore you must wait for the docket entry to populate in Odyssey before undertaking any filings hereunder, including even the filing and noticing of a motion. Therefore, please withdraw your notice for May 12 until the requisite paperwork from NDIL has been filed on the docket.

In anticipation of you still attempting to hold a hearing when the state court does NOT yet have jurisdiction since it has NOT been officially returned, I did re-notice the attached motions to protect my position.

Kenton L. Girard
Cell (773) 575-7035

# EXHIBIT 35

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
   to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing sched**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

FILED
5/8/2025 1:39 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 01
32625609

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
                Petitioner, )
        and )  No.    2015 D 009633
)
JANE GIRARD, )
                Respondent, )
        and )
)
MARISSA GIRARD, )
        Third-Party Respondent. )

**AMENDED**
**EMERGENCY NOTICE OF MOTION**

TO: <u>Via Email:  kg5252@yahoo.com</u>          <u>Via Email:  marissadakis@gmail.com</u>
        Kenton Girard                                              Marissa Girard

   **PLEASE TAKE NOTICE** that on *May 12, 2025, at 9:00 a.m.* or as soon
thereafter as counsel may be heard, I shall appear before the Honorable Judge Robert
Johnson  or any Judge sitting in his stead, in the Courtroom usually occupied by him at
the Richard J. Daley Center, located at 50 W. Washington, Chicago, Illinois Court Room
2108 **(In-Person)**, and shall request immediate hearing on *Jane Girard's Emergency
Motion To Set Hearing On Petition For Substitution Of Judge For Cause
And To Set Trial Dates*, a copy of which is attached and served upon you.

                                        BEERMANN LLP

                        By:    /s/ Matthew D. Elster
                               One of Respondent's Attorneys

Enrico J. Mirabelli (ejmirabelli@beermannlaw.com)
Matthew D. Elster (mdelster@beermannlaw.com)
**BEERMANN LLP** (Firm No. 80095)
Attorneys for Respondent
161 N. Clark St., Suite 3000
Chicago, IL 60601
Tel: (847) 681-9600

**CERTIFICATE OF SERVICE**
   The undersigned hereby certifies under penalties of perjury as provided by law
pursuant to 735 ILCS 5/1-109, that the above notice and any attached pleadings were
transmitted by e-mail to the address(es) indicated above to the parties at the addresses
set forth above before 5:00 p.m. on May 8, 2025.

                                        Patricia A. Rice
                                        Patricia A. Rice

FILED DATE: 5/8/2025 1:39 PM   2015D009633

## EXHIBIT 36

On Thursday, May 29, 2025, 10:02 AM, Kenton <kg5252@yahoo.com> wrote:

**Dear Ms. Barcas -**

**In reply to Mr. Elster's email message, I will note these custody proceedings are entering their 38th month. Under Illinois Supreme Court Rule 922, such proceedings are strictly limited to 18 months.**

**Notwithstanding the document image Mr. Elster has provided, the federal clerk has yet to transmit a letter certifying the remand to the state court. Mr. Elster is not the one to be providing the "all clear" signal to the state court.**

**Regards**

**Kenton**

Sent from Yahoo Mail for iPhone

On Thursday, May 29, 2025, 9:31 AM, Matthew D. Elster <MDElster@beermannlaw.com> wrote:

Ms. Barcas,

This matter has formally been remanded to state court (see attached). Would it be possible to obtain a date before Judge Johnson in this matter to hear the Petitions for Subst Judge Yu for cause that remain pending so this matter can proceed?

Best,

Matt

**Matthew D. Elster | Partner**

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

mdelster@beermannlaw.com | www.beermannlaw.com



**From:** Enrico J. Mirabelli <EJMirabelli@beermannlaw.com>
**Sent:** Wednesday, May 21, 2025 1:08 PM
**To:** Kenton <kg5252@yahoo.com>; CCC.DomRelCR1905@cookcountyil.gov; Patricia A. Rice <PARice@beermannlaw.com>
**Cc:** Matthew D. Elster <MDElster@beermannlaw.com>; Karen Paige <kpaige@beermannlaw.com>; Candace L. Meyers <CLMeyers@beermannlaw.com>
**Subject:** RE: Girard - #15 D 9633

Ms. Barcas;

This is exhausting. Marissa Girard filed the notice of removal – not Kenton. Marissa Girard filed the notice of appeal – not Kenton. So, Kenton is acting on Marissa and that belies whether or not the litigation between the two (Kenton and Marissa) was filed in good faith or it is just a sham proceeding.

Nevertheless, Mr. Girard makes quantum leaps in law and logic when he says the remand letter was not certified. I will no longer engage in this frivolity. If M thinks the state court has no jurisdiction, he should file and sign a pleading and properly bring the matter before the court.

I apologize for Mr. Girard's continued wrongful efforts to drag you into this litigation. He well knows you are an administrative person and not a judicial officer. Girard sent a letter directly to the Federal Judge's assistant which, much like Mr. Girard's communication, asked for judicial relief. The court immediately vie email as an attempt at ex-parte communication and filed the email with the federal clerk of court. I respectfully suggest that every email from Mr. Girard the clerk of the court for everyone to see his continued attempts at prohibited communications. Of course, that decision is left to the discretion of the court its

Enrico J. Mirabelli

**From:** Kenton <kg5252@yahoo.com>
**To:** Matthew D. Elster <mdelster@beermannlaw.com>; CCC.DomRelCR1905@cookcountyil.gov <ccc.domrelcr1905@cookcountyil.gov>; Patricia A. Rice <parice@beermannlaw.com>; Enric <ejmirabelli@beermannlaw.com>
**Cc:** Karen Paige <kpaige@beermannlaw.com>; Candace L. Meyers <clmeyers@beermannlaw.com>
**Sent:** Thursday, May 29, 2025 at 11:01:22 AM CDT
**Subject:** Re: Girard - #15 D 9633

Dear Ms. Barcas,

Mr. Elster is hiding the fact that the purported remand letter was never transmitted to the state court.
It must be transmitted FROM THE FEDERAL CLERK not scanned and filed by Mr. Elster. Mr. Elster
clearly needs some continuing legal education.

Again, the state court proceeding may not proceed further in the state court at this time.

Regards

Kenton L. Girard
Cell (773) 575-7035

On Thursday, May 29, 2025 at 10:52:45 AM CDT, Enrico J. Mirabelli <ejmirabelli@beermannlaw.com> wrote:

Ms. Barcus;

Please ignore Mr. Girard. He labors under some delusional idea that child related custody matters "self-terminate" after 18 months. Despite a few written requests and p
asking him to provide one scintilla of evidence of this preposterous theory, he has failed to do so. Instead, he continues to repeat himself hoping someone isn't paying a
the law.

I am truly sorry you have to listen to any of this nonsense. Mr. Girard, despite multiple requests, continues to berate staff people and pontificate upon the law with no bas
continues to think emails are a substitute for verified and signed pleadings. He is simply fearful of signing his name to pleadings and subjecting himself to additional sanc

I suggested before and I say it again, take every email and file them with the clerk's office.

May we please get assigned back to Judge Johnson and we can let a judge decide these legal issues.

Enrico J. Mirabelli

**Enrico J. Mirabelli** | Divorce and Family Law Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015

Tel: 847.681.9600 | Fax: 847.681.0909



**From:** Kenton <kg5252@yahoo.com>
**To:** CCC.DomRelCR1905@cookcountyil.gov <ccc.domrelcr1905@cookcountyil.gov>; Patricia A. Rice <parice@beermannlaw.com>; Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>
**Cc:** Matthew D. Elster <mdelster@beermannlaw.com>; Karen Paige <kpaige@beermannlaw.com>; Candace L. Meyers <clmeyers@beermannlaw.com>
**Sent:** Wednesday, May 21, 2025 at 12:44:09 PM CDT
**Subject:** Re: Girard - #15 D 9633

Dear Ms. Barcas:

Contrary to what Mr. Mirabelli has suggested, I am in no way suggesting that I "represent" Marissa Girard.

Unlike other appeals, the question before the USCA is whether the state court has *any authority whatsoever* to touch these proceedings. In specific, should the Seventh Circuit rule that the proceedings will be fully adjudicated in the federal court, then the state court will not resume any authority hereunder

Indeed, the remand letter was never certified to the state court precisely because the proceedings have been transferred in their entirety to the USCA.

Regards,

Kenton


On Wednesday, May 21, 2025 at 11:48:49 AM CDT, Enrico J. Mirabelli <ejmirabelli@beermannlaw.com> wrote:


Ms. Barcas:


I truly do not know why Mr. Girard continues to communicate with you over non-scheduling matters.  When he does so, he "conveniently" leaves out relevant material cor
Appeals.  All of which I will provide when, and if, Mr. or Mrs. Girard actually sign their name to a pleading seeking relief from this court.


Again, I question the propriety of Mr. Girard acting on behalf of Mrs. Girard, especially when the two of them are "allegedly" embroiled in litigation against one another.


Please ignore Mr. Girard's penchant for sending emails as opposed to filing pleadings.


Enrico J. Mirabelli


**Enrico J. Mirabelli** | Divorce and Family Law Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909


2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015

Tel: 847.681.9600 | Fax: 847.681.0909

ejmirabelli@beermannlaw.com | www.beermannlaw.com



## EXHIBIT 37

**Kenton** <kg5252@yahoo.com>                                                                 Mon, Jun 16, 2025 at 12:59 PM
To: "CCC.DomRelCR2108@cookcountyil.gov" <ccc.domrelcr2108@cookcountyil.gov>, "Matthew D. Elster" <mdelster@beermannlaw.com>
Cc: marissa <marissadakis@gmail.com>, "Enrico J. Mirabelli" <ejmirabelli@beermannlaw.com>, "Candace L. Meyers"
<clmeyers@beermannlaw.com>, Karen Paige <kpaige@beermannlaw.com>

Kaye,

For the second time now Mr. Elster has filed a scanned image of a purported remand letter on the docket. Any
remand instruction must be filed on the docket by the federal clerk.

Mr. Elster is not the one to be providing the "all clear" signal to the state court.

The rules are clear: the state court does not re-acquire jurisdiction UNTIL the federal clerk duly instructs the state
court on the docket.

Regards,

Kenton L. Girard
Cell (773) 575-7035



On Monday, June 16, 2025 at 12:47:31 PM CDT, Matthew D. Elster <mdelster@beermannlaw.com> wrote:


Kaye,


The US District Court has remanded this matter to state court. We are requesting a court date on Girard before Judge Johnson so we can
set the pending petition for SOJ for hearing. Can you please let us know the judge's availability?


I anticipate Mr. Girard will interpose all sorts of objections to this request. Respectfully, if he wishes to raise them, I suggest he do so via
written motion, not email.


Best,


Matt

**Kenton** <kg5252@yahoo.com>                                               Mon, Jun 16, 2025 at 1:07 PM
To: "CCC DomRelCR2108 (Chief Judge's Office)" <ccc.domrelcr2108@cookcountyil.gov>, "Matthew D. Elster" <mdelster@beermannlaw.com>
Cc: marissa <marissadakis@gmail.com>, "Enrico J. Mirabelli" <ejmirabelli@beermannlaw.com>, "Candace L. Meyers"
<clmeyers@beermannlaw.com>, Karen Paige <kpaige@beermannlaw.com>

Kaye,

There is NO ENTRY on the state docket from the federal clerk authorizing the state court to resume the
proceedings. Until that happens no court date can be scheduled. You should also know that Ms. Barcas has NOT
been willing to schedule a date due to her knowledge of these facts, so Mr. Elster has gone around her to reach
you.

Furthermore, Mr. Elster fails to mention that these proceedings are being actively litigated before the US Court of
Appeals.

Regards,

Kenton L. Girard
Cell (773) 575-7035


On Monday, June 16, 2025 at 01:05:32 PM CDT, Matthew D. Elster <mdelster@beermannlaw.com> wrote:


We can appear on either date, but would prefer the 24th.


Best,


Matt


**Matthew D. Elster** | Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

 

mdelster@beermannlaw.com | www.beermannlaw.com

**Kenton** <kg5252@yahoo.com>                                                         Mon, Jun 16, 2025 at 1:32 PM
To: "CCC DomRelCR2108 (Chief Judge's Office)" <ccc.domrelcr2108@cookcountyil.gov>, "Matthew D. Elster" <mdelster@beermannlaw.com>
Cc: marissa <marissadakis@gmail.com>, "Enrico J. Mirabelli" <ejmirabelli@beermannlaw.com>, "Candace L. Meyers"
<clmeyers@beermannlaw.com>, Karen Paige <kpaige@beermannlaw.com>, "Jaime Barcas (Chief Judge's Office)"
<jaime.barcas@cookcountyil.gov>

Kaye,

This case is currently on Calendar 1, which means that Judge Scannicchio must schedule any future court dates
and she has not done so. Mr. Elster is going around Ms. Barcas and asking you to set a date when the court does
NOT have jurisdiction to do so.

Again, this case is being actively litigated in the US Court of Appeals under case number 25-1854. The case has
NOT been officially sent back to the state court and as such no court dates can be set at this time.

Regards,

Kenton L. Girard
Cell (773) 575-7035


On Monday, June 16, 2025 at 01:26:39 PM CDT, Matthew D. Elster <mdelster@beermannlaw.com> wrote:


Sounds like there's no issues with Mr. Girard' availability on the 24th. Attached is a draft order for Judge Johnson's review/entry.


**Matthew D. Elster** | Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

 

mdelster@beermannlaw.com | www.beermannlaw.com

**Kenton** <kg5252@yahoo.com>                                                    Mon, Jun 16, 2025 at 1:49 PM
To: "CCC DomRelCR2108 (Chief Judge's Office)" <ccc.domrelcr2108@cookcountyil.gov>, "Matthew D. Elster" <mdelster@beermannlaw.com>
Cc: marissa <marissadakis@gmail.com>, "Enrico J. Mirabelli" <ejmirabelli@beermannlaw.com>, "Candace L. Meyers"
<clmeyers@beermannlaw.com>, Karen Paige <kpaige@beermannlaw.com>, "Jaime Barcas (Chief Judge's Office)"
<jaime.barcas@cookcountyil.gov>

Kaye,

The main issue is that this case is still in Federal Court, so nothing can be scheduled in the state court. Also, it is
on Calendar 1, so Judge Johnson can not schedule any court dates. I don't think Judge Johnson wants to create
additional causes of action by holding another hearing while he does NOT have jurisdiction and the case is still in
Federal court - see attached pending Federal Lawsuit naming Judge Johnson as a defendant.

We will be without internet access while on holiday.

Regards,

Kenton L. Girard
Cell (773) 575-7035

On Monday, June 16, 2025 at 01:39:38 PM CDT, Matthew D. Elster <mdelster@beermannlaw.com> wrote:

This matter concerns minor children and is subject to expedited disposition. I am sure wherever Mr. and Mrs. Girard are "on holiday,"
they will have access to zoom.

**Matthew D. Elster** | Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

mdelster@beermannlaw.com | www.beermannlaw.com





## EXHIBIT 38

**Kenton** <kg5252@yahoo.com>                                                        Fri, Jun 20, 2025 at 1:13 PM
To: "CCC DomRelCR2108 (Chief Judge's Office)" <ccc.domrelcr2108@cookcountyil.gov>, "Matthew D. Elster" <mdelster@beermannlaw.com>
Cc: marissa <marissadakis@gmail.com>, "Enrico J. Mirabelli" <ejmirabelli@beermannlaw.com>, "Candace L. Meyers"
<clmeyers@beermannlaw.com>, Karen Paige <kpaige@beermannlaw.com>, "Jaime Barcas (Chief Judge's Office)"
<jaime.barcas@cookcountyil.gov>

Kaye,

As Mr. Elster is aware, it was then appealed and Mr. Elster has filed a brief in that appeal which I previously sent to
you. The case has NOT been officially sent back to the state court even though Mr. Elster seems to believe that he
can litigate it in both the US Court of Appeals and the State court at the same time, which he can NOT.

Again, there can NOT be any court dates set in this case until it is officially returned from the Federal Court by an
official transmittal from the Federal Clerk to the State Clerk.

Kenton L. Girard
Cell (773) 575-7035

On Friday, June 20, 2025 at 01:02:30 PM CDT, Matthew D. Elster <mdelster@beermannlaw.com> wrote:

This matter was formerly remanded by the Federal district court on May 16th. Mr Girard cannot credibly suggest otherwise.

Please let us know when we can appear to get this case back on track. If Mr Gerard has an emotions he wishes to file, he is welcome to sign
them and subject himself to additional rule 137 sanctions

**Matthew D. Elster** | Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

mdelster@beermannlaw.com | www.beermannlaw.com

**Kenton** <kg5252@yahoo.com>                                                                     Fri, Jun 20, 2025 at 2:14 PM
To: "CCC DomRelCR2108 (Chief Judge's Office)" <ccc.domrelcr2108@cookcountyil.gov>, "Matthew D. Elster" <mdelster@beermannlaw.com>
Cc: marissa <marissadakis@gmail.com>, "Enrico J. Mirabelli" <ejmirabelli@beermannlaw.com>, "Candace L. Meyers"
<clmeyers@beermannlaw.com>, Karen Paige <kpaige@beermannlaw.com>

Dear Kaye,

Apparently I need to repeat myself.

As Mr. Elster is aware, the case was appealed and Mr. Elster has filed a brief in that appeal which I previously sent
to you. The case has NOT been officially sent back to the state court even though Mr. Elster seems to believe that
he can litigate it in both the US Court of Appeals and the State court at the same time, which he can NOT.

Again, there can NOT be any court dates set in this case until it is officially returned from the Federal Court by an
official transmittal from the Federal Clerk to the State Clerk.

Hope you have a good weekend,

Regards,

Kenton L. Girard
Cell (773) 575-7035


On Friday, June 20, 2025 at 01:57:41 PM CDT, Matthew D. Elster <mdelster@beermannlaw.com> wrote:


Kaye,


We just need a date. No more, no less.


Mr. Girard is welcome to file whatever he wants. Barraging you and Ms. Barcas with emails is neither productive nor proper.


**Matthew D. Elster | Partner**

**From:** Matthew D. Elster <mdelster@beermannlaw.com>
**To:** Jaime Barcas (Chief Judge's Office) <jaime.barcas@cookcountyil.gov>; Kenton <kg5252@yahoo.com>; CCC DomRelCR2108 (Chief Judge's Office) <ccc.domrelcr2108@cookcountyil.gov>
**Cc:** marissa <marissadakis@gmail.com>; Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>; Candace L. Meyers <clmeyers@beermannlaw.com>; Karen Paige <kpaige@beermannlaw.com>
**Sent:** Friday, June 20, 2025 at 02:22:34 PM CDT
**Subject:** RE: IRMO Girard - Request for Court Date

He has not yet, despite repeated requests.

**Matthew D. Elster** | Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909

mdelster@beermannlaw.com | www.beermannlaw.com

 

---

**From:** Jaime Barcas (Chief Judge's Office) <jaime.barcas@cookcountyil.gov>
**Sent:** Friday, June 20, 2025 2:20 PM
**To:** Kenton <kg5252@yahoo.com>; CCC DomRelCR2108 (Chief Judge's Office) <Ccc.Domrelcr2108@cookcountyil.gov>; Matthew D. Elster <MDElster@beermannlaw.com>
**Cc:** marissa <marissadakis@gmail.com>; Enrico J. Mirabelli <EJMirabelli@beermannlaw.com>; Candace L. Meyers <CLMeyers@beermannlaw.com>; Karen Paige <kpaige@beermannlaw.com>
**Subject:** Re: IRMO Girard - Request for Court Date

> **Warning: Unusual sender** <jaime.barcas@cookcountyil.gov>
> You don't usually receive emails from this address. Make sure you trust this sender before taking any actions.

Good afternoon,

Has Judge Johnson given you a hearing date?

Sincerely,

Jaime Barcas

Administrator-Domestic Relations Division

Presiding Judge Regina Scannicchio

Richard J Daley Center

50 W Washington St, Room 1901G

Chgo, IL 60602

(312) 603-5988

**EXHIBIT 39**

## IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE THE FORMER MARRIAGE OF )

KENTON GIRARD, )

        Petitioner, )

  and )

JANE GIRARD, ) No. 2015 D 9633

        Respondent. ) Cal 23

MARISSA GIRARD, )

        Third-Party Respondent. )

ENTERED
Judge Robert Johnson-2156
JUN 1 7 2025
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk

### ORDER

This cause is set for status on pending matters before Cal. 23 via Zoom on June 24,

2025 at 9:30 a.m. (Meeting ID: 934 9022 2003 Passcode: 543296)

ENTER:

The Hon. Robert Johnson

**BEERMANN LLP**
161 North Clark Street
Suite 3000
Chicago, Illinois 60601
312.621.9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com

Copies to
kg5252@yahoo.com
marissadakis@gmail.com

## EXHIBIT 40

**From:** Kenton <kg5252@yahoo.com>
**To:** CCC DomRelCR2108 (Chief Judge's Office) <ccc.domrelcr2108@cookcountyil.gov>; Matthew D. Elster <mdelster@beermannlaw.com>;
**Cc:** marissa <marissadakis@gmail.com>; Enrico J. Mirabelli <ejmirabelli@beermannlaw.com>; Karen Paige <kpaige@beermannlaw.com>;
Candace L. Meyers <clmeyers@beermannlaw.com>; Jaime Barcas (Chief Judge's Office) <jaime.barcas@cookcountyil.gov>; CCC
DomRelCR3005 (Chief Judge's Office) <ccc.domrelcr3005@cookcountyil.gov>; CCC DomRelCR1905 (Chief Judge's Office)
<ccc.domrelcr1905@cookcountyil.gov>; Kimberly E. Blair <kimberly.blair@wilsonelser.com>; Jeffrey R. Kivetz <jkivetz@isotoslaw.com>;
Michael Bradtke <michael.bradtke@ilag.gov>; Mary H. Carlson <mcarlson@smbtrials.com>; Toma Makedonsi <legaltma@gmail.com>
**Sent:** Tuesday, June 24, 2025 at 01:03:07 PM CDT
**Subject:** Re: IRMO Girard (15 D 9633) - Proposed Order

Judge Johnson,

You are aware that this case is still pending in the US Court of Appeals as Mr. Elster has recently submitted a brief,
yet he still asked you to hold a hearing while you both know this case has NOT been officially transmitted back to
state court with an official certified copy to the state clerk from the Federal Clerk.

Furthermore, you are aware that per judicial cannon 2.11, which states a judge should disqualify themselves from a
case if your impartiality might reasonably be questioned, which includes situations where you are being sued as
you are in this instance.

Beyond that your scope in this case was simply to hear the SOJ for Cause against Judge Yu, yet you held multiple
hearings and signed orders disqualifying counsel (outside your limited jurisdiction) and while knowing the case was
in federal court as you acknowledged it in your orders.

The order you signed on 6/17/25 for the hearing you held on 06/24/25, was never noticed to any parties and you
can see in the email chain on the afternoon of 6/20/25, Kaye, Ms. Barcas and Mr. Elster had not yet seen your
order, so it appears that order may have been signed after 2pm on Friday 6/20/25 and again there was NOT any
notice sent out for this date, which appears to be intentional that I would not be aware of the hearing. Also the
signed order from 06/17/25 technically is not on the docket as it does NOT have a time stamp from the clerk.

Next, you are fully aware that you performed these actions which clearly warrant another Judge to hear them via a
Substitution of Judge for Cause, which I did file and which you are now planning to ignore or deny per the order Mr.
Elster just emailed to you.

Finally as Marissa and I have advised the court and counsel, multiple times in writting, Marissa and I are on
vacation without internet access until July 5, therefore, not only does the court date from today need to be
unwound, but no other court date can be scheduled until after our return on July 5th.


Kenton L. Girard
Cell (773) 575-7035



On Tuesday, June 24, 2025 at 10:08:43 AM CDT, Matthew D. Elster <mdelster@beermannlaw.com> wrote:



Judge Johnson,


Attached please find a proposed order for entry in this matter following this morning's court appearance.


**Matthew D. Elster** | Partner

161 N Clark St., Suite 3000 | Chicago, IL 60601

Tel: 312.621.9700 | Fax: 312.621.0909


mdelster@beermannlaw.com | www.beermannlaw.com



# EXHIBIT 41

## URGENT: ADA Accommodation Violation - No Notice Provided for Court Hearing on June 24, 2025

**marissa** <marissadakis@gmail.com>                                    Tue, Jun 24, 2025 at 10:26 PM
To: "Carina Segalini (Chief Judge's Office)" <carina.segalini@cookcountyil.gov>

Dear Carina,

I hope you are doing well. While I was hopeful we would not cross paths again (as I'm sure you were as well!), I am writing to report a serious violation of my documented ADA accommodations that occurred today, June 24, 2025, in the ongoing family court matter.

I have just sent an email to opposing counsel Matthew Elster regarding today's proceedings and have copied you on that correspondence so you can see the full context of what transpired.

**I received absolutely no notice of a court hearing that took place today.** This is a direct violation of my documented accommodation requiring advance notice of all court proceedings.

Specifically, no email notification was sent despite the court's established practices, the docket viewing system showed no scheduled hearing as of this morning, no alternative format notice was provided as required by my ADA accommodations, and the opposing counsel and court conducted a "secret hearing" **without any notice to me whatsoever.**

This is not an isolated incident. There has been a consistent pattern of failing to provide proper notice in accordance with my documented ADA accommodations, creating ongoing discrimination against me as a person with disabilities. What makes this particularly concerning is that a court order dated June 17, 2025 mysteriously appeared on the docket only AFTER today's hearing, and as late as Friday, June 21, 2025, opposing counsel was asking whether any hearing had been scheduled. The order also lacks proper e-filing timestamps.

Additionally, this matter is currently being litigated in the 7th Circuit U.S. Court of Appeals **with no federal remand certified to the state court**, meaning the state court judge lacks jurisdiction to conduct hearings at all.

I need your immediate assistance in documenting this ADA violation, ensuring my accommodations are properly enforced going forward, exploring what remedies are available for this violation, and preventing future discrimination. I need you to explain to me how there was a hearing without my being noticed despite my documented accommodations, and how you plan to rectify this with the parties and the judge going forward.

In addition to the myriad other violations of my rights, this latest violation has caused me significant stress and has prevented me from participating in a legal proceeding that directly affects my rights and interests. The pattern of ignoring my ADA accommodations is unacceptable and appears to be intentional.

Please advise on next steps.

Best regards,

Marissa Girard

**EXHIBIT 42**

From: **Carina Segalini (Chief Judge's Office)** <carina.segalini@cookcountyil.gov>
Date: Wed, Jun 25, 2025 at 3:59 PM
Subject: Re: URGENT: ADA Accommodation Violation - No Notice Provided for Court Hearing on June 24, 2025
To: marissa <marissadakis@gmail.com>


Hi Marissa,

I understand that this litigation continues to create stress for you and thank you for bringing this to my attention. It appears that the case was set for a status on proceedings by Zoom after the Clerk of the Court entered the federal order remanding the case. I have attached a copy of both for you. The remand order was entered by the Clerk of the Circuit Court on June 5, 2025 and the status order was entered on June 17, 2025. The ADA accommodations that we have worked out for you include conducting court by Zoom and advising the court that you may need 5 minute breaks every 15-20 minutes to accommodate your needs. As the court disability coordinator assigned to your case, I cannot tell a judge or other parties how to conduct litigation. I spoke to the judge's staff, and they indicated that the order from yesterday is being processed and should be on the docket later today or tomorrow because the clerk is currently processing it. They indicated that you will receive a copy of the order. If you do not receive a copy of the order by the end of the day tomorrow, please let me know.

I realize your last attorney was disqualified, but an attorney will be able to help advocate for your position and address your concerns about notice and hearings with the court in a way that preserves the record in the case for future and ongoing litigation. If you would like to seek alternative representation, the referral lines below may be able to connect you with an attorney:

Chicago Bar Association Lawyer Referral Service (Private Lawyers)
By Phone: (312) 554-2001
Online: lrs.chicagobar.org

JEP Lawyer Directory (Justice Entrepreneurs Project) (Flexible & Affordable Fees)
By phone: (312) 546-3282
Online: jepchicago.org

These are reputable lawyer referral programs to find lawyers to advocate for you in court proceedings before the judge.

Please reach out for anything else you may need or if you do not receive a copy of the order.

Thank you,
Carina

# EXHIBIT 43

### URGENT: ADA Accommodation Violation - No Notice Provided for Court Hearing on June 24, 2025

**marissa** <marissadakis@gmail.com>                                                                    Wed, Jun 25, 2025 at 4:23 PM
To: "Carina Segalini (Chief Judge's Office)" <carina.segalini@cookcountyil.gov>
Bcc: sethp1234@gmail.com

Hi Carina,

Can you kindly explain to me why no one was noticed for the court date on the 24th?

Can you explain why the order from June 17th has no e-filing timestamp?

It is illegal to have in absentia hearings without notice. I would think this misconduct especially towards an ADA pro se litigant would concern the court.

Thank you,

Marissa

From: **Carina Segalini (Chief Judge's Office)** <carina.segalini@cookcountyil.gov>
Date: Thu, Jun 26, 2025 at 3:57 PM
Subject: Re: URGENT: ADA Accommodation Violation - No Notice Provided for Court Hearing on June 24, 2025
To: marissa <marissadakis@gmail.com>

Hi Marissa,

If you did not receive notice of the hearing on the 24th , that would be an issue you should raise at the next court hearing in open court with the judge and opposing counsel.  As the CDC, I am not involved in the setting of court dates or determining who is supposed to give notice to everyone.  If you did not receive proper notice, this should be raised with the court directly.

With respect to e-filing stamps, if you are referring to the digital stamp that appears at the top of pages when a party files something in the case through the external e-filing system (such as a motion or correspondence or notice, etc.) those are the stamps that are proof for the external filer that they used the Clerk's e-filing system.  Documents processed directly by the Clerk's Office (such as court orders, or the remand order) will not bear an external e-filing stamp.  Court orders have the judge's stamp and signature, not an e-filing stamp, and then are entered into the docket.

Thanks,
Carina

_____

**Carina Segalini** (she/her)
Circuit Court of Cook County | Office of the Chief Judge
(312) 603-3291 | Carina.Segalini@cookcountyil.gov

**EXHIBIT 44**

## IN THE IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
)
      Petitioner, )
)
    and )
)
JANE GIRARD, )   No. 2015 D 9633
)
      Respondent. )   Cal 23
)
MARISSA GIRARD, )
)
    Third-Party Respondent. )

**ENTERED**
Judge Robert Johnson-2156
JUN 2 4 2025
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk

### ORDER

This cause coming before the Court for status pursuant to order dated June 17, 2025, the Court having received a certified copy of the May 16, 2025 remand order issued by the United States District Court for the Northern District of Illinois in case no 25-cv-4586, Respondent, Jane Girard, appearing through counsel; Mr. Girard and Marissa Girard failing to appear, the Court having jurisdiction over the parties and the subject matter and being fully advised in the premises, and for the reasons stated in court, IT IS HEREBY ORDERED THAT:

    1.   With respect to Kenton's May 8, 2025 Petition for Substitution of Judge Robert Johnson for cause, the Court notes that "a party's right to have a petition for substitution of judge heard by another judge is not automatic" and that the law permits it to deny a petition which fails to meet threshold requirements such as alleging the existence of bias stemming from an extrajudicial source or which "was not made in good faith but rather for purposes of delay." *In re Estate of Wilson*, 238 Ill.2d 519, 553-567 (2010). Pursuant to *Wilson*, the Court will conduct an initial review of Kenton's Petition and, if it finds that it meets the threshold requirements, will transfer that Petition to a new judge for hearing on or before July 3, 2025.

2. In the event the Court finds that Kenton's Petition does not meet the threshold requirements for a for-cause substitution, the Court will deny Kenton's Petition under *Wilson*, and a hearing on Marissa Girard's Petition for Substitution of Judge William Yu for cause, as joined by Kenton Girard, will proceed via Zoom (Meeting ID: 934 9022 2003 Passcode: 543296) *or* in person (Courtroom 2108) on **July 3, 2025 at 1:00 p.m.**

ENTER:

The Hon. Robert Johnson

June 24, 2025

Order Prepared By
Matthew D. Elster
**BEERMANN LLP**
161 North Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com
Firm No. 80095

Copies to
kimberly.blair@wilsonelser.com
mcarlson@smbtrials.com
kg5252@yahoo.com
marissadakis@gmail.com
jkivetz@isotoslaw.com
Michael.Bradtke@ilag.gov

## EXHIBIT 45

<div style="background-color: #3a4a8c; color: white; padding: 8px;">

### Events and Orders of the Court

</div>

| | |
|---|---|
| 07/03/2025 | **Open Call**  (1:00 PM)  (Judicial Officer: Johnson, Robert W.)<br>Resource: Location DR2108 Court Room 2108<br>Resource: Location D1 Richard J Daley Center |

06/24/2025   

Case Set On Progress Call     (Judicial Officer: Johnson, Robert W.)
    Party:   Attorney KATZ GOLDSTEIN AND WARREN;
           Attorney Kirsch, Bryan Jonathan;
           Attorney Kivetz, Jeffrey Robert;
           Attorney LEVIN & BREND;
           Attorney WILSON ELSER MOSKOWITZ et al;
           Petitioner GIRARD, KENTON;
           Respondent Elster, Matthew D;
           Respondent GIRARD, JANE;
           Respondent Girard, Marissa;
           Respondent HAMMER, VANESSA L Esq.;
           Respondent Levin, Joel;
           Respondent McEnerney, Ryan;
           Respondent McEnerney, Ryan;
           Respondent McEnerney, Ryan;
           Respondent Meyers, Candace L.;
           Respondent Mirabelli, Enrico J.;
           Respondent Paige, Karen

| | |
|---|---|
| 06/24/2025 | **Open Call**  (9:30 AM)  (Judicial Officer: Johnson, Robert W.)<br>Resource: Location DR2108 Court Room 2108<br>Resource: Location D1 Richard J Daley Center |

06/17/2025   

Case Set On Progress Call     (Judicial Officer: Johnson, Robert W.)
    Party:   Attorney KATZ GOLDSTEIN AND WARREN;
           Attorney Kirsch, Bryan Jonathan;
           Attorney Kivetz, Jeffrey Robert;
           Attorney LEVIN & BREND;
           Attorney WILSON ELSER MOSKOWITZ et al;
           Petitioner GIRARD, KENTON;
           Respondent Elster, Matthew D;
           Respondent GIRARD, JANE;
           Respondent Girard, Marissa;
           Respondent HAMMER, VANESSA L Esq.;
           Respondent Levin, Joel;
           Respondent McEnerney, Ryan;
           Respondent McEnerney, Ryan;
           Respondent McEnerney, Ryan;
           Respondent Meyers, Candace L.;
           Respondent Mirabelli, Enrico J.;
           Respondent Paige, Karen

**EXHIBIT 46**

Order

29

(12/01/24) CCG 00

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

GIRARD, ET AL.

v.

JANE F. GIRARD, KAREN PAIGE, ET AL.

No. 24 L 12053

### ORDER

THIS MATTER COMING BEFORE THE COURT ON STATUS AND HEARING ON DEFS.' PAIGE, MEYERS AND CARMODY'S MOTION FOR RULE 137 SANCTIONS AGAINST KENTON GIRARD, ATTY MERLO FOR MOVANTS AND KENTON GIRARD PRESENT IN PERSON, ATTY TOMA MAKEDONSKS PRESENT ON ZOOM, COURT REPORTER PRESENT, THE COURT ADVISED, IT IS HEREBY ORDERED:

(1) FOR THE REASONS STATED ON THE RECORD, DEFS.' PAIGE, MEYERS, AND PAIGE'S MOTION FOR RULE 137 SANCTIONS AGAINST KENTON GIRARD IS GRANTED. THE COURT RESERVES RULING AS TO WHAT THE SANCTION WILL BE.

(2) THE MOVANTS SHALL FILE A FEE PETITION BY JULY 16, 2025

(3) KENTON SHALL FILE A RESPONSE TO THE FEE PETITION BY AUGUST 6, 2025

(4) A HEARING ON THE FEE PETITION IS SET FOR AUGUST 18, 2025 IN ROOM 2501 AT 12:00 P.M.

(5) EXCEPT FOR THE ABOVE FEE PETITION, THIS CASE WILL PROCEED IN COURTROOM 2207.

Attorney No.: 16741

Name: ROBERT MERLO, WILSON ELSER LLP

Atty. for: DS PAIGE, MEYERS + CARMODY

Address: 161 N. CLARK, STE 4500

City/State/Zip: CHICAGO, IL

Telephone: (312) 821-6170

ENTERED:

Judge Eileen M. O'Connor

JUN 18 2025

Dated: _____ Circuit Court - 2285

Judge                    Judge's No.

Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois

**EXHIBIT 47**

To Whom It May Concern:

I am writing this email as the licensed therapist who has been treating Gwen Girard, age 16, since August 2023.

Through our extensive one-on-one sessions, Gwen has disclosed details of enduring years of psychological, emotional, and sexual abuse perpetrated by her mother, Jane Girard. The trauma Gwen describes is severe, and we have been diligently working through these issues in our therapeutic process.

However, Gwen's recovery has been significantly impacted by the ongoing stress and retraumatization caused by this ongoing court case. Being compelled to recount her abuse to multiple professionals, including two therapists, an evaluator, a GAL, and a Child Representative has been extremely detrimental for Gwen. Each interaction where she must discuss and relive the trauma causes Gwen substantial distress, setting back the progress we have made.

As her treatment provider, I am gravely concerned about the harm being done to Gwen's wellbeing by forcing her continued involvement in legal proceedings related to her mother. It repeatedly retraumatizes her and undermines the therapeutic work towards healing. For Gwen's mental health, I strongly advise she be allowed to permanently reside with her father in the stable, supportive environment where she has been thriving these past two years.

Prolonging Gwen's forced engagement with this case is unproductive and extremely detrimental to her needs as a vulnerable minor and survivor of abuse. I implore all parties to act in her best interests by shielding her from further retraumatization. She deserves the chance to move forward in her healing journey, free from the heavy burden this ordeal has placed on her.

Sincerely,

Maddie Mays
Counseling Center of the North Shore

**EXHIBIT 48**

**Report to the Court**

June 11, 2025

Requested by Grace L. Girard
Birthdate 2-15-2008

**Reason for Referral**

Grace Girard requested to be seen for psychotherapy by this therapist in January 2025. She reported previously receiving therapy from another clinician since 2021 but stated she left that treatment due to events where her privacy and confidentiality had been breached by the therapist with her biological mother.

**Reason for Evaluation/Report**

Grace has requested this report to communicate to the court information about the history of her experiences of physical, sexual, and emotional abuse by her biological mother Jane, from childhood to the present. This report will address the impact these experiences have had, and continue to have, on her general functioning, psychological well-being, and ongoing mental health. In addition, she has asked for a professional recommendation regarding her court cases.

**Family History**

Grace was born 2-15-2008. She has one sibling, her twin sister, Gwen. At the time of her birth her biological parents Kenton and Jane were married, and all resided in the same household. Grace reports that her traumatic memories start around age six. She reports that around that time her parents were having marital problems. She believes that her father was not around as much due to a busy work schedule and then eventually the divorce. Her mother was having an extra-marital affair. Grace reports that her mother's abusive behaviors towards Grace and Gwen intensified after her parents separated and her father moved out of the house. She reports that once her father moved, sexual abuse by her mother began. She also describes that during this period of time, when her parents were in mediation, her mother became increasingly more violent, and home became much scarier. Due to a range of abusive behaviors (detailed below) Grace (and Gwen) left their mother's house and moved in full time with their father Kenton and their stepmother Marissa when they were 14 years of age.

**Trauma History**

Grace has reported a range of physical, emotional, and sexual abuse perpetrated by her mother. She describes her mother as rageful—exhibiting ongoing erratic and scary behavior. She stated that even at times when her mother was not physically abusive, she was so frightening that Grace felt she could be harmed at any time. She describes an ongoing dynamic from a very early age in their household between the girls and their mother. When either girl did something, her mother did not approve of, such as crying or other normal behaviors for girls their age, their mother "punished" the girls by withholding food and water from them for many hours. She would also

put them in "time-outs" where they were required to stand facing the corner wall, often for multiple hours or full days, during which they were deprived of food and water. These episodes with her mother lasted for many hours. Grace remembers not being able to climb the stairs afterwards as she felt so weak. She describes being made to drink sour milk by her mother and never being allowed to get her own food from the kitchen if she was hungry, because food was weaponized. Her mother kept strict control so that she could use withdrawal of food and water as a punishment for the girls. In addition to withholding food, Grace described another tactic used by her mother for punishment, which was to push Grace into a wall and then push her knee into Grace's back, pressing her face-first into the wall, with great force. Jane would keep her in this position for an extended period, leading to bruising. She describes these episodes of her mother's punishment of her as ongoing and persistent from when she was six years old to fourteen, stating that her mother was controlling, manipulative and terrifying. Although Grace describes these behaviors as "punishment" by her mother, from a clinical perspective this is sadistic behavior and is seen as a type of torture that I would categorize as abusive.

In addition to the behavior described above. Grace has also stated that her mother sexually abused her. She reports incidents occurring from inappropriate and intrusive touching to greater violations of her bodily autonomy resulting in bruising and penetration. Grace has reported this abuse to the police, DCFS, a custody evaluator, a GAL, a child representative, and her therapists. The retraumatization of having Grace repeat this abuse to professionals who have then not protected her is unacceptable.

Since Grace has been residing at her father's house, Grace's experience of abuse by her mother is of a different nature. Grace describes being terrified of her mother. Grace feels she might not survive if she had to live in her mother's house again. Her mother has come to her high school repeatedly without asking if that is okay, trying to upset Grace and Gwen by showing up despite their clear boundary they have asked her to respect. This behavior occurs often and is ongoing. Besides the normal feelings of humiliation and embarrassment, Grace describes feeling unsafe, as her mother's behavior is unpredictable and shows a pattern of disregard for Grace's wishes and wellbeing. Adding to Grace's fear, Jane is actively pursuing efforts in court to have the girls forcibly taken in order to have control over them and send them to some type of reunification camp or boarding school. This has caused immense anxiety for Grace, as she fears being abused further by Jane due to the court system and its professionals failing to protect her. Grace also reports that her mother put an air tag on a car belonging to her dad that both girls use—leaving her feeling like she is being stalked and vulnerable for contact from her mother at any time, against her wishes.

**Impact on Mental Health**

Grace's abuse perpetrated by her mother resulted in significant psychological problems early on in Grace's development, some of which continue to date. She developed depression and suicidal ideation, anxiety and extreme obsessive-compulsive disorder (OCD). She has heightened anxiety—always being on high alert, always on the lookout for psychological and physical danger. In addition, when her fear and anxiety were overwhelming, Grace described dissociating. As a child Grace's OCD symptoms included not being able to step on cracks, touching certain objects before moving forward, and compulsions that required her to walk up and down the stairs

several times. She had similar impulses regarding turning light switches on and off. Her ritualistic behaviors were described as taking over her ability to function in her life. At approximately 8-9 years old, Grace describes deciding to fight against her OCD symptoms herself to get control of her mind and her behavior—as her mother was so controlling regarding many other aspects of her life. At this time, she was also suicidal, and reported this to her mother Jane, who ignored her and did not get connect her with any mental health services. Grace reports being overwhelmingly frightened and depressed. She came up with a plan to kill herself with a knife. Instead, she was determined to get control back and set upon a plan to conquer these rituals, which she was successful at doing over a two-year-period. Currently, Grace exhibits symptoms of PTSD due to past abuse. However, for Grace, although the specific type of abuse has changed, she still experiences ongoing fear and anxiety related to current emotional abuse— both through her mother's continued behavior as well as the ongoing nature of her court cases. Grace describes feeling pressured and stressed most of the time. Her sleep is impaired; at times she struggles to manage her emotions. At times she has described dissociating when her anxiety and fears become overwhelming.

Grace is involved in a range of activities and puts undue pressure on herself to be perfect. She expects herself to manage more than any seventeen-year-old could be reasonably expected to manage. Grace is a straight A student, yet she describes being unbearably anxious before tests. She feels she has "messed up" if she receives a B.  She runs a business, has a job, and is on the swimming team. Still, with all of her successes she feels that if she is not perfect in all aspects of her endeavors then she is messing up. She also reports that despite handling her responsibilities exceptionally well, she functions at all times with an overwhelming feeling of anxiety.

**Conclusions**

Grace is a remarkably reflective person with extremely high emotional intelligence. She has done a great deal of therapeutic work in her previous treatment and in her work with me. She is aware of the necessary qualities for healthy, trusting and safe relationships and is also able to see others clearly, when these qualities are absent. She has extensively examined her relationship with her mother to process and heal from her past trauma and cope with the continuing stress from the ongoing court cases; both for custody and emancipation. Unfortunately, her mother's ongoing abusive behavior along with continued court involvement is hurting her psychologically and hindering her ability to develop into the adult she wishes to be.

Grace is an extremely conscientious and hard worker in all her endeavors. She is precocious and successful and has clear goals that motivate her to continue to work extraordinarily hard. Through all of her activities, whether at school, her jewelry business, or the swim team, she demonstrates a focus on the goal of developing the capacity to be an independent adult.  As such she will be in better control of her life and her future and not be beholden to others. Particularly those who in the past, have proven to not have had her best interest in mind.

**Recommendations**

Based on my clinical interactions with Grace, it is evident that she is a highly intelligent and emotionally attuned individual. She consistently demonstrates thoughtful self-reflection. Grace

exhibits a nuanced understanding of the interpersonal dynamics that contribute to healthy relationships and is able to discern when such dynamics are absent. Furthermore, she can identify appropriate strategies for relational repair and recognizes when these efforts would be useless with regards to the limitations of the personality characteristics of others.

Grace has worked very hard to maintain stability in her life, which she reports she is experiencing in her current living situation. Imposing contact or cohabitation with her mother will exacerbate her psychological distress, including increased feelings of terror/anxiety, stress, and resentment. She believes that her mother is so angry and cruel that she might end up dead if forced to live with her. She has articulated that court involvement has contributed to additional stress. Neglecting to acknowledge Grace's perspective will cause further harm and trauma and does not have Grace's best interests in mind.

My recommendation is that the court take very seriously the negative impact on Grace's mental health that the ongoing court involvement with her mother, Jane Girard, is having. When the court does not seem to either recognize her past trauma or protect her from further harm, the trauma that she has experienced is exacerbated. Grace is a mature, thoughtful young woman who has a solid sense of what she can manage in terms of both relationships and activities in her life, and what would be detrimental. I would recommend that the court take the time to understand and get to know Grace. I believe that if that were to occur, the court would see how capable Grace is of making sound decisions with good judgement on her own behalf at this point in her life. A logical conclusion would follow—that this court involvement needs to end. This would allow Grace to focus on age-appropriate activities and healing over the next year. This would also allow her to go off to college with time to address the overwhelming anxiety that years of court involvement have caused.

Respectfully Submitted

Marcy Safyer, PhD, LCSW